UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
DIONNY ESPINAL, on behalf of himself, individually,
and on behalf of all others similarly-situated,                                    **COMPLAINT**

                  Plaintiff,                                              **Docket No.:**

        -against-                                               <u>Jury Trial Demanded</u>

VICTOR'S CAFÉ 52nd STREET, INC., and
SONIA ZALDIVAR, individually, and CHRISTIAN
BETERE, individually,

              Defendants.
-----------------------------------------------------------------------X

      Plaintiff, DIONNY ESPINAL ("Plaintiff"), on behalf of himself, individually, and on

behalf of all others similarly-situated, (collectively, as "FLSA Plaintiffs" and/or "Rule 23

Plaintiffs"), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his

Complaint against VICTOR'S CAFÉ 52nd STREET, INC. ("Victor's Café"), and SONIA

ZALDIVAR ("Zaldivar"), individually, and CHRISTIAN BETERE ("Betere"), individually, (all,

collectively, as "Defendants"), alleges upon knowledge as to himself and his own actions and upon

information and belief as to all other matters as follows:

<u>**NATURE OF THE CASE**</u>

      1.    This is a civil action for damages and equitable relief based upon willful violations

that the Defendants committed of Plaintiff's rights guaranteed to him by: (i) the overtime

provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the minimum wage

provisions of the FLSA, 29 U.S.C. § 206(a); (iii) the overtime provisions of the New York Labor

Law ("NYLL"), NYLL § 160; N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12, § 142-2.2; (iv)

the minimum wage provisions of the NYLL, NYLL § 652(1); (v) the NYLL's requirement that

employers pay their employees an additional one hour's pay at the minimum wage rate if their employees' spread of hours exceeds ten in a workday, NYLL § 652; 12 NYCCRR § 142-2.4; (vi) the NYLL's requirement that employers furnish employees with wage statements containing specific categories of accurate information on each payday, NYLL § 195(3); (vii) the NYLL's requirement that employers furnish employees with a wage notice at hire containing specific categories of accurate information, NYLL § 195(1); and (viii) any other claim(s) that can be inferred from the facts set forth herein.

2.     Plaintiff worked for Defendants - - a restaurant, its owner, and its day-to-day supervising manager - - as a busser from May 12, 2014 until February 20, 2016. As described below, throughout the entirety of his employment, the Defendants willfully failed to pay Plaintiff the wages lawfully due to him under the FLSA and the NYLL. Specifically, for the entirety of his employment, the Defendants required Plaintiff to work, and Plaintiff did in fact work, in excess of forty hours for each week or virtually each week of his employment. Defendants, attempting to use a tip credit, purported to pay Plaintiff an hourly wage for all hours worked up to forty at the tipped-employee minimum wage rate and time and one-half that hourly wage for all hours worked per week over forty. However, Defendants: required Plaintiff to perform work off-the-clock at the start of his shift each day without any pay; paid Plaintiff at a rate below the minimum wage for all other hours that Plaintiff worked each week up to forty; and paid Plaintiff less than time and one-half the applicable minimum wage rate for all hours worked in excess of forty. Alternatively, if it is determined that Defendants could lawfully pay Plaintiff at a rate below the then-applicable minimum wage for his first forty hours of work, Defendants nevertheless still failed to pay Plaintiff overtime compensation for all hours over forty each week consistent with their obligations under

the NYLL, and/or the NYCCRR, and still failed to pay Plaintiff at the minimum wage for every hour worked under the FLSA, NYLL and NYCCRR.

3.      Furthermore, Defendants violated the NYLL by: failing to pay Plaintiff one hour's pay at the minimum wage rate for each day when Plaintiff worked in excess of ten hours; and failing to provide Plaintiff with accurate wage statements on each payday or with an accurate wage notice at the time of Plaintiff's hire.

4.      Defendants paid and treated all of their "busser" and "runner" wait staff employees in the same manner.

5.      Plaintiff brings this lawsuit against the Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of the Defendants' willful violations of the FLSA.

6.      Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable NYLL limitations period who suffered damages as a result of the Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

7.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*.  The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

8.      Venue is appropriate in this court pursuant to 28 U.S.C. § 1391(b)(1) and/or (b)(2), as one or more of the Defendants reside within this judicial district, and as a substantial part of the events or omissions giving rise to the claims for relief occurred in this judicial district.

## PARTIES

9.      At all relevant times herein, Plaintiff worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA, NYLL, and the NYCCRR.

10.     At all relevant times herein, Defendant Victor's Café was and is a restaurant located at 236 West 52nd Street, New York, New York 10019.

11.     At all relevant times herein, Defendant Zaldivar was and is the Chief Executive Officer of Victor's Café.

12.     At all relevant times herein, Defendant Betere was and is the general manager and the day-to-day overseer for Victor's Café.

13.     At all relevant times herein, Defendants were "employers" within the meaning of the FLSA and the NYLL.  Additionally, Defendant Victor's Café's qualifying annual business exceeds $500,000.00, and Defendants are engaged in interstate commerce within the meaning of the FLSA as they purchased and routinely work with and sell food products provided by outside vendors in the course of their business that originated in states other than New York.  Moreover, Defendants accepted payments in cash that naturally moved across state lines, and accepted credit cards as a form of payment based on cardholder agreements with out-of-state companies, the combination of which subjects Defendants to the FLSA's minimum wage and overtime requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

14.     Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation, unpaid minimum wages, and liquidated damages pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), on his own behalf, as well as on behalf of those in the following collective:

> Current and former "runner" and/or "busser" wait staff employees, or other similar wait staff positions, who during the applicable FLSA limitations period, performed any work at Victor's Café, and who consent to file a claim to recover damages for: (1) overtime compensation that is legally due to them; and/or (2) minimum wages that are legally due to them ("FLSA Plaintiffs").

15.     Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; (5) were not paid the required one and one-half times their respective regular rates of pay, or one and one-half times the minimum wage rate, if greater, for all hours worked per workweek in excess of forty; and (6) were not paid at least the statutory minimum wage rate for all hours worked.

16.     At all relevant times, Defendants are and have been aware of the requirements to pay Plaintiff and all FLSA Plaintiffs at an amount equal to the rate of one and one-half times their respective regular rates of pay, or one and one-half times the minimum wage rate, if greater, for all hours worked each workweek above forty, and of the requirement to pay Plaintiff and all FLSA Plaintiffs at least the statutory minimum wage rate for all hours worked, yet they purposefully and willfully chose and choose not to do so.

17.     Thus, all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek above forty, and/or at the statutorily-set minimum wage for all hours worked, in violation of the FLSA.

## RULE 23 CLASS ALLEGATIONS

18.     In addition, Plaintiff seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), individually, on his own behalf, as well as on behalf of those who are similarly situated who, during the applicable limitations period, were subjected to violations of the NYLL and the NYCCRR.

19.     Under FRCP 23(b)(3), Plaintiff must plead that:

a.      The class is so numerous that joinder is impracticable;

b.      There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

c.      Claims or defenses of the representative are typical of the class;

d.      The representative will fairly and adequately protect the class; and

e.      A class action is superior to other methods of adjudication.

20.     Plaintiff seeks certification of the following FRCP 23 class:

Current and former "runner" and/or "busser" wait staff employees, or other similar wait staff positions, who during the applicable NYLL limitations period, performed any at Victor's Café who: (1) did not receive compensation at the legally-required overtime wage rate of pay for each hour worked per week over forty hours; and/or (2) did not receive compensation at their regular rates of pay, or the legally-required minimum wage rate of pay for each hour worked, whichever was greater; and/or (3) did not receive an extra hour's pay at the minimum wage rate on days when the spread of hours for the day exceeded ten; and/or (4) were not provided with accurate wage statements on each payday pursuant to NYLL § 195(3); and/or (5) were not provided with an accurate wage notice at the time of hire pursuant to NYLL § 195(1).

<u>Numerosity</u>

21.     During the previous six years the Defendants have, in total, employed at least forty employees that are putative members of this class.

<u>Common Questions of Law and/or Fact</u>

22.     There are questions of law and fact common to each every Rule 23 Plaintiff that predominate over any questions solely affecting individual members of the FRCP 23 class, including but not limited to the following: (1) the duties that the Defendants required and require each Rule 23 Plaintiff to perform; (2) the manner of compensating each Rule 23 Plaintiff; (3) whether Rule 23 Plaintiffs worked in excess of forty hours per week; (4) whether the Defendants failed to pay Rule 23 Plaintiffs proper overtime compensation for all hours worked in excess of forty hours in a week; (5) whether the Defendants failed to pay Rule 23 Plaintiffs at their regular rates of pay, or at least at the minimum wage, whichever was greater, for all hours worked; (6) whether the Defendants failed to pay Rule 23 Plaintiffs an extra hour's pay at the minimum wage rate where their spread of hours for the day exceeded ten; (7) whether the Defendants furnished and furnish Rule 23 Plaintiffs with accurate wage statements on each payday containing the information required by N.Y. Lab. Law § 195(3); (8) whether the Defendants furnished Rule 23 Plaintiffs with an accurate wage notice at the time of hire containing the information required by NYLL § 195(1); (9) whether the Defendants kept and maintained accurate records of hours worked by Rule 23 Plaintiffs; (10) whether the Defendants kept and maintained records with respect to the compensation that they paid to the Rule 23 Plaintiffs for each hour worked; (11) whether the Defendants have any affirmative defenses to any of the Rule 23 Plaintiffs' claims; (12) whether the Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and supporting regulations; and (13) if so, what constitutes the proper measure of damages.

<u>Typicality of Claims and/or Defenses</u>

23.     As described in the "Background Facts" section below, the Defendants employed Plaintiff and Rule 23 Plaintiffs within the meaning of the NYLL.  Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom he seeks to represent, as the Rule 23 Plaintiffs: work and/or have worked at Victor's Café as hourly employees in New York; the Defendants did not pay them overtime pay for all hours worked in a week over forty and/or their regular rates or the minimum wage for all hours worked, whichever was greater; and/or the Defendants did not pay them an extra hour's pay at the minimum wage rate where their spread of hours for the day exceeded ten; and/or the Defendants did not provide them with accurate wage statements on each payday; and/or the Defendants did not provide them with an accurate wage notice at the time of hire.  Plaintiff and the Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL to receive overtime wages for all hours worked each week over forty hours, their regular rates or at least the minimum wage for all hours worked, an extra hour's pay at the minimum wage rate where their spread of hours for the day exceeded ten, and to be furnished with accurate wage statements on each payday and an accurate wage notice at the time of hire.  Plaintiff and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of the Defendants' failure to comply with the NYLL and supporting regulations.  Plaintiff and the Rule 23 Plaintiffs all have suffered injury including lack of compensation due to the Defendants' common policies, practices, and patterns of conduct.  Thus, Plaintiff's claims and/or Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and the Defendants' defenses to those claims.

<u>Adequacy</u>

24.     Plaintiff, as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout his employment with Defendants.  Defendants did not pay Plaintiff overtime

for all hours worked over forty hours in a week, did not pay Plaintiff either his regular rate or at least the proper minimum wage for all hours worked, whichever was greater, did not pay Plaintiff an extra hour's pay at the minimum wage rate where their spread of hours for the day exceeded ten, and did not furnish Plaintiff with accurate wage statements on each payday or with an accurate wage notice at the time of hire, which is substantially similar to how Defendants paid and treated the Rule 23 Plaintiffs.  Plaintiff fully anticipates providing discovery responses and testifying under oath as to all of the matters raised in this Complaint and that will be raised in Defendants' Answer.   Thus, Plaintiff would properly and adequately represent the current and former employees whom Defendants have subjected to the treatment alleged herein.

<u>Superiority</u>

25.    Plaintiff has no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class.  Indeed, at all relevant times herein, the Defendants treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

26.    Any lawsuit brought by any "runner" and/or "busser" wait staff employee, or other similar wait staff employees of the Defendants would be identical to a suit brought by any other similar employee for the same violations.  Thus, separate litigation would risk inconsistent results.

27.    Accordingly, this means of protecting Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

28.    Additionally, Plaintiff's counsel has substantial experience in this field of law.

## BACKGROUND FACTS

29.     Defendant Victor's Café is a restaurant located in Manhattan that is open to the public and that prepares and serves food to its customers.

30.     Defendant Zaldivar is the owner of Defendant Victor's Café, who in that capacity, along with Defendant Betere, controls the terms of employment of Defendant Victor's Café's employees and had the power to hire and fire the employees, supervise and control employee work schedules or conditions of employment, determine the rate and method of payment, and was responsible for maintaining employment records.

31.     Defendant Betere is the general manager and day-to-day overseer of Defendant Victor's Café, who in that capacity, along with Defendant Zaldivar, oversees its day-to-day operations and personally supervised and oversaw Plaintiff's and the other employees' day-to-day responsibilities and controlled the terms of employment of Defendant Victor's Café's employees, including Plaintiff.

32.     Plaintiff worked for Defendants as an hourly "busser" employee and member of Defendants' wait staff from on or around May 12, 2014 until February 20, 2016.

33.     Throughout his employment, Plaintiff's duties involved rolling napkins and silverware at the start of his shift, serving coffee and desserts to Defendants' patrons, and cleaning the Café's tables.

34.     At the start of each one of Plaintiff's shifts, Defendants required Plaintiff to spend anywhere from thirty minutes to an hour, working off-the-clock, rolling napkins and silverware in preparation for the day's patrons.  Defendants expressly forbade Plaintiff from clocking in while performing this work.

35.     Defendants paid Plaintiff nothing for his time spent working off-the-clock.

36.     Throughout his employment, Defendants required Plaintiff to work, and Plaintiff did work, between three and seven days per week, on Fridays, Saturdays, and Sundays, as well as occasionally on Mondays, Tuesdays, Wednesdays, and Thursdays.  The amount of hours that Plaintiff worked per week varied.

37.     For example, from approximately January through August of each year for the entirety of his employment, Defendants required Plaintiff to work between three and five days per week, from 3:00 p.m. until as early as 9:00 p.m. or as late as 12:30 a.m., without a scheduled or uninterrupted break.

38.     Thus, from January through August of each year, for the entirety of Plaintiff's employment, Defendants required Plaintiff to work, and Plaintiff did work, between eighteen and forty-seven and one-half hours each week.

39.     From approximately September through December of each year for the entirety of his employment, Defendants required Plaintiff to work between three and seven days per week, from 3:00 p.m. until as early as 9:00 p.m. or as late as 1:00 a.m., without a scheduled or uninterrupted break.

40.     Thus, from September through December of each year, for the entirety of Plaintiff's employment, Defendants required Plaintiff to work, and Plaintiff did work, between eighteen and seventy hours each week.

41.     From the commencement of Plaintiff's employment until December 31, 2015, for his pay, Defendants paid Plaintiff at the rate of $6.50 per hour for the first forty hours that Plaintiff worked each week, aside from the time that Plaintiff spent working off-the-clock at the start of his shift each day for which Defendants paid Plaintiff nothing, and similarly paid Plaintiff nothing for many of his hours worked in excess of forty.

42.     For example, during the week of December 21, 2015 through December 27, 2015, Defendants required Plaintiff to work, and Plaintiff did in fact work fifty-two hours.  During that same week, Defendants paid Plaintiff at the rate of $6.50 per hour for his first forty hours of work, aside from the time that Plaintiff spent working off-the-clock at the start of his shift each day for which Defendants paid Plaintiff nothing, and similarly paid Plaintiff nothing for many of his hours worked beyond Plaintiff's first forty hours.

43.     From January 1, 2016 until the end of Plaintiff's employment in February 2016, for his pay, Defendants paid Plaintiff at the rate of $7.50 per hour for the first forty hours that Plaintiff worked each week, aside from the time that Plaintiff spent working off-the-clock at the start of his shift each day for which Defendants paid Plaintiff nothing, and similarly continued to pay Plaintiff nothing for many of his hours worked in excess of forty.

44.     For example, during the week of January 11, 2016 through January 17, 2016, Defendants required Plaintiff to work, and Plaintiff did in fact work forty-five hours.  During that same week, Defendants paid Plaintiff at the rate of $7.50 per hour for his first forty hours of work, aside from the time that Plaintiff spent working off-the-clock at the start of his shift each day for which Defendants paid Plaintiff nothing, and also paid him nothing for many of his hours worked beyond Plaintiff's first forty hours.

45.     In the alternative, if it is determined that Defendants may lawfully pay Plaintiff an hourly wage below the applicable minimum wage rate, Defendants nevertheless still failed to pay Plaintiff at the correct rate for his hours worked over forty.

46.     For example, during the week from December 29, 2014 through January 4, 2015, defendants paid Plaintiff for forty-nine and one-quarter hours of work - - not including any time Plaintiff spent working off-the-clock.  Defendants paid Plaintiff $6.50 per hour for his first forty

hours of work on-the-clock, and $9.75 per hour for nine and one-quarter hours after his first forty on-the-clock.  If it is determined that Defendants lawfully reduced Plaintiff's hourly wages below the then-applicable minimum wage rate of $8.00 per hour to $6.50 per hour, Defendants should have paid Plaintiff at least $10.50 per hour for all hours worked over forty - - not $9.75 per hour as they did.

47.     Further, Defendants required Plaintiff to work over ten hours for most of his workdays while failing to pay him an additional hour's pay at the then-applicable minimum wage rate on every day where his spread-of-hours exceeded ten.

48.     For example, during the week of December 15, 2014 through December 21, 2014, Defendants required Plaintiff to work, and Plaintiff did in fact work over ten hours on four separate days.  Nonetheless, despite working over ten hours on each of those days, Defendants failed to pay Plaintiff an additional hour's pay at the then-applicable minimum wage rate of $8.00.

49.     In addition, on each occasion when Defendants did pay Plaintiff, Defendants failed to provide Plaintiff with a wage statement that accurately listed, *inter alia*: his actual hours worked for that week; the amount of tips that Plaintiff actually earned/received that week, if any; and/or his straight and overtime rates of pay for all hours worked.

50.     Defendants also did not provide Plaintiff with a wage notice at the time of his hire that accurately contained, *inter alia*, Plaintiff's rates of pay as designated by Defendants.

51.     Defendants treated Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs in the manner described above.

52.     Each hour that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs worked was for the Defendants' benefit.

53.     Defendants acted in the manner described herein so as to minimize their overhead while maximizing profits.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unpaid Overtime under the FLSA*

54.     Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

55.     29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rate of pay, or one and one-half times the minimum wage rate, if greater, for all hours worked exceeding forty in a workweek.

56.     As described above, Defendants are employers within the meaning of the FLSA while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

57.     As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours per week, yet Defendants failed to compensate Plaintiff and FLSA Plaintiffs in accordance with the FLSA's overtime provisions.

58.     Defendants willfully violated the FLSA.

59.     Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay, or one and one-half times the minimum wage rate, if greater.

60.     Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violation of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Failure to Pay Minimum Wage in Violation of the FLSA*

61.     Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

62.     29 U.S.C. § 206(a) prescribes a minimum wage that employers must pay to their employees for each hour worked.

63.     As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

64.     As also described above, Defendants did not compensate Plaintiff and FLSA Plaintiffs at the minimum hourly rate required by the FLSA for all hours worked.

65.     Defendants willfully violated the FLSA.

66.     At the least, Plaintiff and FLSA Plaintiffs are entitled to payment at the minimum wage for every hour that they worked for Defendants pursuant to the FLSA's minimum wage provisions.

67.     Plaintiff and FLSA Plaintiffs are entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's minimum wage provisions.

## THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unpaid Overtime under the NYLL and the NYCCRR*

68.     Plaintiff and Rule 23 Plaintiffs repeat, reiterate and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

69.     N.Y. Lab. Law § 160 and 12 NYCCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay, or one and one-half times the minimum wage rate, if greater, for any hours worked exceeding forty in a workweek.

70.     As described above, Defendants are employers within the meaning of the NYLL and the NYCCRR, while Plaintiff and Rule 23 Plaintiffs are employees within the meaning of the NYLL and the NYCCRR.

71.     As also described above, Plaintiff and Rule 23 Plaintiffs worked in excess of forty hours in a workweek, yet the Defendants failed to compensate them in accordance with the NYLL's and the NYCCRR's overtime provisions.

72.     In the alternative, if it is determined that Defendants may lawfully pay Plaintiffs at a rate below the statutory minimum wage rate for their first forty hours of work, Defendants still failed to compensate Plaintiffs for their overtime hours exceeding forty in accordance with 12 NYCCRR § 146-1.4.

73.     Plaintiff and Rule 23 Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their regular rate of pay, or one and one-half times the minimum wage rate, if greater.

74.     Plaintiff and Rule 23 Plaintiffs are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and NYCCRR's overtime provisions.

## FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Failure to Pay Minimum Wage in Violation of the NYLL*

75.     Plaintiff and Rule 23 Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

76.     N.Y. Lab. Law § 652(1) prescribes a minimum wage that employers must pay to their employees for each hour worked.

77.     As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff and Rule 23 Plaintiffs are employees within the meaning of the NYLL.

78.     As also described above, Defendants did not compensate Plaintiff or Rule 23 Plaintiffs at the minimum hourly rate required by the NYLL for all hours worked.

79.     At the least, Plaintiff and Rule 23 Plaintiffs are entitled to payment at the minimum wage for every hour worked for Defendants pursuant to the NYLL's minimum wage provisions.

80.     Plaintiff and Rule 23 Plaintiffs are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's minimum wage provisions.

### FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Violation of the NYLL's and the NYCCRR's Spread of Hours Requirement*

81.     Plaintiff and Rule 23 Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

82.     N.Y. Lab. Law § 652 and 12 NYCCRR § 142-2.5 provide that an employee shall receive one hour's pay at the minimum hourly wage rate for any day worked in which the spread of hours exceeds ten hours.

83.     As described above, Defendants are employers within the meaning of the NYLL and NYCCRR, while Plaintiff and Rule 23 Plaintiffs are employees within the meaning of the NYLL and NYCCRR.

84.     As also described above, Defendants failed to provide Plaintiff and Rule 23 Plaintiffs with spread of hours pay on each day when their spread of hours exceeded ten for a particular workday.

85.     Plaintiff and Rule 23 Plaintiffs are entitled to this extra hour of pay, at the minimum wage rate, for all days worked in excess of ten hours.

86.     Plaintiff and Rule 23 Plaintiffs are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' failure to pay the required spread of hours pay.

## SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Failure to Furnish Proper Wage Statements in Violation of the NYLL*

87.     Plaintiff and Rule 23 Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

88.     N.Y. Lab. Law § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

89.     As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff and Rule 23 Plaintiffs are employees within the meaning of the NYLL and the NYCCRR.

90.     As also described above, Defendants, on each payday, failed to furnish Plaintiff and Rule 23 Plaintiffs with accurate wage statements containing the criteria required under the NYLL.

91.     Prior to February 27, 2015, pursuant to N.Y. Lab. Law § 198(1-d), Defendants are liable to Plaintiff and Rule 23 Plaintiffs in the amount of $100.00 for each workweek that the violations occurred, up to a statutory cap of $2,500.00.

92.     On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff and Rule 23 Plaintiffs in the amount of $250.00 for each workday that the violations occurred, up to a statutory cap of $5,000.00.

## SEVENTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Failure to Furnish Proper Wage Notices in Violation of the NYLL*

93.     Plaintiff and Rule 23 Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

94.     N.Y. Lab. Law § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria.

95.     As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff and Rule 23 Plaintiffs are employees within the meaning of the NYLL.

96.     As also described above, Defendants failed to furnish Plaintiff and Rule 23 Plaintiffs with accurate wage notices at hire containing all of the criteria required under the NYLL.

97.     Prior to February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff and Rule 23 Plaintiffs in the amount of $50.00 for each workweek after the violations initially occurred, up to a statutory cap of $2,500.00.

98.     On or after February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff and Rule 23 Plaintiffs in the amount of $50.00 for each workday after the violations initially occurred, up to a statutory cap of $5,000.00.

## DEMAND FOR A JURY TRIAL

99.     Pursuant to FRCP 38(b), Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendants as follows:

a.      A judgment declaring that the practices complained of herein are unlawful and in violation of the aforementioned United States and New York State laws;

b.      Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c.      An order restraining Defendants from any retaliation against Plaintiff, FLSA Plaintiffs, and/or Rule 23 Plaintiffs for participation in any form in this litigation;

d.      Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e.      Certification of the claims brought in this case under the NYLL as a class action pursuant to FRCP 23;

f.      All damages that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of the Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs would have received but for Defendants' unlawful payment practices;

g.      Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

h.      Designation of Plaintiff and his counsel as class/collective action representatives under the FRCP and the FLSA;

i.      Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees and other costs, and an award of a service payment to Plaintiff;

j.      Pre-judgment and post-judgment interest, as provided by law; and

k.      Granting Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs other and further relief

as this Court finds necessary and proper.

Dated:  New York, New York
        October 14, 2016

                                Respectfully submitted,

                                BORRELLI & ASSOCIATES, P.L.L.C.
                                *Attorneys for Plaintiff*
                                655 Third Avenue, Suite 1821
                                New York, New York 10017
                                Tel.    (212) 679-5000
                                Fax.    (212) 679-5005

                        By:     _____
                                MICHAEL R. MINKOFF (MM 4787)
                                ALEXANDER T. COLEMAN (AC 1717)
                                MICHAEL J. BORRELLI (MB 8533)