UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **DIONNY ESPINAL, on behalf of himself, individually, and on behalf of all others similarly-situated,**<br><br>Plaintiff,<br><br>-against-<br><br>**VICTOR'S CAFÉ 52ND STREET, INC., and SONIA ZALDIVAR, individually, and CHRISTIAN BETERE, individually,**<br><br>Defendants. | Civil Action No. 1:16-cv-08057<br>(DCF)(VEC)<br><br><br>**ANSWER** |

Defendants Victor's Café 52nd Street, Inc., ("Victor's Café" or "Company") and Sonia Zaldivar ("Zaldivar"), and Christian Cardenas ("Cardenas"), improperly named as Christian Betere, individually, (all, collectively, as "Defendants"), by their attorneys answer the Complaint herein as follows:

## NATURE OF THE CASE

1. Defendants admit that the Complaint purports to assert claims under the Fair Labor Standards Act ("FLSA") New York Labor Law ("NYLL"), and New York Codes Rules and Regulations ("NYCRR"), and that Plaintiff seeks certain relief in this action on behalf of himself and certain employees who have not yet been identified. Defendants deny that there is any legal or factual basis for Plaintiff's claims or that he is entitled to any of the relief requested in the Complaint.

2. Defendants deny the allegations contained in Paragraph 2 of the Complaint,

except admit that Plaintiff worked for the Company as a busser from May 2014 until February 2016.

3. Defendants deny the allegations contained in Paragraph 3 of the Complaint.

4. Defendants deny the allegations contained in Paragraph 4 of the Complaint that the Company improperly paid and treated its employees.

5. Defendants deny all allegations contained in Paragraph 5 of the Complaint, except admit that Plaintiff purports to bring suit pursuant to the FLSA.

6. Defendants deny all allegations contained in Paragraph 6 of the Complaint, except admit that Plaintiff purports to bring this lawsuit as a class action.

## JURISDICTION AND VENUE

7. Paragraph 7 of the Complaint asserts legal conclusions to which no response is required. To the extent that a response is required, Defendants admit that Plaintiff purports to invoke this Court's jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

8. Paragraph 8 of the Complaint asserts legal conclusions to which no response is required. To the extent that a response is required, Defendants admit that Plaintiff purports to show that venue is appropriate pursuant to 28 U.S.C. §§ 1391(b)(1) and/or (b)(2).

## PARTIES

9. Paragraph 9 of the Complaint asserts legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 9 of the Complaint except Defendants admit Plaintiff worked for the Company in New

2

York.

10. Defendants admit the allegations contained in Paragraph 10 of the Complaint.

11. Defendants deny the allegations contained in Paragraph 11 of the Complaint.

12. Defendants deny the allegations contained in Paragraph 12 of the Complaint.

13. Paragraph 13 of the Complaint asserts legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 13 of the Complaint except admit that the Company's annual revenue exceeds $500,000 and that the Company accepts cash payments and credit cards as forms of payment.

## COLLECTIVE ACTION ALLEGATIONS

14. Defendants deny the allegations contained in Paragraph 14 of the Complaint and deny that this action can be maintained as a collective action pursuant to the FLSA, except admit that Plaintiff purports to bring suit under the FLSA, 29 U.S.C. § 216(b) on behalf of himself and a collective.

15. Defendants deny the allegations contained in Paragraph 15 of the Complaint.

16. Paragraph 16 of the Complaint asserts legal conclusions to which no response is required. To the extent that a response in required Defendants deny the allegations in Paragraph 16 of the Complaint.

17. Defendants deny the allegations contained in Paragraph 17 of the Complaint.

## RULE 23 CLASS ALLEGATIONS

18. Paragraph 18 of the Complaint asserts legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 18 and deny that this action can be maintained as a class action, except admit that Plaintiff purports to seek to maintain the action as a class action pursuant to FRCP 23(b)(3).

19. Paragraph 19 of the Complaint asserts legal conclusions to which no response is required. To the extent that a response is required, Defendants deny that there is any legal or factual basis for Plaintiff's claims.

20. Defendants deny that there is any legal or factual basis for Plaintiff's claims in Paragraph 20 of the Complaint.

21. Defendants deny the propriety of maintaining this action as a class action and, therefore, deny the allegations contained in Paragraph 21 of the Complaint.

22. Paragraph 22 of the Complaint asserts legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23. Paragraph 23 of the Complaint asserts legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24. Paragraph 24 of the Complaint asserts legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in

Paragraph 24 of the Complaint.

25. Paragraph 25 of the Complaint asserts legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26. Defendants deny the allegations contained in Paragraph 26 of the Complaint.

27. Paragraph 27 of the Complaint asserts legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint.

## BACKGROUND FACTS

29. The Company admits the allegations contained in Paragraph 29 of the Complaint.

30. Defendants deny the allegations contained in Paragraph 30 of the Complaint.

31. Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in Paragraph 32 of the Complaint, except admits that Plaintiff worked for the Company as a busser from May 2014 to February 2016.

33. Defendants deny the allegations contained in Paragraph 33 of the Complaint, except the Company admits that Plaintiff did, at times during his employment, fold napkins,

polish silverware, and clean tables at Victor's Café.

34. Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35. Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36. Defendants deny the allegations contained in Paragraph 36 of the Complaint, except the Company admits that the hours worked by Plaintiff varied from week to week.

37. Defendants deny the allegations contained in Paragraph 37 of the Complaint.

38. Defendants deny the allegations contained in Paragraph 38 of the Complaint, except the Company admits that the hours worked by Plaintiff varied from week to week.

39. Defendants deny the allegations contained in Paragraph 39 of the Complaint.

40. Defendants deny the allegations contained in Paragraph 40 of the Complaint, except the Company admits that the hours worked by Plaintiff varied from week to week.

41. Defendants deny the allegations contained in Paragraph 41 of the Complaint, except admit that the Company paid Plaintiff a wage of $6.50 per hour for the first forty hours of work each week from commencement of Plaintiff's employment until December 31, 2015.

42. Defendants deny the allegations contained in Paragraph 42 of the Complaint.

43. Defendants deny the allegations contained in Paragraph 43 of the Complaint, except admit that the Company paid Plaintiff a wage of $7.50 per hour for the first forty hours of work each week from January 1, 2016 to the end of Plaintiff's employment.

44. Defendants deny the allegations contained in Paragraph 44 of the Complaint,

except admit that the Company paid Plaintiff a wage of $7.50 per hour for the week of January 11, 2016 through January 17, 2016.

45. Defendants deny the allegations contained in Paragraph 45 of the Complaint.

46. Defendants deny the allegations contained in Paragraph 46 of the Complaint.

47. Defendants deny the allegations contained in Paragraph 47 of the Complaint.

48. Defendants deny the allegations contained in Paragraph 48 of the Complaint.

49. Defendants deny the allegations contained in Paragraph 49 of the Complaint.

50. Defendants deny the allegations contained in Paragraph 50 of the Complaint.

51. Defendants deny the allegations contained in Paragraph 51 of the Complaint.

52. Paragraph 52 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 52 of the Complaint.

53. Defendants deny the allegations contained in Paragraph 53 of the Complaint.

### FIRST CLAIM AGAINST DEFENDANTS

54. Defendants reassert and re-allege here Paragraphs 1 through 53 of this Answer as if set forth in full.

55. Paragraph 55 of the Complaint asserts legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in

Paragraph 55 of the Complaint.

56. Paragraph 56 of the Complaint asserts legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 56 of the Complaint.

57. Defendants deny the allegations contained in Paragraph 57 of the Complaint.

58. Defendants deny the allegations contained in Paragraph 58 of the Complaint.

59. Paragraph 59 of the Complaint asserts legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 59 of the Complaint.

60. Defendants deny the allegations contained in Paragraph 60 of the Complaint.

**SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS**

61. Defendants reassert and re-allege here Paragraphs 1 though 60 of this Answer as if set forth in full.

62. Paragraph 62 of the Complaint asserts legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 62 of the Complaint.

63. Paragraph 63 of the Complaint asserts legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 63 of the Complaint.

64. Defendants deny the allegations contained in Paragraph 64 of the Complaint.

65. Defendants deny the allegations contained in Paragraph 65 of the Complaint.

66. Paragraph 66 of the Complaint asserts legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 66 of the Complaint.

67. Defendants deny the allegations contained in Paragraph 67 of the Complaint.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS

68. Defendants reassert and re-allege here Paragraphs 1 though 67 of this Answer as if set forth in full.

69. Paragraph 69 of the Complaint asserts legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 69 of the Complaint.

70. Paragraph 70 of the Complaint asserts legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 70 of the Complaint.

71. Defendants deny the allegations contained in Paragraph 71 of the Complaint.

72. Defendants deny the allegations contained in Paragraph 72 of the Complaint.

73. Paragraph 73 of the Complaint asserts legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in

Paragraph 73 of the Complaint.

74. Defendants deny the allegations contained in Paragraph 74 of the Complaint.

## FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS

75. Defendants reassert and re-allege here Paragraphs 1 though 74 of this Answer as if set forth in full.

76. Paragraph 76 of the Complaint asserts legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 76 of the Complaint.

77. Paragraph 77 of the Complaint asserts legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 77 of the Complaint.

78. Defendants deny the allegations contained in Paragraph 78 of the Complaint.

79. Paragraph 79 of the Complaint asserts legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 79 of the Complaint.

80. Defendants deny the allegations contained in Paragraph 80 of the Complaint.

## FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS

81. Defendants reassert and re-allege here Paragraphs 1 though 80 of this Answer as if set forth in full.

82. Paragraph 82 of the Complaint asserts legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 82 of the Complaint.

83. Paragraph 83 of the Complaint asserts legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 83 of the Complaint.

84. Defendants deny the allegations contained in Paragraph 84 of the Complaint.

85. Defendants deny the allegations contained in Paragraph 85 of the Complaint.

86. Defendants deny the allegations contained in Paragraph 86 of the Complaint.

### SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS

87. Defendants repeat and re-allege here Paragraphs 1 though 86 of this Answer as if set forth in full.

88. Paragraph 88 of the Complaint asserts legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 88 of the Complaint.

89. Paragraph 89 of the Complaint asserts legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 89 of the Complaint.

90. Defendants deny the allegations contained in Paragraph 90 of the Complaint.

91. Defendants deny the allegations contained in Paragraph 91 of the Complaint.

92. Defendants deny the allegations contained in Paragraph 92 of the Complaint.

## SEVENTH CLAIM FOR RELIEF AGAINST DEFENDANTS

93. Defendants reassert and re-allege here Paragraphs 1 though 92 of this Answer as if set forth in full.

94. Paragraph 94 of the Complaint asserts legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 94 of the Complaint.

95. Paragraph 95 of the Complaint asserts legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 95 of the Complaint.

96. Defendants deny the allegations contained in Paragraph 96 of the Complaint.

97. Defendants deny the allegations contained in Paragraph 97 of the Complaint.

98. Defendants deny the allegations contained in Paragraph 98 of the Complaint.

## DEMAND FOR A JURY TRIAL

99. Paragraph 99 of the Complaint asserts legal conclusions to which no response is required, except that Defendants admit that Plaintiff purports to demand a trial by jury pursuant to FRCP 38(b).

## PRAYER FOR RELIEF

Defendants further deny that Plaintiff is entitled to any of the relief requested in the Wherefore clauses that immediately follow paragraph 99 of the Complaint, including, but not limited to, subparagraphs (a) through (k).

## AFFIRMATIVE DEFENSES

As and for their affirmative defenses, Defendants assert the following affirmative and other defenses without assuming any burden of production or proof that they would not otherwise have. Defendants' affirmative and other defenses are each asserted with respect to the claims of the individual Plaintiff, and also asserted with respect to the Rule 23 class claims and the FLSA collective action claims, including those whose claims are moot and/or settled. Defendants expressly reserve their right to assert additional defenses as such may be appropriate based upon discovery herein.

## FIRST DEFENSE

Plaintiff fails to state claims upon which relief may be granted, either on his own behalf or on behalf of those persons he purports to represent, or to whom he is purportedly similarly situated.

## SECOND DEFENSE

This case may not be maintained as a collective action because the named Plaintiff is not similarly situated to persons whom he purports to represent, and he and/or his counsel are not adequate representatives for such persons, such that Plaintiff cannot satisfy the requirements of 29 § U.S.C. 216(b). Defendants specifically maintain that Plaintiff's Complaint fails to meet the

requirements necessary to justify a collective action or issuance of notice pursuant to 29 U.S.C. § 16(b).

### THIRD DEFENSE

This action is not a proper Rule 23 class action under New York law.

### FOURTH DEFENSE

This action cannot be maintained as a Rule 23 class action as Plaintiff fail to meet the requirements of section 901 of the New York CPLR.

### FIFTH DEFENSE

Some or all of Plaintiff's and/or the putative class members' claims are barred in whole or in part by the applicable statute of limitations.

### SIXTH DEFENSE

Defendants at all times, and in all manners, acted in accordance with any and all duties and obligations under the FLSA or corresponding state laws or regulations.

### SEVENTH DEFENSE

Subject to proof through discovery, some or all of the claims asserted by Plaintiff and/or the putative class members, are barred in whole or in part by the doctrine of after-acquired evidence and/or unclean hands.

### EIGHTH DEFENSE

Subject to proof through discovery, some or all of Plaintiff's and or/the putative class members' claims are barred in whole or in part by the doctrine of estoppel, quasi-estoppel, and/or equitable estoppel.

### NINTH DEFENSE

Subject to proof through discovery, some or all of Plaintiff's and/or putative class members' claims are barred by the doctrine of laches, avoidable consequences, and/or waiver.

### TENTH DEFENSE

Plaintiff's and/or the putative class members' claims are barred, in whole or in part, because Defendants exercised reasonable care to prevent, investigate, and promptly correct any violations of law or their payroll policies, and Plaintiff and/or the putative class members unreasonably failed to avail themselves of these preventative and corrective opportunities or otherwise to avoid harm.

### ELEVENTH DEFENSE

Subject to proof through discovery, some or all of the putative class or collective members may be exempt from overtime pay as executive, administrative, or professional employees, or otherwise, under the FLSA or state laws or regulations.

### TWELFTH DEFENSE

Defendants state, in the alternative if necessary, that if, in fact, they have failed to pay any non-exempt employee for work in excess of 40 hours in a workweek, the uncompensated time is *de minimis* and therefore, not recoverable.

### THIRTEENTH DEFENSE

To the extent that Defendants engaged in any acts or omissions found to be in violation of the FLSA, and/or any state law, such acts or omissions were not willful, such that the statute of limitations can be no longer than two years pursuant to 29 U.S.C. § 255(a), or corresponding statute of limitations under state law.

### FOURTEENTH DEFENSE

Defendants state, in the alternative if necessary, that their actions with respect to Plaintiff and any similarly situated workers, and/or putative class members, were taken in good faith with reasonable grounds to believe such conduct comported with the FLSA or interpretations of the FLSA pursuant to 29 U.S.C. § 260, or corresponding state laws or regulations.

### FIFTEENTH DEFENSE

Defendants state, in the alternative if necessary, that their actions with respect to Plaintiff and any similarly situated workers, and/or putative class members were taken in good faith in conformity with and in reliance on a written administrative regulation, order, ruling, approval, interpretation, and/or administrative practice or policy pursuant to 29 U.S.C. § 259 or corresponding state law or regulations.

### SIXTEENTH DEFENSE

Some or all of the activities for which the Plaintiff or any opt-in Plaintiffs seek overtime compensation under the FLSA or state laws were not an integral and indispensable part of the principal activities of their employment and therefore were not compensable.

### SEVENTEENTH DEFENSE

Plaintiff and/or putative class members have received full payment for all work performed, thereby barring Plaintiff's claims and/or purported class members' claims.

### EIGHTEENTH DEFENSE

To the extent that Plaintiff or any other similarly situated workers, and/or putative class members are deemed to be entitled to any relief, Defendants are entitled to an offset based on the

paid meal period and/or paid break time during which the Plaintiffs or any other similarly situated workers, and/or putative class members performed no work.

### NINETEENTH DEFENSE

Subject to proof through discovery, and without admitting any wrongful conduct by Defendants, and which is specifically denied, Plaintiff and/or the putative class members have failed to mitigate their damages.

### TWENTIETH DEFENSE

Subject to proof through discovery some or all of the claims purported to be brought in this action are barred by the doctrine of accord and satisfaction.

### TWENTY-FIRST DEFENSE

Plaintiff's claims and those of the putative collective members are barred, in whole or in part, by the doctrines of payment and release.

### TWENTY-SECOND DEFENSE

Plaintiff's claims are barred because Plaintiff and the individuals he seeks to represent consented to, acquiesced in, and/or ratified, through express or implied agreement, the alleged conduct of which they now complain.

### TWENTY-THIRD DEFENSE

Plaintiff and the members of the putative collective action are not entitled to any penalty or award to the extent that the penalty provisions of the applicable statutes invoked establish penalties that are unjust, arbitrary, oppressive, confiscatory, and are disproportionate to any

damage or loss incurred as a result of Defendants' conduct, and are in violation of the Due Process clause of the Fifth Amendment to the United States Constitution.

### TWENTY-FOURTH DEFENSE

The penalties claimed by Plaintiff in this case are excessive and thus violate Defendants' rights under the state and federal Constitutions, including, but not limited to, the Fifth, Eighth, and Fourteenth amendments to the United States Constitution.

### TWENTY-FIFTH DEFENSE

Part or all of any time Plaintiff alleges should be paid to him, and the group of persons Plaintiff purports to represent, is preliminary or postliminary time under the Portal-to-Portal Act, 29 U.S.C. § 254(a), or other state laws, and therefore, not compensable.

### TWENTY-SIXTH DEFENSE

Any injuries alleged in the Complaint were caused in whole or in part by Plaintiff's culpable or negligent conduct.

### TWENTY-SEVENTH DEFENSE

Any claim for liquidated damages pursuant to the New York Labor Law is barred and prohibited by CPLR 901(b).

### TWENTY-EIGHTH DEFENSE

Sonia Zaldivar and/or Christian Cardenas, improperly named as Christian Betere, were not Plaintiff's employer, were not part of a "Joint Enterprise" as defined by the FLSA, and are not proper Defendants in this action.

## **RESERVATION OF RIGHTS**

Defendants reserve their rights to seek leave to amend their Answer and/or raise additional defenses as may be discovered during the course of this litigation, or pursue any available counterclaims against any Named Plaintiffs or opt-in Plaintiff based on facts learned during this litigation.

WHEREFORE, Defendants Victor's Café 52nd Street, Inc., and Sonia Zaldivar and Christian Cardenas, as individuals, demands judgment in their favor and against Plaintiff, dismissing the Complaint with prejudice, together with costs, attorneys' fees and such other relief as the Court may deem appropriate.

Dated: December 27, 2016

          Respectfully submitted,

          GREENBERG TRAURIG LLP

          /s/ Jonathan L. Sulds

          By:    Jonathan L. Sulds
                  Greenberg Traurig, LLP
                  MetLife Building
                  200 Park Avenue, Fl. 34
                  New York, New York 10166
                  Tel: 212.801.9200
                  Fax: 212.801.6400
                  suldsj@gtlaw.com

          Attorney for Defendants
          *Victor's Café 52nd Street, Inc., and Sonia Zaldivar, and Christian Cardenas, as individuals*