UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DIONNY ESPINAL, on behalf of himself, individually, and on behalf of all others similarly-situated, | |
| Plaintiff, | **Docket No.:** |
| | **1:16-cv-8057-VEC** |
| -against- | |
| VICTOR'S CAFÉ 52nd STREET, INC., and SONIA ZALDIVAR, individually, and CHRISTIAN BETERE, individually, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR
CONDITIONAL CERTIFICATION AND NOTICE PURSUANT TO 29 U.S.C. § 216(b)**

Michael R. Minkoff, Esq.
Alexander T. Coleman, Esq.
Michael J. Borrelli, Esq.
BORRELLI & ASSOCIATES, P.L.L.C.
*Attorneys for Plaintiffs*
655 Third Avenue, Suite 1821
New York, New York 10017
(212) 649-5000

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ......................................................................................... ii

PRELIMINARY STATEMENT ................................................................................... 1

PROCEDURAL HISTORY AND PERTINENT FACTS ........................................... 1

    I.    Relevant Procedural History ........................................................................ 1

    II.    Statement of Facts ....................................................................................... 2

ARGUMENT ................................................................................................................ 5

    I.    The Remedial Purposes of the FLSA Warrant Prompt and Accurate Notice to
        Potential Collective Action Members. ................................................................ 5

    II.    Espinal Has More Than Satisfied the Lenient Standards for Conditional
        Certification and Sending Notice to the Potential Collective Action Members. .... 7

    III.    The Court Should Order that Notice and a Reminder Notice Be Sent to Potential
        Collective Action Members and Order Defendants to Produce Complete Contact
        Information for Non-Managerial Wait Staff Employees. .................................... 12

          A.    *The Court should order the notice period to date back to six years before
             the filing of the Complaint.* ...................................................................... 12

          B.    *The Court should order Defendants to produce potential collective
             members' contact information.* ................................................................. 14

          C.    *The Court should permit Plaintiff to send a Notice and a Reminder Notice
             via mail, email, and text message.* .......................................................... 15

          D.    *The Court should permit Plaintiff to distribute the Notices to putative
             members in both English and Spanish.* .................................................... 18

    IV.    The Court Should Order that Defendants Post Notices In the Workplace. .......... 18

    V.    The Court Should Order Equitable Tolling of the FLSA Statute of Limitations.. 19

CONCLUSION .......................................................................................................... 20

## **TABLE OF AUTHORITIES**

**Cases**                                                                                           **Page(s)**

Avila v. Northport Car Wash, Inc.,
  774 F. Supp. 2d 450 (E.D.N.Y. 2011) ................................................................... 13

Batres v. Valente Landscaping, Inc.,
  2014 WL 2111080 (E.D.N.Y. May 21, 2014) ........................................................ 18

Bhumithanarn v. 22 Noodle Market Corp.,
  2015 WL 4240985 (S.D.N.Y., July 13, 2015) ....................................................... 17

Bijoux v. Amerigroup New York, LLC,
  2015 WL 4505835 (E.D.N.Y. July 23, 2015) ........................................................ 15

Bowens v. Atl. Maint. Corp.,
  546 F. Supp. 2d 55 (E.D.N.Y. 2008) ..................................................................... 8

Braunstein v. E. Photographic Labs., Inc.,
  600 F.2d 335 (2d Cir. 1978) ........................................................................ 5, 6, 18

Cabrera v. 211 Garage Corp.,
  2008 WL 3927457 (S.D.N.Y. Aug. 22, 2008) ........................................................ 8

Chamorro v. Bahman Ghermezian,
  No. 12–cv–8159 (TPG) (S.D.N.Y. Feb. 25, 2013) ............................................... 17

Cherif  v. Sameday Delivery Corp.,
  2015 WL 5772012 (E.D.N.Y. Sept. 30, 2015) ...................................................... 17

Chhab v. Darden Rest., Inc.,
  2013 WL 5308004 (S.D.N.Y. Sept. 30, 2013) ................................................ 13, 16

Cunningham v. Elec. Data Sys. Corp.,
  754 F. Supp. 2d 638 (S.D.N.Y. 2010) ................................................................ 8, 9

Cuzco v. Orion Builders, Inc.,
  477 F. Supp. 2d 628 (S.D.N.Y. 2007) .............................................................. 11, 18

Delaney v. Geisha NYC, LLC,
  261 F.R.D. 55 (S.D.N.Y. 2009) ............................................................................ 10

Doucoure v. Matlyn Food, Inc.,
  554 F. Supp. 2d 369 (E.D.N.Y. 2008) .................................................................. 10

Enriquez v. Cherry Hill Market Corp.,
  2012 WL 440691 (E.D.N.Y. Feb. 10, 2010) ........................................................ 10

Fa Ting Wang v. Empire State Auto Corp.,
  2015 WL 4603117 (E.D.N.Y. July 29, 2015)..................................................... 14

Fasanelli v. Heartland Brewery, Inc.,
  516 F. Supp. 317 (S.D.N.Y. 2007) ................................................................. 6, 9, 14

Fonseca v. Dircksen & Talleyrand, Inc.,
  2014 WL 1487279 (S.D.N.Y. Apr. 11, 2014) ......................................................... 12

Gjurovich v. Emmanuel's Marketplace, Inc.,
  282 F. Supp. 2d 101 (S.D.N.Y. 2003) ................................................................... 8

Glatt v. Fox Searchlight Pictures Inc.,
  2013 WL 4834428 (S.D.N.Y. Aug. 26, 2013)........................................................ 19

Gonzalez v. Scalinatella, Inc.,
  2013 WL 6171311 (S.D.N.Y. Nov. 25, 2013)........................................................ 12

Gortat v. Capala Bros., Inc.,
  2010 WL 1423018 (E.D.N.Y. Apr. 9, 2010) ............................................................ 9

Guaman v. 5 "M" Corp.,
  2013 WL 5745905 (S.D.N.Y. Oct. 23, 2013)........................................................ 12

Hamadou v. Hess Corp.,
  915 F. Supp. 2d 651 (S.D.N.Y. 2013) ................................................................... 6

Harhash v. Infinity W. Shoes, Inc.,
  2011 WL 4001072 (S.D.N.Y. Aug. 24, 2011)........................................................ 18

Harrington v. Educ. Mgmt. Corp.,
  2002 WL 1009463 (S.D.N.Y. May 17, 2002) ........................................................ 11

Hart v. Crab Addison,
  2015 WL 365785 (W.D.N.Y. Jan. 27, 2015)......................................................... 19

Hernandez v. Bare Burger Dio, Inc.,
  2013 WL 3199292 (S.D.N.Y. June 25, 2013) ....................................................... 15

Hernandez v. Merrill Lynch & Co., Inc.,
  2012 WL 1193836 (S.D.N.Y. Apr. 6, 2012) ......................................................... 15

Hoffmann v. Sbarro Inc.,
  982 F. Supp. 249 (S.D.N.Y. 1997) ............................................................... 5, 6, 7, 8

Hoffmann-LaRoche, Inc. v. Sperling,
  493 U.S. 165 (1989) ................................................................................... 6, 12

In re Penthouse,
   2010 WL 4340255 (S.D.N.Y. Oct. 27, 2010)................................................................... 10

Iriarte v. Café 71, Inc.,
   2015 WL 8900875 (S.D.N.Y. Dec. 11, 2015) ................................................................. 18

Jackson v. Bloomberg, L.P.,
   298 F.R.D. 152 (S.D.N.Y. 2014).......................................................................... 6, 17, 19, 20

Juarez v. 449 Rest., Inc.,
   29 F. Supp. 3d 363 (S.D.N.Y. 2014) ................................................................... 6, 7, 9, 10

Kassman v. KPMG LLP,
   2014 WL 3298884 (S.D.N.Y. July 8, 2014).................................................................... 8

Kemper v. Westbury Operating Corp.,
   2012 WL 4976122 (E.D.N.Y. Oct. 17, 2012) ................................................................ 19

Kim Man Fan v. Ping's on Mott, Inc.,
   2014 WL 1512034 (S.D.N.Y. Apr. 14, 2014) ................................................................ 19

Klimchak v. Cardona, Inc.,
   2011 WL 1120463 (E.D.N.Y. Mar. 24, 2011)............................................................. 9, 13

Lee v. ABC Carpet & Home,
   236 F.R.D. 193 (S.D.N.Y. 2006)................................................................................. 20

LeGrand v. Educ. Mgmt. Corp.,
   2004 WL 1962076 (S.D.N.Y. Sept. 2, 2004) ............................................................... 11

Limarvin v. Edo Rest. Corp.,
   2013 WL 371571 (S.D.N.Y. Jan. 21, 2013) ................................................................. 16

Lopez v. JVA Indus., Inc.,
   2015 WL 5052575 (S.D.N.Y. Aug. 27, 2015)............................................................... 15

Lynch v. United Servs. Auto. Ass'n,
   491 F. Supp. 2d 357 (S.D.N.Y. 2007) ...................................................................... 5, 6, 7

Maldonado v. Arcadia Bus. Corp.,
   2015 WL 1914933 (E.D.N.Y. Apr. 27, 2015) ........................................................... 15, 17

Malloy v. Richard Fleischman & Assocs. Inc.,
   2009 WL 1585979 (S.D.N.Y. June 3, 2009) ................................................................. 8

Marin v. Apple-Metro, Inc.,
   2014 WL 7271591 (E.D.N.Y. Sept. 16, 2014) ............................................................. 13

Masson v. Ecolab, Inc.,
    2005 WL 2000133 (S.D.N.Y. Aug. 17, 2005)...........................................................................11

Mata-Primitivo v. May Tong Trading, Inc.,
    2014 WL 2002884 (E.D.N.Y. May 15, 2014) ...........................................................................13

McGlone v. Contract Callers,
    867 F. Supp. 2d 438 (S.D.N.Y. 2012) ..............................................................................19, 20

Mongiove v. Nate's Corp.,
    2016 WL 590460 (E.D.N.Y. Feb. 11, 2016) ............................................................................16

Morris v. Lettire Const., Corp.,
    896 F. Supp. 2d 265 (S.D.N.Y. 2012) .....................................................................................16

Myers v. Hertz Corp.,
    624 F.3d 537 (2d Cir. 2010) ..............................................................................................passim

Nabi v. Hudson Group (HG) Retail, LLC,
    310 F.R.D. 119 (S.D.N.Y. 2015)...........................................................................................1, 7

Patton v. Thomson Corp.,
    364 F. Supp. 2d 263 (E.D.N.Y. 2005) .....................................................................................11

Pefanis v. Westway Diner, Inc.,
    2008 WL 4546526 (S.D.N.Y. Oct. 8, 2008)............................................................................11

Ramirez v. M L Rest., Corp.,
    2015 WL 12564227 (S.D.N.Y. Mar. 13, 2015)....................................................................6, 11

Raniere v. Citigroup, Inc.,
    827 F. Supp. 2d 294 (S.D.N.Y. 2011) ..............................................................................5, 9, 15

Reyes v. Altamarea Group, LLC,
    2010 WL 5508296 (S.D.N.Y. Dec. 22, 2010) ...........................................................................9

Robles v. Liberty Rest. Supply, Corp.,
    2013 WL 6684954 (E.D.N.Y. Dec. 18, 2013)..........................................................................18

Romero v. ABCZ Corp., 2015 WL 2069870
    (S.D.N.Y. Apr. 28, 2015) .........................................................................................................16

Rosario v. Valentine Ave. Discount Store, Co., Inc.,
    828 F. Supp. 2d 508 (E.D.N.Y. 2011)......................................................................................18

Serebryakov v. Golden Touch Transp. of NY, Inc.,
    12-cv-03990 (AMD)(RER) (E.D.N.Y. Jan. 15, 2016) .............................................................12

Sexton v. Franklin First Fin., Ltd.,
    2009 WL 1706535 (E.D.N.Y. June 16, 2009) ........................................................ 15

Sharma v. Burberry Ltd.,
    52 F. Supp. 3d 443 (E.D.N.Y. 2014) .................................................................... 16

Sultonmurodov v. Mesivita of Long Beach,
    2015 WL 5918415 (E.D.N.Y. Oct. 9, 2015) ..................................................... 13, 15

Thompson v. World Alliance Fin. Copr.,
    2010 WL 3394188 (E.D.N.Y. Aug. 20, 2010) ........................................................ 14

Torres v. Gristede's Operating Corp.,
    2006 WL 2819730 (S.D.N.Y. Sept. 29, 2006) ......................................................... 8

Valerio v. RNC Indus., LLC,
    314 F.R.D. 61 (E.D.N.Y. 2016).......................................................................... 18

Vargas v. Black Forest Bew Haus, L.L.C.,
    2016 WL 2889003 (E.D.N.Y. May 17, 2016) ........................................................ 12

Whitehorn v. Wolfgang's Steakhouse, Inc.,
    767 F. Supp. 2d 445 (S.D.N.Y. 2011) .............................................................. 14, 18

Winfield v. Citibank, N.A.,
    843 F. Supp. 2d 397 (S.D.N.Y. 2012) ............................................................. passim

Yahraes v. Rest. Assocs. Events Corp.,
    2011 WL 844963 (E.D.N.Y. Mar. 8, 2011)............................................................ 19

Young v. Cooper Cameron Corp.,
    229 F.R.D. 50 (S.D.N.Y. 2005)........................................................................ 7, 15

Zhao v. Benihana, Inc.,
    2001 WL 845000 (S.D.N.Y. May 7, 2001) ............................................................ 11

**Statutes**                                                                      **Page(s)**

29 U.S.C. § 216(b) ....................................................................................... 1, 5, 6

29 U.S.C. § 255(a) ........................................................................................... 5

## PRELIMINARY STATEMENT

Plaintiff Dionny Espinal ("Espinal"), moves this Court, pursuant to 29 U.S.C. § 216(b), for an Order conditionally certifying this case as a Fair Labor Standards Act ("FLSA") collective action and authorizing the distribution of notice to potentially affected individuals.  The Court should grant the motion so that current and former non-managerial wait staff employees of Defendants Victor's Café 52nd Street, Inc., Sonia Zaldivar, and Christian Cardenas Vitera[1] (collectively, "Defendants" or "Defendant Victor's"), who, while performing work as food bussers, food runners, and/or other similar positions for Defendants, did not receive all minimum wages or overtime compensation owed, can be notified of their right to participate in this lawsuit. Such an Order would be in accordance with the overwhelming precedent in this Circuit of granting conditional certification of FLSA collective actions after plaintiffs have made a "modest factual showing" to meet their very "low" burden. Nabi v. Hudson Group (HG) Retail, LLC, 310 F.R.D. 119, 122 (S.D.N.Y. 2015) (Caproni, *J*) (citing Myers v. Hertz Corp., 624 F.3d 537, 554-55 (2d Cir. 2010)).

## PROCEDURAL HISTORY AND PERTINENT FACTS

### I.    Relevant Procedural History

On October 14, 2016, Espinal filed this action alleging violations of the FLSA and New York Labor Law ("NYLL") on behalf of himself and all other similarly situated employees. (ECF No. 1, "Compl.," Ex. 1).[2]  The same day, Plaintiff Espinal, along with opt-in Plaintiff Jose Geyder Forero Olaya ("Olaya"), filed consents to become parties in this collection action, thereby opting into the action. (ECF Nos. 4 and 5).  Plaintiffs Espinal and Olaya and potential opt-in plaintiffs worked as non-managerial wait staff employees at Defendants' restaurant

---

[1] This individual Defendant's last name is misspelled in this case's caption as "Betere."

[2] Exhibits to the Declaration of Michael R. Minkoff, Esq. shall be cited in the form "Ex."

located on 52nd Street in New York, New York. Declaration of Dionny Espinal, "Espinal Decl.,"
¶¶ 1-3 (Ex. 3); Declaration of Jose Geyder Forero Olaya, "Olaya Decl.," ¶¶ 1-3 (Ex. 4).   On
December 27, 2016, Defendants answered. (ECF No. 15, Ex. 2).   To date, the parties have not
completed any discovery.

## II.       <u>Statement of Facts</u>

Defendants own and operate a restaurant with a staff consisting of various food service
employees including, as is relevant to this motion, servers, food bussers, and food runners.
Compl. (Ex. 1), ¶¶ 2, 14, 29; Espinal Decl., ¶¶ 1, 2 (Ex. 3); Olaya Decl., ¶¶ 1, 2 (Ex. 4).
Defendant Zaldivar is the owner of Defendant Victor's, who, along with Defendant Betere, was
jointly responsible for making managerial decisions on behalf of the Defendant Victor's. Id. ¶¶
30-31.   Defendants maintain their principal place of business at 265 West 52nd Street, New
York, New York. Id. ¶ 10.

Espinal worked as a non-managerial food busser at Defendants' restaurant from
approximately May 12, 2014 until February 20, 2016. Id. ¶ 32; Espinal Decl., ¶ 2 (Ex. 3).
Espinal alleges that Defendants willfully did not pay him and other non-managerial wait staff
employees minimum wages for all hours worked, nor at their overtime rates of one and one-half
times their respective straight-time rates of pay, or one and one-half times the minimum wage
rate, if greater, for all hours worked in excess of forty each week.   Specifically, Defendants
attempted to utilize a tip credit to pay Espinal hourly wages below the then-applicable minimum
wage rate without providing proper notice thereof. Compl. (Ex. 1), ¶¶ 2-3, 49-50.   Further,
Defendants utilized an off-the-clock scheme to deprive Espinal of his lawfully earned minimum
wages and overtime.   That is, Defendants required Espinal to prepare napkins and silverware for
the day's meal service before clocking in and without any pay despite requiring and accepting
the benefits of Espinal's work. Compl., (Ex. 1), ¶¶ 33-35; Espinal Decl. (Ex. 3), ¶¶ 4-6, 8. In

addition, Defendants routinely required Espinal to work more than forty hours during many weeks. Compl. (Ex. 1), ¶¶ 36-40.  But when Defendants paid Espinal, Defendants either failed to pay him for his time spent working off-the-clock, id. ¶ 44; Espinal Decl. (Ex. 3), ¶¶ 2, 5, 8, or failed to pay him at one and one-half his actual rate of pay, or one and one-half times the minimum wage rate, if greater. Compl. (Ex. 1). ¶¶ 45-46.

Defendants subjected other individuals to these same unlawful payment practices.  For instance, opt-in Plaintiff Olaya also worked as a food busser at Defendants' restaurant from mid-October 2015 through mid-April 2016. Olaya Decl., ¶ 2 (Ex. 4).  Defendants paid Olaya in the same manner that they paid Espinal, also attempting to claim a tip credit to reduce his wages below the then-applicable minimum wage, but failing to provide him with proper notice thereof. Id. ¶ 3.  Defendants also did not pay Olaya for all of his time worked based on Defendants' unlawful off-the-clock napkin and silverware preparation scheme. Id., ¶ 4-6, 8; Olaya Decl. (Ex. 4), ¶¶ 4-6, 8.

In addition to Plaintiff Espinal and opt-in Plaintiff Olaya, Defendants employ and have employed other non-managerial wait staff employees, all holding the titles of either bussers, runners, or other similar wait staff positions at Defendants' restaurant, whom Defendants subjected to the same unlawful payroll practices.  Compl., ¶¶ 3, 4, 22 (Ex. 1); Espinal Decl. (Ex. 3), ¶¶ 5-7, 9-10; Olaya Decl. (Ex. 4), ¶¶ 5-7, 9-10.  Plaintiff Espinal and opt-in Plaintiff Olaya recall at least nine other employees at the Defendants' restaurant at various points during their employment who have not yet opted-into this action, including: "Pedro;" Manuel Soriano; Gilberto Soriano; "Andrew;" "Francis;" "Wilver;" "Daniel;" "Amin," and Jose Guzman who was also a food runner.  Espinal Decl. (Ex. 3), ¶ 9, 11; Olaya Decl. (Ex. 4), ¶ 9.  Plaintiffs and the Defendants' other non-managerial wait staff employees performed similar job duties as Plaintiffs

and as each other. Espinal Decl. (Ex. 3), ¶¶ 4-5, 9-10; Olaya Decl. (Ex. 4), ¶¶ 4-5, 9-10. Defendants' non-managerial wait staff bussers and runners were also all subject to the same off-the-clock policy as Plaintiff Espinal and opt-in Plaintiff Olaya: they were all forced to work off-the-clock for no pay at all, and were all paid wages below the minimum wage for their on-the-clock work based on Defendants' improper attempt to claim a tip credit. Compl. (Ex. 1), ¶¶ 14-15, 51; Espinal Decl. (Ex. 3), ¶¶ 3, 5, 9-10; Olaya Decl. (Ex. 4), ¶¶ 3, 5, 9-10.

In short, although, as discussed below, the merits of the claims in this case are not presently before the Court on this motion, the evidence demonstrates a consistent pattern of wrongdoing by Defendants, shows a common policy to violate the FLSA, and is strongly probative of the fact that there are other "similarly situated" non-managerial wait staff employees who worked for Defendants and did not receive proper compensation for all hours worked in accordance with the FLSA.  The result is that Defendants are extracting additional hours from their workforce without compensating their workers for it.  For purposes of this conditional certification motion, the experiences of the Plaintiff and opt-in Plaintiff, including their testimony about other workers, is sufficient to illustrate that there was a "common practice or policy."

Accordingly, as is next addressed, Espinal has met his minimal burden for the Court to grant the present motion and conditionally certify this case as a collective action and authorize Espinal to distribute notice of this action to all similarly-situated individuals in the manners requested below.

## ARGUMENT

### I.   The Remedial Purposes of the FLSA Warrant Prompt and Accurate Notice to Potential Collective Action Members.

The FLSA specifically provides that any employer who fails to pay its employees required overtime or minimum wage compensation:

> [s]hall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation . . . and an additional equal amount as liquidated damages.

29 U.S.C. § 216(b). The statute also provides for collective actions to recover such damages "by any one or more employees for or in behalf of himself or themselves and other employees similarly situated." Id.

Pursuant to 29 U.S.C. § 216(b), and unlike Rule 23 class actions, an individual who wishes to join a collective action must file with the court a written consent that the action may proceed on their behalf within the applicable statute of limitations.[3] Id. "FLSA actions are, consequently, not true representative actions as under Rule 23, but instead those actions brought about by individual employees who affirmatively join a single suit." Raniere v. Citigroup, Inc., 827 F. Supp. 2d 294, 313 (S.D.N.Y. 2011) (rev'd on other grounds, Raniere v. Citigroup, Inc., 533 Fed. Appx. 11 (2d Cir. 2013)). Thus, "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b).

Until an absent collective action member opts-in, the statute of limitations on his/her claims continues to run. 29 U.S.C. § 255(a); Lynch v. United Services Auto. Ass'n, 491 F. Supp. 2d 357, 371 (S.D.N.Y. 2007). It is thus important that notice be given promptly to preserve the

---

[3] An action seeking unpaid overtime and minimum wage compensation and liquidated damages must be commenced within two years or, where the action arises out of a willful violation of the statute, as alleged here, within three years. 29 U.S.C. § 255(a).

claims of collective action members, and it is not uncommon for courts to approve expedited notice. See Hoffmann v. Sbarro Inc., 982 F. Supp. 249, 262 (S.D.N.Y. 1997) (Sotomayor, *J.*); Braunstein v. E. Photographic Labs., Inc., 600 F.2d 335, 336 (2d Cir. 1978).

In Hoffmann-LaRoche, Inc. v. Sperling, 493 U.S. 165 (1989), the Supreme Court recognized the importance of collective members receiving "accurate and timely" notice about a pending FLSA action so that they can take action. The "collective action" mechanism provides individuals with "the advantage of lower individual costs to vindicate rights by the pooling of resources." Id. at 170. Even though 29 U.S.C. § 216(b) does not require parties to obtain judicial approval before seeking to advise other similarly situated persons of their FLSA rights, district courts routinely expedite and facilitate notice to potential opt-in plaintiffs by "conditionally certifying" the § 216(b) collective. See, e.g., Myers, 624 F.3d at 554; Ramirez v. M L Rest., Corp., 2015 WL 12564227, at *2 (S.D.N.Y. Mar. 13, 2015) (Caproni, *J.*); Winfield v. Citibank, N.A., 843 F. Supp. 2d 397, 405 (S.D.N.Y. 2012); Jackson v. Bloomberg, L.P., 298 F.R.D. 152, 162 (S.D.N.Y. 2014); Lynch, 491 F. Supp. 2d at 369; Hamadou v. Hess Corp., 915 F. Supp. 2d 651, 670 (S.D.N.Y. 2013); see also Juarez v. 449 Rest., Inc., 29 F. Supp. 3d 363, 369 (S.D.N.Y. 2014) ("District courts in FLSA actions have discretion to implement this collective mechanism by facilitating notice to potential plaintiffs of the pendency of this action and of their opportunity to opt-in as represented plaintiffs.").

Conditional certification furthers the FLSA's "broad remedial purpose," Braunstein, 600 F.2d at 336; accord Hoffman, 982 F. Supp. at 262-63, and is justified by the court's "managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient and proper way." Hoffman-LaRoche, 493 U.S. at 170-71; Fasanelli v. Heartland Brewery, Inc., 516 F. Supp. 2d 317, 321 (S.D.N.Y. 2007) ("when determining whether a matter

shall proceed as a collective action, courts should be mindful of the remedial purposes of the FLSA").

## II.     Espinal Has More Than Satisfied the Lenient Standards for Conditional Certification and Sending Notice to the Potential Collective Action Members.

The sole requirement for granting a motion for conditional certification and authorizing notice "is merely to determine *whether* 'similarly situated' plaintiffs do in fact exist." Nabi, 310 F.R.D. at 122 (quoting Young v. Cooper Cameron Corp., 229 F.R.D. 50, 54 (S.D.N.Y. 2005)); see also Myers, 624 F.3d at 555; Juarez, 29 F. Supp. 3d at 369.  This is only a preliminary determination because, as the Second Circuit has recognized, courts within it "have coalesced around a two-step method, a method which, while again not required by the terms of FLSA or the Supreme Court's cases, we think is sensible." Myers, 624 F.3d at 554-55.  "The first step involves the court making an initial determination to send notice to potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiffs with respect to whether a FLSA violation has occurred." Id. at 555; Hoffman, 982 F. Supp. at 261.  "The court may send this notice after plaintiffs make a 'modest factual showing' that they and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law.'" Myers, 624 F.3d at 555 (quoting Hoffman, 982 F. Supp. at 261)).

The plaintiffs' burden at this first stage is "very low." Lynch, 491 F. Supp. 2d at 368; Juarez, 29 F. Supp. 3d at 369; Winfield, 843 F. Supp. 2d at 402 ("plaintiffs need only make a modest factual-showing that they and potential opt-in plaintiffs together were victims of a common policy or plan that violated the law.").  The Second Circuit explained why:

> The modest factual showing . . . should remain a low standard of proof because the purpose of this first stage is merely to determine whether 'similarly situated' plaintiffs do in fact exist.

Myers, 624 F.3d at 555 (citation omitted).

The standard, accordingly, is a lenient one, and "the court 'typically grants conditional certification.'" Malloy v. Richard Fleischman & Assocs. Inc., 2009 WL 1585979, at *2 (S.D.N.Y. June 3, 2009) (quoting Torres v. Gristede's Operating Corp., 2006 WL 2819730, at *7 (S.D.N.Y. Sept. 29, 2006)). As Justice Sotomayor wrote when sitting on the district court, at this stage, "[t]he burden on plaintiff is not a stringent one, and the Court need only reach a preliminary determination that plaintiffs are similarly situated." Hoffman, 982 F. Supp. at 261; accord, e.g., Kassman v. KPMG LLP, 2014 WL 3298884, at *5 (S.D.N.Y. July 8, 2014); In re Penthouse Exec. Club Comp. Litig., 2010 WL 4340255, at *2 (S.D.N.Y. Oct. 27, 2010) (describing plaintiff's threshold requirements as "very low" or "minimal"); Cunningham v. Elec. Data Sys. Corp., 754 F. Supp. 2d 638, 643-44 (S.D.N.Y. 2010) ("the modest factual showing . . . should remain a low standard of proof"); Cabrera v. 211 Garage Corp., 2008 WL 3927457, at *1 (S.D.N.Y. Aug. 22, 2008) ("[p]laintiffs' burden of showing other potential class members are 'similarly situated' is not onerous at this stage of the litigation") (citations omitted); Bowens v. Atl. Maint. Corp., 546 F. Supp. 2d 55, 82 (E.D.N.Y. 2008) ("FLSA's opt-in provision merely provides an opportunity for potential plaintiffs to join and is only a preliminary determination as to which potential plaintiffs may in fact be similarly situated.") (citations omitted).

It is at "the second stage [that] the district court will, on a fuller record, determine whether a so-called collective action may go forward by determining whether the plaintiffs who have opted in are in fact similarly situated to the named plaintiffs." Myers, 624 F.3d at 555; accord Winfield, 843 F. Supp. 2d at 402 n.3 ("the case law is clear that a heightened standard is not appropriate during the first stage of the conditional certification process and should only be applied once the entirety of discovery has been completed."); Gjurovich v. Emmanuel's Marketplace, Inc., 282 F. Supp. 2d 101, 105 (S.D.N.Y. 2003) ("Should it become clear later that

the parties who have opted-in are not similarly situated to the Plaintiff here, I will make any rulings that are necessary and appropriate to ensure that the case is properly formed.").

There are good reasons why the first stage burden is low.  As Judge Glasser cogently explained:

> Because the statute of limitations for FLSA claims continues to run for each individual plaintiff until he or she opts in, see 29 U.S.C. § 216(b), early certification and notice are favored in order to protect plaintiffs' rights.  Thus, only a minimal evidentiary burden is imposed in order to satisfy the 'similarly situated' requirement . . . The heightened scrutiny standard is only appropriate after the opt-in period has ended and the court is able to examine whether the actual plaintiffs brought into the case are similarly situated.  It would not sensibly serve the purposes of a two-step scheme to impose on plaintiffs a heightened burden of proving that as-yet-unknown plaintiffs are similarly situated.

Gortat v. Capala Bros., Inc., 2010 WL 1423018, at *9-10 (E.D.N.Y. Apr. 9, 2010); accord, e.g., Klimchak v. Cardona, Inc., 2011 WL 1120463, at *5 (E.D.N.Y. Mar. 24, 2011); Cunningham, 754 F. Supp. 2d at 645; Raniere, 827 F. Supp. 2d at 320-21.

Concomitant with the minimal burden and the fact that the members of the collective action are not yet before the court, "the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations" at the conditional certification stage. Juarez, 29 F. Supp. 3d at 369; Reyes v. Altamarea Group, LLC, 2010 WL 5508296, at *1 (S.D.N.Y. Dec. 22, 2010).  Courts therefore do not weigh the merits of the underlying claims in determining whether potential opt-ins are similarly situated. Fasanelli, 516 F. Supp. 2d at 322 ("To the extent that Defendants' opposition relies on a detailed factual dispute about whether the Defendants maintain an 'illegal off-the-clock' policy, 'illegal tip retention' policy, or fail to pay the minimum wage, that inquiry is misplaced as those issues go to the merits of the case."); Winfield, 843 F. Supp. 2d at 407 n.6 ("courts in this Circuit regularly

conclude that [defendant's] declarations do not undermine the plaintiffs' showing in the first stage of the conditional certification process."); In re Penthouse, 2010 WL 4340255, at *4 (S.D.N.Y. Oct. 27, 2010) (defendants' submission of competing affidavits "amounts to a premature request to make credibility determinations and factual findings, something that is inappropriate at the notice stage.").

Here, without the benefit of any discovery, Espinal has provided supporting declarations in support of this motion that additional individuals, who are similarly situated with respect to the Defendants' treatment of him, exist. This sworn testimony even provides some of their names (though in many instances, neither Espinal nor Olaya are aware of the individuals' last names): "Pedro;" Manuel Soriano; Gilberto Soriano; "Andrew;" "Francis;" "Wilver;" "Daniel;" Jose Guzman; and "Amin." This is all that is required, and more, for Espinal to make his "modest factual showing." Indeed, courts in this Circuit regularly grant conditional certification motions on such evidence as the complaint or the complaint and one or two affidavits. See e.g., Juarez, 29 F. Supp. 3d at 369 ("In assessing the adequacy of a plaintiff's showing, district courts look to pleadings, affidavits, and declarations, but often authorize notice based solely on the personal observations of one plaintiff's affidavit."); Doucoure v. Matlyn Food, Inc., 554 F. Supp. 2d 369, 374 (E.D.N.Y. 2008) (finding that plaintiff's "well-pleaded allegations," and nothing more, were sufficient to justify mailing notice to potential collective action members). There is no requirement within this Circuit that a certain number of employees opt-in before a court can conditionally certify a collective. Enriquez v. Cherry Hill Market Corp., 2012 WL 440691, at *2 (E.D.N.Y. Feb. 10, 2010) (citing Delaney v. Geisha NYC, LLC, 261 F.R.D. 55, 59 (S.D.N.Y. 2009). In fact, District Courts within the Second Circuit maintain a relatively low standard for granting conditional certification, which comports with Congress's intent to protect employees

rather than establishing stringent litmus tests, which deter claims and ultimately protect employers rather than employees. E.g., Juarez, 29 F. Supp. 3d at 369 (no opt-ins); Pefanis v. Westway Diner, Inc., 2008 WL 4546526, at *1 (S.D.N.Y. Oct. 8, 2008) (no opt-ins); Cuzco v. Orion Builders, Inc., 477 F. Supp. 2d 628, 634 (S.D.N.Y. 2007) (no opt-ins) ("The single named Plaintiff here has met his burden by successfully demonstrating that there are other workers who are similarly situated to him, and that is enough for this matter to move forward."); Patton v. Thomson Corp., 364 F. Supp. 2d 263 (E.D.N.Y. 2005) (no opt-ins); Harrington v. Education Management Corp., 2002 WL 1009463, at *2-3 (S.D.N.Y. May 17, 2002) (no opt-ins); Zhao v. Benihana, Inc., 2001 WL 845000, at *2-3 (S.D.N.Y. May 7, 2001) (one affidavit based on Plaintiff's "best knowledge" was enough to grant certification); see also Masson v. Ecolab, Inc., 2005 WL 2000133, at *14 (S.D.N.Y. Aug. 17, 2005) (two opt-ins); LeGrand v. Education Management Corp., 2004 WL 1962076, *2 (S.D.N.Y. Sept. 2, 2004) (three declarations).

Again, as is relevant here, Espinal has declared that he, and other non-managerial wait staff employees, some of whom are identified by name, performed similar job duties, were subject to the same compensation practices and were not paid either minimum wages or overtime for all hours worked.  He also provides a supporting declaration from opt-in Plaintiff Olaya attesting to the same unlawful practices.  These facts are more than sufficient for conditional certification purposes because they show Defendants' common policy and practice of depriving employees of compensation for all off-the-clock hours worked, whether designated as minimum or overtime wages.  Thus, given the pleadings and declarations, Espinal more than satisfies his "very low" burden of demonstrating that the proposed collective is sufficiently similarly situated to justify issuing notice.

**III.    The Court Should Order that Notice and a Reminder Notice Be Sent to Potential Collective Action Members and Order Defendants to Produce Complete Contact Information for Non-Managerial Wait Staff Employees.**

Based on the foregoing, the Court should authorize Espinal to disseminate notice to putative members of the collective. See Myers, 624 F.3d at 555; Ramirez, 2015 WL 12564227, *at 2; Winfield, 843 F. Supp. 2d at 400-05.  A proposed Notice is attached as Exhibit 5 to the Minkoff Declaration.  This provides clear instructions on how to opt-in, and accurately states the prohibition against retaliation or discrimination for participation in an FLSA action.  The notice is "timely, accurate, and informative," thus meeting all legal requirements. See Hoffmann-La Roche, Inc., 493 U.S. at 172.  The proposed notice achieves the goal of providing potential opt-ins with accurate and timely notice concerning the pendency of the collective action and should therefore be adopted.

**A.    The Court should order the notice period to date back to six years before the filing of the Complaint.**

With regard to the notice period, Espinal's requested notice period harmonizes with the practice of many district courts within this Circuit of permitting plaintiffs to send notice dating back six years before filing of the complaint when, as here, the complaint alleges violations of the NYLL in addition to violations of the FLSA. Vargas v. Black Forest Bew Haus, L.L.C., 2016 WL 2889003, at *3 n.1 (E.D.N.Y. May 17, 2016) ("The Court finds that it is appropriate to provide notice to potential plaintiffs who may have viable state law claims within the six-year statute of limitations period, even if those plaintiff's FLSA claims are time-barred."); Serebryakov v. Golden Touch Transportation of NY, Inc., 12-cv-03990 (AMD)(RER), ECF No. 70 (E.D.N.Y. Jan. 15, 2016); Gonzalez v. Scalinatella, Inc., 2013 WL 6171311, at *3 (S.D.N.Y. Nov. 25, 2013) (quoting Guaman v. 5 "M" Corp., 2013 WL 5745905, at *5 (S.D.N.Y. Oct. 23, 2013) ("'Where as here, Plaintiffs' Complaint also includes NYLL claims, courts in this District

routinely deny requests to limit the Notice time period to three years, as even where claims are untimely under FLSA, they may shed light on the appropriateness of certifying a class action under the NYLL.'"); Fonseca v. Dircksen & Talleyrand, Inc., 2014 WL 1487279, at *6 (S.D.N.Y. Apr. 11, 2014) (granting request for six-year notice and finding same "appropriate" because "Plaintiffs' complaint includes New York Labor Law claims."); Winfield, 843 F. Supp. 2d at 410 (noting that "several courts in this Circuit have deemed it appropriate to grant six-year rather than three-year notice periods" where plaintiffs also assert NYLL claims) (collecting cases); Avila v. Northport Car Wash, Inc., 774 F. Supp. 2d 450, 455 (E.D.N.Y. 2011) (collecting cases and finding "persuasive the reasoning set forth in those decisions of other courts which have applied a six-year period to determine who is eligible to receive the Notice of Pendency"); Klimchak 2011 WL 1120463, at *7 (authorizing notice for opt-in plaintiffs "who may have viable state law claims within the six (65) year statute of limitations period, even if those plaintiffs' FLSA claims might be time-barred."); "who may have viable state law claims within the six (65) year statute of limitations period, even if those plaintiffs' FLSA claims might be time-barred.");

Should the Court decline to follow the oft-approved six-year period followed by several other district courts within this Circuit, Plaintiff alternatively proposes to send notice to similarly situated persons employed within three years of the filing of the complaint. Chhab v. Darden Restaurants, Inc., 2013 WL 5308004, at *15 (S.D.N.Y. Sept. 30, 2013) (citing Winfield, 843 F. Supp. 2d at 410); Sultonmurodov v. Mesivita of Long Beach, 2015 WL 5918415, at *4 (E.D.N.Y. Oct. 9, 2015) ("[T]he court holds that notices shall be sent out to those potential collective members employed within the three year period prior to the date of the filing of the Complaint. Defendants may challenge the timeliness of individual plaintiffs' claims at a later

date."); Marin v. Apple-Metro, Inc., 2014 WL 7271591, at *3 (E.D.N.Y. Sept. 16, 2014) (permitting notice period "to run from three years prior to commencement of the action, rather than the date of the notice"); Mata-Primitivo v. May Tong Trading, Inc., 2014 WL 2002884, at *5 (E.D.N.Y. May 15, 2014) ("courts have permitted the period of employment to run from three years prior to the commencement of the action, rather than the date of the notice, as the claims of the potential opt-in plaintiffs are tolled on the date that their consent forms are filed."); Whitehorn v. Wolfgang's Steakhouse, Inc., 767 F. Supp. 2d 445, 451 (S.D.N.Y. 2011) (extending notice period to three years prior to filing complaint); Thompson v. World Alliance Fin. Copr., 2010 WL 3394188, at *7 (E.D.N.Y. Aug. 20, 2010) (explaining how the notice period should include "the earliest possible date that an opt-in plaintiff in this case may have been last employed by Defendants," which was three years before the plaintiffs filed their complaint); Fasanelli, 516 F. Supp. 2d at 323 n.3 (authorizing notice to three year period from the filing of plaintiff's complaint).

The complaint in this case was filed on October 14, 2016. Thus, Espinal's proposed notice includes any non-managerial wait staff employee of Defendants who performed any work for the Defendants from October 14, 2010 to the present. In order to provide notice of the action, Espinal requests that the Court order the Defendants to produce the names and updated or last known contact information for those individuals who were employed within six years from the date of the filing of the complaint, or October 14, 2010.

> **B.    *The Court should order Defendants to produce potential collective members' contact information.***

Accordingly, in addition to certifying the collective action, Espinal requests that the Court also order Defendants to produce the following within fourteen days of its Order:

>A list, in electronic format, of all persons employed by Defendants as non-managerial wait staff employees at any point between October 14, 2010 and the present, that includes: names, addresses, mobile and home telephone numbers, e-mail addresses, work locations, and dates of employment.

See, e.g., Fa Ting Wang v. Empire State Auto Corp., 2015 WL 4603117, at *15 (E.D.N.Y. July 29, 2015) (granting the plaintiff's requests for the putative opt-ins' contact information noting that "Plaintiff's routine request for the names, mailing addresses, email addresses and telephone numbers of Defendants' drivers will assist in the provision of notice to these potential opt-in plaintiffs"); Hernandez v. Bare Burger Dio, Inc., 2013 WL 3199292, at *5 (S.D.N.Y. June 25, 2013) (quoting Sexton v. Franklin First Financial, Ltd., 2009 WL 1706535, at *13 (E.D.N.Y. June 16, 2009)) (ordering the production of telephone numbers of the putative collective, finding that "[a]s has been noted by a number of courts in this circuit, 'courts often grant this kind of request in connection with a conditional certification of an FLSA collective action'"); Hernandez v. Merrill Lynch & Co., Inc., 2012 WL 1193836, at *7 (S.D.N.Y. Apr. 6, 2012) ("in this day of electronic communication, courts have authorized defendants to provide email address[es] as well."); Raniere, 827 F. Supp. 2d at 294, 327-28; Young, 229 F.R.D. at 56-57.

**C.   *The Court should permit Plaintiff to send a Notice and a Reminder Notice via mail, email, and text message.***

With respect to the sending of the notice, Plaintiff additionally requests that the Court allow him to send reminder notices to the potential opt-in plaintiffs thirty days after the original mailing of notice and opt-in forms in order to remind any potential collective members who have not yet opted into the case of the impending deadline for their response. See Sultonmurodov, 2015 WL 5918415, at *2 ("Sending a reminder notice is consistent with the FLSA's objective of informing potential plaintiffs of the collective action and their right to opt-in."); Bijoux v. Amerigroup New York, LLC, 2015 WL 4505835, at *15 (E.D.N.Y. July 23, 2015) ("[T]he

plaintiffs' request for authorization to send a reminder notice during the notice period should be granted."); Maldonado v. Arcadia Bus. Corp., 2015 WL 1914933, at *4 (E.D.N.Y. Apr. 27, 2015) ("Plaintiff's counsel is authorized to send the revised notice, opt-in form, and reminder letter to all class members by first class mail and email."); Lopez v. JVA Indus., Inc., 2015 WL 5052575, at *4 (S.D.N.Y. Aug. 27, 2015) (citations omitted); Romero v. ABCZ Corp., 2015 WL 2069870, at *5 (S.D.N.Y. Apr. 28, 2015) ("Plaintiff's counsel is authorized to send the revised notice, opt-in consent form, and revised deadline reminder letter (after the Court grants final approval) to all collective members by first-class mail and e-mail . . . ."); Sharma v. Burberry Ltd., 52 F. Supp. 3d 443, 466 (E.D.N.Y. 2014) ("Plaintiffs are authorized to distribute a reminder notice prior to the expiration of the opt-in period to alert potential plaintiffs that the deadline is coming due."); Chhab, 2013 WL 5308004, at *16 ("Given that notice under the FLSA is intended to inform as many potential plaintiffs as possible of the collective action and their right to opt-in, we find that a reminder notice is appropriate."); Limarvin v. Edo Rest. Corp., 2013 WL 371571, at *3 (S.D.N.Y. Jan. 21, 2013) ("Therefore, Plaintiffs' Consent Form and Deadline Reminder Notice should instruct potential opt-in plaintiffs to send their completed forms to Plaintiffs' counsel…); Morris v. Lettire Const., Corp., 896 F. Supp. 2d 265, 275 (S.D.N.Y. 2012) ("Given that notice under the FLSA is intended to inform as many potential plaintiffs as possible of the collective action and their right to opt-in, we find that a reminder notice is appropriate."). Because reminder notices help to "facilitate[] the remedial goals of the FLSA by protecting potential class members against their claims being extinguished by the running limitations period," the Court should authorize Plaintiff to send a reminder notice here. Mongiove v. Nate's Corp., 2016 WL 590460, at *7 (E.D.N.Y. Feb. 11, 2016)   A proposed Reminder Notice is attached as Exhibit 6 to the Minkoff Declaration.

Moreover, Plaintiff should be permitted to send the original and reminder notices via email, and also send a text message and reminder text message containing a link to the notice on Espinal's Counsel's website, on the grounds that many potential plaintiffs may have changed residences since their employment with Defendants ended.  A proposed subject line and body of the email, which shall contain the FLSA collective action notice as an email attachment, is attached as Exhibit 7 to the Minkoff Declaration. <u>Maldonado</u>, 2015 WL 1914933, at *4 (E.D.N.Y. Apr. 27, 2015) ("Plaintiff's counsel is authorized to send the revised notice, opt-in form, and reminder letter to all class members by first class mail and email."); <u>Jackson v Bloomberg, L.P.</u>, 298 FRD 152, 169 (S.D.N.Y. 2014) (holding that Defendant must provide email addresses to Plaintiffs).  Additionally, given the judicially-recognized high turnover and transient nature of the restaurant industry, and consistent with the policy of informing as many individuals as possible, notice via text message is also likely to be a viable and efficient means of communicating with many prospective members of this collective action. <u>Bhumithanarn v. 22 Noodle Market Corp.</u>, 2015 WL 4240985, at *5 (S.D.N.Y., July 13, 2015) ("[T]he Court finds that Plaintiffs may provide notice to potential opt-in Plaintiffs via a text message."); <u>Cherif  v. Sameday Delivery Corp.</u>, 2015 WL 5772012, at *6 (E.D.N.Y. Sept. 30, 2015) ("Given the transient nature of some workforces, email addresses and telephone numbers may be an effective way of locating employees."); <u>Chamorro v. Bahman Ghermezian</u>, No. 12–cv–8159 (TPG), ECF No. 17 ¶ 5 (S.D.N.Y. Feb. 25, 2013) (authorizing FLSA to be distributed via text message).

A proposed text message is attached as Exhibit 8 to the Minkoff Declaration.  Thus, Plaintiff requests that this Court order that he be permitted to send a text message and reminder text message containing a link to the original and reminder notices on Plaintiff's Counsel's website.

**D.      *The Court should permit Plaintiff to distribute the Notices to putative members in both English and Spanish.***

Espinal requests that all notices be distributed in both English and Spanish.  Espinal's and Olaya's native language is Spanish, and they spoke with many of the putative collective action members in Spanish. Espinal Decl. (Ex. 3), ¶ 12; Olaya Decl. (Ex. 4), ¶ 11.  Therefore, Espinal requests permission to have a certified translation made of the original notice, reminder notice, and notices via text message and email to be sent to each putative collective action member in Spanish. See Valerio v. RNC Indus., LLC, 314 F.R.D. 61, 76 (E.D.N.Y. 2016) (collecting cases and omitting internal quotation marks) (noting that "[g]enerally, courts permit notice to be translated into the mother tongue of non-English speaking groups of potential plaintiffs" and granting request to mail and post notice in English and Spanish); Iriarte v. Café 71, Inc., 2015 WL 8900875, at *5, 7 (S.D.N.Y. Dec. 11, 2015) (citing Cuzco v. Orion Builders, Inc., 477 F. Supp. 2d 628, 635 (S.D.N.Y.2007)) (permitting mailing and posting of notice in English and Spanish); Robles v. Liberty Rest. Supply, Corp., 2013 WL 6684954, at *11 (E.D.N.Y. Dec. 18, 2013) (collecting cases; quoting Braunstein, 600 F.2d at 336) (granting request to mail notice in English, Spanish and Arabic as it comports with the "'broad remedial purpose'" of the FLSA).

**IV.      The Court Should Order that Defendants Post Notices In the Workplace.**

Additionally, Plaintiff also requests that the Court order Defendants to post both English and Spanish language Notice and consent forms in a conspicuous place at the work location of potential collective action members. See, e.g., Rosario v. Valentine Ave. Discount Store, Co., Inc., 828 F. Supp. 2d 508, 521 (E.D.N.Y. 2011) ("Courts routinely approve requests to post notice on employee bulletin boards and in other common areas, even where potential members will also be notified by mail."); Harhash v. Infinity West Shoes, Inc., 2011 WL 4001072, at *5 (S.D.N.Y. Aug. 24, 2011) ("Courts in this District routinely order that Notice be posted in

common areas or employee bulletin boards, even when notice is also provided via first-class mail."); <u>Whitehorn</u>, 767 F. Supp. 2d at 449 (same).  Indeed, following conditional certification of an action, courts routinely require the defendants to post notice, even though putative opt-ins are also being notified of the action via mail. <u>E.g.</u>, <u>Batres v. Valente Landscaping, Inc.</u>, 2014 WL 2111080, at *2 (E.D.N.Y. May 21, 2014) ("'Courts routinely approve requests to post notice on employee bulletin boards and in other common areas even where potential members will be notified by mail.'") (quoting <u>Rosario</u>, 828 F. Supp. 2d at 521); <u>Kim Man Fan v. Ping's on Mott, Inc.</u>, 2014 WL 1512034, at *4 (S.D.N.Y. Apr. 14, 2014) (same).  Therefore, the Court should order the Defendants to post notice and consent forms in a conspicuous place at the work location of the putative members.

## V.      The Court Should Order Equitable Tolling of the FLSA Statute of Limitations.

Should the Court grant the instant motion, Espinal respectfully requests that, to avoid inequitable circumstances, the FLSA statute of limitations be tolled until the deadline for putative members to join this action (following dissemination of the notice to those potential opt-in plaintiffs).  District courts in this and other Circuits have increasingly granted requests for equitable tolling to avoid the prejudice to actual or potential opt-in plaintiffs that can arise from the unique procedural posture of such cases. <u>See, e.g.</u>, <u>Jackson</u>, 298 F.R.D. at 170-71 (tolling the statute of limitations as of the date of the filing of the plaintiff's motion); <u>Glatt v. Fox Searchlight Pictures Inc.</u>, 2013 WL 4834428, at *2 (S.D.N.Y. Aug. 26, 2013) (tolling statute of limitations as of the date the plaintiff was originally scheduled to file her motion for conditional certification); <u>Kemper v. Westbury Operating Corp.</u>, 2012 WL 4976122, at *3 (E.D.N.Y. Oct. 17, 2012) ("[P]laintiffs' request to notify individuals who were employed three years from the date plaintiff filed this motion, rather than from the date of the mailing of the notice, is

granted.”); <u>McGlone v. Contract Callers</u>, 867 F. Supp. 2d 438, 445 (S.D.N.Y. 2012) (tolling statute of limitations during pendency of conditional certification motion).

Courts have specifically acknowledged that “the delay caused by the time required for a court to rule on a motion, such as one for certification of a collective action in a FLSA case, may be deemed an ‘extraordinary circumstance’ justifying application of the equitable tolling doctrine.” <u>Yahraes v. Rest. Assocs. Events Corp.</u>, 2011 WL 844963, at *2 (E.D.N.Y. Mar. 8, 2011) (granting equitable tolling as of the dates of service and refiling of conditional certification motion,); <u>Hart v. Crab Addison</u>, 2015 WL 365785, at *5 (W.D.N.Y. Jan. 27, 2015) (holding that “equitable tolling may be appropriate where “the delay . . . may adversely affect the rights of [collective] members who may have no notice of th[e] lawsuit”); <u>Jackson</u>, 298 F.R.D. at 170-71 (equitable tolling as of date of filing of conditional certification motion which took seven months to decide); <u>McGlone.</u>, 867 F. Supp. 2d at 445 (equitable tolling as of date of filing of conditional certification motion which took four months to decide); <u>Lee v. ABC Carpet & Home</u>, 236 F.R.D. 193, 199–200 (S.D.N.Y. 2006) (equitable tolling where “the Court directed Plaintiff after he had filed his complaint to postpone any motions for collective or class action until after its decision regarding summary judgment”).  This request is all the more appropriate here as prior to making this motion, Plaintiff’s counsel repeatedly and unsuccessfully attempted to obtain Defendants’ consent to the relief requested herein.

## <u>CONCLUSION</u>

For the foregoing reasons, Espinal respectfully requests that the Court:

(1)     Conditionally certifying this case as a collective action;

(2)     Requiring Defendants, within fourteen days of the Court’s Order, to produce a computer-readable data file containing the names, last known mailing addresses, last known home and mobile telephone numbers, last known email addresses, work locations, and dates of employment, of all

potential collective action members who worked for Defendants at any point from October 14, 2010 to the present;

(3)     Permitting Plaintiff to disseminate notice of this action, in the form attached to the Minkoff Declaration as Exhibit 5, in English and Spanish, via regular mail, text message and e-mail;

(4)     Requiring Defendants to post the Notice in English and Spanish in a place where employees are likely to view it in the 52nd Street location owned and/or operated by Defendants, and provide an affidavit attesting to their compliance and swearing that the notice will remain posted during the entire opt-in period;

(5)     Permitting Plaintiff to send the proposed Reminder Notice in both English and Spanish to the potential collective members thirty days after sending the initial Notice; and

(6)     That the FLSA statute of limitations is tolled from the date of filing of this motion, until the deadline that the Court approves for potential opt-in plaintiffs to join this action (after the Court permits Plaintiff to send notice to those potential opt-in plaintiffs).

Dated: New York, New York
         January 5, 2017

                                    Respectfully submitted,

                                    BORRELLI & ASSOCIATES, P.L.L.C.
                                    *Attorneys for Plaintiff and Opt-in Plaintiff*
                                    655 Third Avenue, Suite 1821
                                    New York, New York 10017
                                    Tel.    (212) 679–5000
                                    Fax.    (212) 679–5005

         By: _____
                                    Michael R. Minkoff (MM 4787)
                                    Alexander T. Coleman (AC 8151)
                                    Michael J. Borrelli (MB 8533)