```
                                                    USDC SDNY
                                                    DOCUMENT
                                                    ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT                        DOC #:
SOUTHERN DISTRICT OF NEW YORK                       DATE FILED:   4/10/17
```

------------------------------------------------------------------------X
                                                           :
DIONNY ESPINAL, *on behalf of himself individually*        :
*and all others similarly situated*,                       :
                                                           :
                                                           :    16-CV-8057 (VEC)
                              Plaintiff,                   :
                                                           :    MEMORANDUM &
              -v-                                          :        ORDER
                                                           :
VICTOR'S CAFÉ 52ND STREET, INC.; SONIA                     :
ZALDIVAR; *and* CHRISTIAN BETERE,                          :
                                                           :
                              Defendants.                  :
                                                           :
------------------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

Plaintiff Dionny Espinal brings this action on behalf of himself and others similarly situated against Defendants Victor's Café 52nd Street, Inc., Sonia Zaldivar, and Christian Vitera[1] alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and New York Labor Law ("NYLL"). Now pending before the Court is Plaintiff's Motion for Conditional Collective Certification pursuant to 29 U.S.C. § 216(b), which Defendants oppose. Specifically, Plaintiff moves to conditionally certify a FLSA collective action of current and former non-managerial wait staff employees who were employed by Defendants between October 24, 2010 and the present. For the reasons set forth below, Plaintiff's motion is GRANTED in part and DENIED in part.

## BACKGROUND

Defendants own and operate a restaurant in midtown Manhattan named Victor's Café. Compl. ¶ 29 (Dkt. 1). Defendant Zaldivar owns the restaurant and manages it with Defendant Vitera, who is the general manager. *Id.* ¶¶ 30-31.

Plaintiff Espinal worked for Defendants as an hourly "busser" from approximately May 12,

---

[1] This individual defendant's name is misspelled in the case caption as "Betere."

2014 to February 20, 2016, and his duties included rolling napkins and silverware at the start of his shift, serving coffee and desserts to Defendants' patrons, and cleaning tables. *Id.* ¶¶ 32-33. Espinal alleges that Defendants willfully did not pay him minimum wage or overtime and that Defendants used tip credit and an off-the-clock scheme to do so. *Id.* ¶¶ 2, 34-35, 41-48. Jose Geyder Forero Olaya opted into this lawsuit as a plaintiff on October 14, 2016. Dkt. 5. Olaya also worked as a food busser at Victor's café from mid-October 2015 through mid-April 2016. Olaya Decl. ¶¶ 2-3 (Dkt. 17-4). Like Espinal, Olaya maintains that Defendants failed to pay him minimum wage and overtime because they improperly claimed tip credit and required him to work off-the-clock preparing napkins and silverware. *Id.* ¶¶ 3-8.

Both Espinal and Olaya contend that Defendants enforced a common policy of prohibiting bussers and runners from "clocking in" during the time they spent rolling napkins and silverware at the start of their shifts, and Defendants did not pay them for that off-the-clock work. Espinal Decl. ¶ 5; Olaya Decl. ¶ 5. Espinal and Olaya assert that they "personally observed" other employees doing the same off-the-clock work; those employees included Jose Guzman, Manuel Soriano, Gilberto Soriano, "Andrew," "Francis," "Wilver," "Daniel," "Pedro," and "Amin." Espinal Decl. ¶ 9; Olaya Decl. ¶ 9. Based on their conversations with those individuals, Espinal and Olaya learned that Defendants did not pay them for their time spent working off-the-clock. Espinal Decl. ¶ 10; Olaya Decl. ¶ 10. Espinal and Olaya both aver that Defendant Vitera often threatened bussers that if they did not perform off-the-clock napkin work, they would be given a "warning," and three warnings would result in termination. Espinal Decl. ¶ 7; Oyala Decl. ¶ 7. Espinal contends that Defendants also required runners to work off-the-clock preparing food, such as chopping onions, and that he understood from Jose Guzman, who was both a runner and a busser, that Defendants

2

never paid runners for their off-the-clock food preparation work.  Espinal Decl. ¶ 11.

## DISCUSSION

### I. Legal Standard

The FLSA permits employees to maintain an action "for and in behalf of . . . themselves and other employees similarly situated."  29 U.S.C. § 216(b).  In determining whether to certify a collective action under Section 216 of the FLSA, courts in the Second Circuit use a two-step process.  *Myers v. Hertz Corp.*, 624 F.3d 537, 554-55 (2d Cir. 2010).  First, at the "notice stage," plaintiffs must establish that other employees "may be 'similarly situated'" to them.  *Id.* at 555 (citation omitted).  To meet this burden, plaintiffs need only "make a modest factual showing that they and potential opt-in plaintiffs together were victims of a common policy or plan that violated the law."  *Id.* (internal quotations and citation omitted).  While plaintiffs' burden is modest, "it is not non-existent," *Fraticelli v. MSG Holdings, L.P.*, No. 13–CV–6518 (JMF), 2014 WL 1807105, at *1 (S.D.N.Y. May 7, 2014), and generally cannot be satisfied by "unsupported assertions," *Myers*, 624 F.3d at 555 (citation omitted).  Nonetheless, courts employ a "low standard of proof because the purpose of this first stage is merely to determine *whether* 'similarly situated' plaintiffs do in fact exist."  *Id.* (citation omitted).  At this first stage, therefore, courts do not examine "whether there has been an actual violation of law . . . ."  *Young v. Cooper Cameron Corp.*, 229 F.R.D. 50, 54 (S.D.N.Y. 2005) (citing *Krueger v. N.Y. Tel. Co.*, 1993 WL 276058, at *2 (S.D.N.Y. July 21, 1993) ("[T]he Court need not evaluate the merits of plaintiffs' claims in order to determine whether a 'similarly situated' group exists." (alteration in original))).

At the second stage, when the court has a more developed record, the named plaintiff must prove that "the plaintiffs who have opted in are *in fact* similarly situated to the named plaintiffs."

*She Jian Guo v. Tommy's Sushi Inc.*, No. 14–CV–3964 (PAE), 2014 WL 5314822, at *2 (S.D.N.Y. Oct. 16, 2014) (quoting *Myers*, 624 F.3d at 555).  The action may be "'de-certified' if the record reveals that [the opt-in plaintiffs] are not [similarly situated], and the opt-in plaintiffs' claims may be dismissed without prejudice."  *Myers*, 624 F.3d at 555.

**II.     Plaintiff Fails to Demonstrate that the Entirety of the Collective He Seeks to Certify Is "Similarly Situated"**

Plaintiff Espinal seeks to certify a collective consisting of:

> [c]urrent and former 'runner' and 'busser' wait staff employees, or other similar wait staff positions, who during the applicable FLSA limitations period, performed any work at Victor's Café, and who consent to file a claim to recover damages for: (1) overtime compensation that is legally due to them; and/or (2) minimum wages that are legally due to them.

Compl. ¶ 14.  Defendants argue that Espinal and Olaya's declarations are too vague and conclusory to satisfy even the low burden of proof required for conditional certification.  Defs. Opp. 2 (Dkt. 27).  Specifically, Defendants argue that Espinal and Olaya have not adequately established that other employees were similarly denied minimum wage and overtime by Defendants pursuant to a common policy.  *Id.* at 6-12.  At a minimum, according to Defendants, the proposed collective is too broad based on the evidence presented and should be limited to bussers who worked while Espinal and Olaya were employed by Defendants and who worked while Vitera was a manager.  *Id.* at 12-15.

To succeed on a motion for conditional certification of a collective action, a "plaintiff's supporting allegations must be specific, not conclusory."  *Ji Li v. Ichiro Rest. Inc.*, No. 14 CIV. 10242 (AJN), 2015 WL 6828056, at *2 (S.D.N.Y. Nov. 5, 2015) (citing *Morales v. Plantworks, Inc.*, No. 05 CIV. 2349 (DC), 2006 WL 278154, at *3 (S.D.N.Y. Feb. 2, 2006)).  "Where a plaintiff bases an assertion of a common policy on observations of coworkers or conversations with them, he

4

must provide a minimum level of detail regarding the contents of those conversations or observations." *Reyes v. Nidaja, LLC*, No. 14 CIV. 9812, 2015 WL 4622587, at *3 (S.D.N.Y. Aug. 3, 2015). Here, Plaintiff succeeds in doing so as to bussers but offers only conclusory allegations that "lack even minimal detail about the plaintiff['s] conversations with, and observations of" runners and other non-managerial wait staff. *Ji Li*, 2015 WL 6828056 at *4 (citing *Reyes*, 2015 WL 4622587, at *3).

Between the two of them, Espinal and Olaya have named nine other bussers that they personally observed performing off-the-clock work, and they both learned from conversations with those bussers that they were not being paid for the off-the-clock work. Espinal Decl. ¶¶ 9-10; Olaya Decl. ¶¶ 9-10. Espinal and Olaya also both aver that Defendant Vitera often threatened bussers, including themselves, that if they did not perform off-the-clock napkin work, they would be given a "warning," and three warnings would result in termination. Espinal Decl. ¶ 7; Oyala Decl. ¶ 7. Plaintiff has thus adequately provided probative information regarding similarly situated employees in order to satisfy the low standard of proof required for conditional collective certification. *See Qing Gu v. T.C. Chikurin, Inc.*, No. CV 2013-2322 (SJ) (MDG), 2014 WL 1515877, at *3 (E.D.N.Y. Apr. 17, 2014) ("Courts in this Circuit have commonly authorized the sending of collective action notices where plaintiff includes some probative information regarding similarly situated employees such as their names, their duties and their hours worked or where plaintiff provides affidavits from such employees setting forth the pertinent facts." (collecting cases)).

In contrast, as to non-busser, non-managerial wait staff, Espinal alone states vaguely that runners were required to perform off-the-clock tasks like chopping onions and that he learned from Jose Guzman, who was a runner and busser, that runners were not paid for such work. Espinal

5

Decl. ¶ 11.  Espinal and Olaya do not identify any runners who were not paid for off-the-clock work and provide no information at all regarding non-busser and non-runner, non-managerial staff.  This is insufficient to meet even the low standard of proof for conditional certification.  *See Qing Gu*, 2014 WL 1515877, at *4 (collecting cases denying leave to send a collective action notice because plaintiffs failed to identify similarly situated employees).

In addition, Plaintiff has failed to show that other bussers were similarly situated with respect to all of Plaintiff's claims.  Plaintiff has only presented evidence that other bussers were similarly situated with respect to his claim that Defendants failed to pay overtime and minimum wage by using an off-the-clock scheme; he has presented no evidence that other employees were similarly situated as to his claim that Defendants failed to pay minimum wage by improperly taking a tip credit.  *See Ali v. N.Y. City Health & Hosps. Corp.*, No. 11 CIV. 6393 (PAC), 2013 WL 1245543, at *2 (S.D.N.Y. Mar. 27, 2013) (holding plaintiff did not "demonstrate that he and the other employees are similarly situated with respect to their claim" that they worked more than forty hours per week as part of a common policy that violated the law because plaintiff presented no information about whether other employees were subject to a common scheme); *Romero v. H.B. Auto. Grp., Inc.*, No. 11 CIV. 386 (CM), 2012 WL 1514810, at *9 (S.D.N.Y. May 1, 2012) ("[P]laintiffs must proffer substantial allegations of a factual nexus between the named plaintiffs and potential opt-in plaintiffs *with regard to their employer's alleged FLSA violation*." (citation and quotation marks omitted) (emphasis added)).  Accordingly, Plaintiff has not satisfied his burden to show that he and potential opt-in plaintiffs were subject to a common scheme in which Defendants failed to pay minimum wage by taking improper tip credit.

Plaintiff's motion for conditional collective certification is therefore granted only as to

bussers and only as to Plaintiff's claim that Defendants failed to pay minimum wage and overtime due to Defendants' alleged off-the-clock scheme.

### III. The Proposed Notice Period Is Too Broad

"The FLSA has a two-year statute of limitations except in the case of willful violations, for which the statute of limitations is three years." *Guaman v. 5 M Corp.*, No. 13 CIV. 03820 (LGS), 2013 WL 5745905, at *5 (S.D.N.Y. Oct. 23, 2013) (citing 29 U.S.C. § 255(a)).  Plaintiff, however, requests that the collective notice period date back to six years before the filing of the Complaint, i.e., to October 14, 2010, because the Complaint also alleges NYLL violations, which have a six-year limitations period.  Pl. Mem. 12-13 (Dkt. 18).  In the alternative, Plaintiff requests a three-year notice period from the date of the filing of the Complaint, not from the date of the order granting conditional certification.  *Id.* at 13-14.  Defendants oppose Plaintiff's request for a six-year notice period and argue for a three-year notice period dating from sending the notice, not from filing the Complaint.  Defs. Opp. 12-14.

A six-year notice period is too broad.  "Courts in this Circuit are split on the appropriateness of adopting the NYLL's limitations period for the purpose of sending FLSA notice to a group of opt-in plaintiffs."  *Gaspar v. Pers. Touch Moving, Inc.*, No. 13-CV-8187 (AJN), 2014 WL 4593944, at *7 (S.D.N.Y. Sept. 15, 2014).  Although some courts have granted a six-year notice period on the basis that untimely FLSA claims may "shed light on the appropriateness of certifying a class action under the NYLL," *Guaman*, 2013 WL 5745905, at *5 (citation omitted), this Court does not find that to be a convincing rationale for extending the notice period for an FLSA collective beyond the FLSA limitations period.  "[A]uthorizing notice to employees whose FLSA claims are untimely would amount to sending those employees 'a notice informing them that (1) there is a pending opt-

7

in lawsuit, (2) they may not opt in, and (3) they may later receive another notice should their status change due to class certification,'" *Gaspar*, 2014 WL 4593944, at *7 (quoting *Lujan v. Cabana Mgmt.*, Inc., No. 10–cv–755 (ILG), 2011 WL 317984, at *9 (E.D.N.Y. Feb. 1, 2011)), which seems likely to be confusing to those employees, *id.* (collecting cases).  In addition, an FLSA opt-in notice is not an appropriate instrument for "shedding light" on whether an NYLL class action may be appropriate; the purpose of an FLSA opt-in notice should not be to "advance counsel's tangential interest in certifying a class of NYLL plaintiffs who (in some cases) *cannot* bring FLSA claims." *Id*; *see also Trinidad v. Pret A Manger (USA) Ltd.*, 962 F. Supp. 2d 545, 564 (S.D.N.Y. 2013).  The notice period is therefore limited to three years.  But, the three-year period is keyed to the date of the Complaint, not the date of the notice, "with the understanding that challenges to the timeliness of individual plaintiffs' actions will be entertained at a later date." *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 451 (S.D.N.Y. 2011); *see also Sultonmurodov v. Mesivita of Long Beach*, No. CV 15-CV-1654 (LDW), 2015 WL 5918415, at *4 (E.D.N.Y. Oct. 9, 2015); *Gaspar*, 2014 WL 4593944, at *7.

**IV.     Plaintiff's Request for Equitable Tolling Is Denied**

Plaintiff requests that the FLSA statute of limitations be equitably tolled until the deadline for putative members to join this action.  Pl. Mem. 19-20.  "When determining whether equitable tolling is applicable, a district court must consider whether the person seeking application of the equitable tolling doctrine (1) has 'acted with reasonable diligence during the time period she seeks to have tolled' and (2) has proved that the circumstances are so extraordinary that the doctrine should apply." *Zerilli-Edelglass v. N.Y. City Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003), *as amended* (July 29, 2003) (quoting *Chapman v. ChoiceCare Long Island Term Disability Plan*, 288

F.3d 506, 512 (2d Cir. 2002)).

"Equitable tolling is a rare remedy to be applied in unusual circumstances," *Wallace v. Kato*, 549 U.S. 384, 396 (2007), and Plaintiff has not proffered any such unusual circumstances in this case.  Because the Court is ruling on Plaintiff's motion for collective action certification just over two months since the parties completed briefing the issue (and Plaintiff filed the motion within three months of filing the Complaint), the time required to rule on this motion is not an "'extraordinary circumstance' justifying application of the equitable tolling doctrine." *Yahraes v. Rest. Assocs. Events Corp.*, No. 10-CV-935 (SLT), 2011 WL 844963, at *2 (E.D.N.Y. Mar. 8, 2011); *cf. Jackson v. Bloomberg, L.P.*, 298 F.R.D. 152, 170 (S.D.N.Y. 2014) (tolling the statute of limitations when it took over seven months to resolve the motion for certification); *McGlone v. Contract Callers, Inc.*, 867 F. Supp. 2d 438, 445 (S.D.N.Y. 2012) (tolling the statute of limitations when it took four months to resolve the motion for certification).  The Court therefore denies Plaintiff's request to equitably toll the limitations period until the deadline for putative members to join this action.

V.     **Plaintiff's Proposed Form of Notice and Consent to Join Form Are Approved in Part**

Defendants raise several objections related to Plaintiff's proposed Notice and Consent to Join Form, Defs. Opp. 16-21, and the Court grants the majority of Defendants' requests for modification.  The Notice should include a statement of the Defendants' position of the case wherever the Notice contains a description of the lawsuit.  *See Roebuck v. Hudson Valley Farms, Inc.*, 239 F. Supp. 2d 234, 239-40 (N.D.N.Y. 2002) (holding that the notice must contain a statement of defendants' position on plaintiff's claims).  The Notice also should identify Defendants' attorney and should require potential opt-in plaintiffs to send their consent forms to the Clerk of Court, not to Plaintiff's counsel.  *Guzman v. VLM, Inc.*, No. 07-CV-1126 (JG) (RER), 2007

WL 2994278, at *8-9 (E.D.N.Y. Oct. 11, 2007) (holding the notice should include defense attorneys' contact information and should direct recipients to submit consent forms to the Clerk of Court), *order clarified*, No. 07-CV-1126 (JG) (RER), 2008 WL 597186 (E.D.N.Y. Mar. 2, 2008). The Court also agrees with Defendants that the proposed Notice is misleading and should be revised to: (1) state that the Notice recipient is not necessarily entitled to monetary recovery, *see Racey v. Jay-Jay Cabaret, Inc.*, No. 15 CIV. 8228 (KPF), 2016 WL 3020933, at *9 (S.D.N.Y. May 23, 2016) (requiring the notice to state: "This Notice does not mean you are entitled to monetary recovery. Any such determination must still be made by the Court"); and (2) explain fully the responsibilities opt-in plaintiffs incur when joining the lawsuit, as enumerated by Defendants, *see Slamna v. API Rest. Corp.*, No. 12 CIV. 757 (RWS), 2013 WL 3340290, at *4 (S.D.N.Y. July 2, 2013) (requiring the notice to explain that opt-in plaintiffs may be responsible for costs and may be required to provide information, appear for a deposition, or testify in court).

      Plaintiff requests that Defendants provide, *inter alia*, the mailing addresses, telephone numbers, and email addresses of non-managerial wait staff, Pl. Mem. 14-15, and Defendants object to providing telephone numbers and email addresses in addition to mailing addresses, Defs. Opp. 19-20.  The Court agrees with Defendants that, in the interest of privacy, producing all of this information is excessive and unnecessary.  *See Hanming Feng v. Soy Sauce LLC*, No. 15 CV 3058 (ENV) (LB), 2016 WL 1070813, at *7 (E.D.N.Y. Mar. 14, 2016) (holding that, in the interest of privacy and because the additional information was unnecessary at that juncture, defendant need not produce, *inter alia*, email addresses); *Gordon v. Kaleida Health*, No. 08-CV-378S, 2009 WL 3334784, at *9 (W.D.N.Y. Oct. 14, 2009) (holding that, in the interest of privacy, defendant was not required to produce phone numbers and email addresses, among other information).  Defendants

10

must produce mailing addresses and email addresses, but not telephone numbers, as the Court believes providing a telephone number is a greater intrusion of privacy than email.

Plaintiff also requests that the Court permit him to send a Notice and Reminder Notice via mail, email, and text message and that the Court require Defendants to post the Notice at the workplace. Pl. Mem. 15-19. Defendants argue that sending the Notice by first class mail suffices, that posting at the workplace is intrusive, and that that the Reminder Notice is unnecessary. Defs. Opp. 20-21. Plaintiff may mail and email the Notice and Reminder Notice to potential opt-in plaintiffs,[2] and Defendants are not required to post the Notice at the workplace. At this point, there is no need to post at the workplace given that there is no reason to believe that Defendants do not have up-to-date contact information for current employees, who would be the only potential opt-in plaintiffs to receive notice from a posting at the workplace, and given that posting at the workplace would otherwise be intrusive. A single reminder notice, however, sent only via mail and email, is not overly intrusive. Finally, Defendants do not object to Plaintiff's request to distribute all notices in English and Spanish, and the Court grants the request.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion is GRANTED with respect to bussers and DENIED as to all other proposed collective members. In addition, Plaintiff's motion is denied as to claims for failure to pay minimum wage due to improperly taking a tip credit. The notice period is limited to three years from the date of the filing of the Complaint, and Plaintiff's motion for equitable tolling is denied. No later than **April 21, 2017**, Plaintiff must submit revised notice documents in accordance with the revisions required by this order. After the close of the opt-in

---

[2] If some potential collective members cannot be reached based on the address and email provided by the Defendants, Plaintiff may request that the Court order Defendants to provide telephone numbers for those individuals.

period, this case will continue to mediation per the Court's prior referral order. The Clerk of Court is respectfully directed to close the open motion at docket entry 16.

**SO ORDERED.**

**Date: April 10, 2017**
**New York, New York**

**VALERIE CAPRONI**
**United States District Judge**