

Danielle E. Gonnella
Tel 973.443.3295
Fax 973.295.1355
gonnellad@gtlaw.com

June 7, 2017

**VIA ECF Only**
The Honorable Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    *Espinal v. Victor's Café 52nd Street, Inc. et al.*
             **Civil Action No. 1:16-cv-08057 (VEC-DCF)**

Dear Judge Caproni:

    This firm represents Defendants Victor's Café 52nd Street, Inc. ("Victor's Café"), and Sonia Zaldivar and Christian Cardenas, improperly plead at Christian Betere, individually, (collectively, as "Defendants") in the above matter. I write to inform the Court of an issue that has arisen with Plaintiffs' counsel's issuance of Court approved and unapproved notices to putative collective members in this matter, and to request a conference in advance of Defendants filing a motion for further Order of this Court denying Plaintiffs' request to send an email reminder notice to the putative collective.

    On April 10, 2017 the Court issued an Order on Plaintiffs' Motion for Conditional Collective Certification. (Dkt. 34). In Your Honor's Memorandum and Order at Section 5, Your Honor approved *in part* Plaintiffs' proposed notice and consent forms. Your Honor agreed with Defendants, however, that "in the interest of privacy, producing all [personal identifying] information is excessive and unnecessary", citing to *Hanming Feng v. Soy Sauce LLC*, No. 15-CV-3058 (ENV) (LB) 2016 WL 1070813, at *7 (E.D.N.Y. Mar. 14, 2016) and *Gordon v. Kaleida Health*, No. 08-CV-378S, 2009 WL 3334784, at *9 (W.D.N.Y. Oct. 14, 2009). These cases stand for the proposition that, in the interest of privacy, defendants need not produce email addresses, phone numbers or other unnecessary information at this juncture.

    Your Honor ordered only the production of email addresses, finding telephone numbers to be "a greater intrusion of privacy than email". Your Honor also granted Plaintiffs the ability to send reminder email notice over Defendants' objections. On April 24, 2017, Your Honor approved the English notice, reminder notice, and email notices agreed upon by counsel, and directed Defendants to produce contact information for the putative collective members by May 15, 2017. (Dkt. 36).

    On June 1, 2017, without any prior warning to defense counsel, Plaintiffs' counsel submitted the notices to the putative collective members, including an unapproved Spanish

Honorable Valerie E. Caproni
June 7, 2017
Page 2

notice and email.[1]  In fact, Plaintiffs' counsel sent not only one email to the putative collective members, but two.  The first email contained the approved English email notification and attached notice, while the second email contained an unapproved Spanish translation of the email notification, and Plaintiffs' Spanish translation of the English notice. Troublesome is the fact that defense counsel made multiple written and verbal requests to review and approve the translated notice, prior to its issuance to the putative collective members.[2]

**Improper Disclosure of Personal Identifying Information**

More troubling is the fact that the email notice – which was sent to 28 putative collective members – disclosed on the "to" line every other individual's personal email address.

Stated differently, Plaintiffs' counsel sent two email blasts to disclosed putative collective members, thereby revealing each individual's personal identifying information to every other individual included on the emails.  Plaintiffs' behavior is the exact concern we raised when we objected to the disclosure of employee email addresses as being intrusive and contrary to individual privacy interests.

Furthermore, this method of email service clearly poisons the well, as it encourages forwarding of the email, discourse between collective members and other unrelated employees, encourages an inappropriate dialogue, and further serves to confuse the collective.[3]  The email notice is distorted in a manner that undermines the effectiveness of the court-approved notice. *See Karvaly v. eBay, Inc.*, 245 F.R.D. 71, 91 (E.D.N.Y. 2007) and *Gordon v. Kaleida Health*, 2009 WL 3334784, 08-cv-378S, at *11 (W.D.N.Y. Oct. 14, 2009)(both district courts recognizing concern that notifications by electronic mail can create the risk of distortion or misleading notification through modification of the notice itself or the addition of commentary); *see also Reab v. Electronic Arts, Inc.*, 214 F.R.D. 623, 630 (D. Colo. 2002) (denying plaintiff's ability to send electronic communications based upon the inherent ability for the communication

---

[1] In *Woods v. N.Y. Life Ins. Co.*, 686 F.2d 578, 580 (7th Cir. 1982) the circuit court posited that " . . . the defendant has a vital interest in, and the court a managerial responsibility regarding, the joinder of additional parties plaintiff, and these concerns support the modest duty and power that we infer."

[2] Importantly, the Spanish notice submitted by Plaintiffs' counsel contains errors that misstate the scope of this litigation, which Defendants would have sought to correct prior to its dissemination.  By way of example, Plaintiffs chose to use the term "ayudante" to represent working as a busboy, for which there is no comparable word in Spanish.  Defense counsel would have suggested that "busboy" be included in parenthesis for clarification purposes, as the notice is unclear as to who this lawsuit intends to reach, particularly since many of the individuals contained in the email sent by Plaintiffs' counsel are no longer busboys.

[3] Most of the individuals who were emailed are current employees who now serve in roles other than busser, thereby confusing who this notice seeks to capture.

Honorable Valerie E. Caproni
June 7, 2017
Page 3

to be copied and forwarded with commentary that could distort the notice approved by the Court). It would appear that such notice only exacerbates confusion and sensationalism.

In *Gulf Oil Company v. Bernard*, the United States Supreme Court noted that although "class actions serve as important function in our system of civil justice," they also present "opportunity for abuse." 452 U.S. 89, 99-100 (1981). Many of the opportunities for abuse are "associated with communications to class members." *Ibid.* These potential abuses include "heightened susceptibilities of nonparty class members to solicitation amounting to barratry," "increased opportunities of the parties and counsel to 'drum up' participation in the proceedings," and "[u]napproved communications to class members that misrepresent the status or effect of the pending litigation." *Id.* at 101 n.12 (internal quotations and citations omitted). As the Supreme Court has recognized, the same potentials for abuse present in the class action context are present in collective actions. *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 171 (1989). In light of these potentials for abuse "'a district court has both the duty and the broad authority to exercise control over a class [or collective] action and to enter appropriate orders governing the conduct of counsel and the parties.'" *Id.* at 171 (quoting *Gulf Oil, Co.*, 452 U.S. at 100 and applying reasoning of the same to collective actions).

As such, we respectfully seek a conference to discuss a potential motion precluding Plaintiffs' counsel from sending an email reminder notice, precluding Plaintiffs' counsel from obtaining any additional personal identifying information for the putative collective members, and requesting that Defendants be provided with the full email chain that has and will continue to result from the mass email communications incited by Plaintiffs' counsel.

                                              Respectfully submitted,

                                              *s/ Danielle E. Gonnella*

                                              Danielle E. Gonnella

Cc: Counsel for Plaintiffs (Via ECF)