# Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DIONNY ESPINAL, on behalf of himself, individually, and on behalf of all others similarly-situated,<br><br>                    Plaintiff,<br><br>        -against-<br><br>VICTOR'S CAFÉ 52nd STREET, INC., and SONIA ZALDIVAR, individually, and CHRISTIAN BETERE, individually,<br><br>                    Defendants. | **Docket No.:**<br>**1:16-cv-8057-VEC** |

## CLASS AND COLLECTIVE ACTION
## <u>SETTLEMENT AGREEMENT AND RELEASE</u>

This Class Action Settlement Agreement and Release ("Agreement") is entered into by and between Named Plaintiff Dionny Espinal (the "Named Plaintiff"), as well as Opt-in Plaintiffs Jose Geyder Forero Olaya, Jonathan Gonzalez, Juan Manuel Soriano, Francisco Espinal, Eduardo Garcia, and Cesar Palacios, (all seven together as "Plaintiffs," on the one hand), and by Defendants Victor's Café 52nd Street, Inc., ("Victor's Cafe"), Sonia Zaldivar, and Christian Cardenas[1] (all, together, as "Defendants"), (Defendants, together with Plaintiffs, as "the Parties"), on the other hand.

## WITNESSETH

WHEREAS, Named Plaintiff filed a Complaint on October 14, 2016, in the United States District Court for the Southern District of New York, which was assigned Docket No. 1:16-cv-8057-VEC ("the Action"), and which has been and is presided over by the Honorable Valerie E. Caproni, United States District Judge ("the Court"); and

WHEREAS, in the Action, Named Plaintiff, brought claims against Defendants for, *inter alia*, alleged unpaid overtime and other wages, collectively in violation of the Fair Labor

---

[1] Defendant Christian Cardenas was named as a Defendant in this action under the name "Christian Betere."

Standards Act ("FLSA") and New York Labor Law ("NYLL") on behalf of himself and all other allegedly similarly-situated individuals pursuant to 29 U.S.C. § 216(b) and Federal Rule of Civil Procedure 23; and

WHEREAS, Defendants expressly deny all of the allegations made or that could have been made by Plaintiffs in the Action and also expressly deny that they violated any law, statute, contract, rule policy or duty owed to Plaintiffs or engaged in any conduct that was wrong or improper and contend that they have complied with all state, local and federal laws, rules and regulations and any other obligations, including FLSA and NYLL, as it or they relate to the employment of Plaintiffs or any similarly situated individual; and

WHEREAS, on January 5, 2017, Named Plaintiff moved to conditionally certify a FLSA collective action and distribute notice pursuant to 29 U.S.C. § 216(b), which Defendants opposed; and

WHEREAS, on April 10, 2017 the Court granted in part and denied in part Plaintiffs' motion for conditional certification, resulting in Plaintiffs' counsel disseminating notice to the putative collective, with a total of six opt-in Plaintiffs joining this action by the conclusion of the notice period; and

WHEREAS, on December 14, 2016, the Court referred the parties to mediation through the United States District Court for the Southern District of New York's Local Civil Rule 83.9, after which the  Parties participated in multiple in-person and telephonic mediation sessions before a third-party neutral and experienced employment law mediator, Ronald Kreismann, Esq. ("Mediator"), and who is a member of the Southern District of New York's mediation panel, between September 5, 2017 and July 23, 2018, including two in-person mediation sessions on November 13, 2017 and March 13, 2018, respectively; and

WHEREAS, following the exchange of extensive electronically stored information reflecting time records and pay records for all allegedly similarly-situated individuals and putative members of the collective and class, and after substantial analysis of that data and ongoing communications between the Parties and the Mediator, the Parties have agreed to settle the Action amicably on behalf of themselves, as well as on behalf of all those allegedly similarly-situated; and

WHEREAS, Plaintiffs' Counsel (as defined below) have evaluated the merits of the claims against Defendants as well as the impact of this Agreement on Plaintiffs, Class Members (as defined below) and Collective Members (as defined below), and is satisfied that this Agreement's terms and conditions are fair, reasonable, and adequate, and that this Agreement is in the best interest of the Named Plaintiff, the Class Members and the Collective Members; and

WHEREAS, the Parties have agreed to the dissemination of a Notice (as defined below) pursuant to Rule 23 of the Federal Rules of Civil Procedure to all Class Members; and

WHEREAS, the Parties will file a joint motion with the Court seeking to certify the Action for settlement purposes only as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and as a final collective action pursuant to 29 U.S.C. § 216(b) (the "Motion") with respect to any individual who performed any work for Defendants at the restaurant known as "Victor's Café at 52nd Street" as a busser and/or runner, located at 236 West 52nd Street, New York, New York 10019, from June 14, 2011 to October 25, 2018, ("Relevant Time Period "); and

WHEREAS, the Parties jointly enter into this Agreement to fully and finally settle all State Law Claims and FLSA Claims (both as defined below), between Named Plaintiff, Class Members, Collective Members, and Defendants, including all claims asserted in the Action, in order to avoid the burden, expense, and uncertainty of continuing the Action; and

NOW THEREFORE, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties hereto agree to a full and complete settlement of the Action on the following terms and conditions:

## 1.    RECITALS

1.1    The foregoing recital paragraphs are incorporated into and form a part of this Settlement Agreement.

## 2.    DEFINITIONS

In addition to the terms already defined above, the terms below shall have the meanings ascribed to them.

2.1    "**Administrator**" or "**Claims Administrator**." The terms Administrator or Claims Administrator refer to Arden Claims Service, LLC, the administrator that the Parties have selected to mail the Notices (as described below), to administer the terms of this Agreement, and who - - along with Plaintiffs' Counsel - - will respond to any inquiries from any Class and/or Collective Members.

2.2    "**Claim Form**."  The term "Claim Form" refers to the form approved by the Court that a Class Member must submit in order to be eligible to become a Participating Claimant, as that term is defined below. A proposed draft of the Claim Form is attached hereto as **Exhibit A.**

2.3     **"Claim Form Deadline."**   The term "Claim Form Deadline" means the date forty-five (45) days after the Notice and Claim Form is initially mailed to the Class Members, as that term is defined below.

2.4     **"Class" or "Class Member(s)."**  Class or Class Members shall mean: all individuals who spent at least one day working as a busser and/or food runner at Defendants' restaurant located at 236 West 52nd Street, New York, New York 10019, from June 14, 2011 to October 25, 2018, and who do not opt-out of the Action as explained below.

2.5      **"Class Counsel" or "Plaintiffs' Counsel."** Class Counsel or Plaintiffs' Counsel shall mean Michael J. Borrelli, Esq., Alexander T. Coleman, Esq., and Michael R. Minkoff, Esq., of Borrelli & Associates, P.L.L.C., as well as any other attorney or individual from Borrelli & Associates, P.L.L.C. who has performed or will perform work on this case.

2.6     **"Class Member List."** The Class Member List shall mean a list of all Class Members, identified by: (i) name; (ii) last known address; and (iii) dates of employment during the Relevant Time Period; contained in a confidential document that the Defendants will provide to Plaintiffs' Counsel and the Claims Administrator before execution of this Agreement, and which is attached hereto as **<u>Exhibit B,</u>** and which will be supplemented within fourteen (14) days of the Court's Implementing Order, as defined below, if necessary.  The Class Member List is to be used by Plaintiffs' Counsel and the Claims Administrator solely to effectuate settlement, and may not be copied, disseminated or used for any other purpose. The Class Member List shall also be returned to Defendants and/or destroyed within fourteen (14) days of the Court's Final Order.

2.7     **"Collective Members."** Collective Members shall mean: any individual who opts into this Action by executing his/her Claim Form and returning it to the Claims Administrator by the Claim Form Deadline.

2.8     **"Court."** The Court shall mean the United States District Court for the Southern District of New York, the Honorable Valerie E. Caproni, United States District Judge, presiding.

2.9     **"Days."** Unless otherwise specified, days shall mean calendar days.

2.10     **"Defense Counsel."** Defense Counsel shall be Jonathan Sulds, Esq., and Danielle E. Gonnella, Esq., of Greenberg Traurig, LLP.

2.11     **"Fairness Hearing."** The Fairness Hearing, which might otherwise be referred to as the "Final Approval Approving," shall mean the hearing before the Court relating to the Motion for Final Approval, unless otherwise scheduled by the Court without the filing of a motion.

2.12     **"Final Effective Date."** The Final Effective Date shall be five (5) days after the time to appeal the Final Order has expired and no notice of appeal has been filed. In the event a

notice of appeal is filed, the Final Effective Date shall be the latest date upon which one of the following has occurred: (1) any appeal from the Final Order has been finally dismissed; (2) the Final Order has been affirmed on appeal in a form substantially identical to the form of the Final Order entered by the Court; (3) the time to petition for review with respect to any appellate decision affirming the Final Order has expired; and (4) if a petition for review of an appellate decision is filed, the petition has been denied or dismissed, or, if granted, has resulted in affirmance of the Final Order in a form substantially identical to the form of the Final Order entered by the Court.

2.13    **"Final Order."** The Final Order shall mean the order entered by the Court after the Fairness Hearing (or after the Parties file their Motion for Final Approval, if the Court chooses not to schedule a Fairness Hearing) approving the terms and conditions of this Agreement, the distribution of funds from the Settlement Account, approval of professional fees and costs, and dismissing the Action.

2.14    **"FLSA Claims."** FLSA Claims shall mean all wage and hour claims that were or that could have been asserted pursuant to the Fair Labor Standards Act and/or its implementing regulations by or on behalf of the Plaintiffs, Collective Members, or Class Members.  "Released FLSA Claims" refer to all claims under the FLSA.

2.15    **"Implementing Order."** The Implementing Order shall mean the Order entered by the Court: (i) effectuating the settlement; (ii) approving the proposed Notice and Claim Form; (iii) directing the manner and timing of publishing the Notice to the Class and Collective Members; (iv) certifying the settlement Class and Collective; and (v) appointing Class Counsel. A proposed draft of the Implementing Order is attached hereto as **Exhibit C.**

2.16    **"Motion for Final Approval."** The Motion for Final Approval shall mean the Parties' Joint Motion for final approval of the class action settlement pursuant to Rule 23 of the Federal Rules of Civil Procedure and final approval of the collective action settlement pursuant to 29 U.S.C. § 216(b); and any other relief necessary to consummate the settlement of the Action.

2.17    **"Named Plaintiff."** Named Plaintiff shall mean Dionny Espinal**.**

2.18    **"Notice(s)."**   Notice and Notices shall mean the Court-approved Notice of Proposed Class and Collective Action Settlement, including notice of an opportunity to opt-out and/or object to the proposed settlement.  A proposed draft of the Notice is attached hereto as **Exhibit D**.

2.19    **"Notice Packet."** A Notice Packet will contain (1) the Court-approved Notice; (2) a Claim Form; and, (3) any additional information agreed upon by the parties in both English and Spanish.

2.20    **"Objector."** Objector shall mean any Class Member who properly files an objection to the settlement in accordance with the instructions contained in the Notice; it shall not include any individual who opts-out of this Agreement.

2.21    **"Opt-out Statement."** An Opt-out Statement is a written signed statement submitted by a Class Member who has decided to opt out and not be included in this Agreement. Any Class Member who does not submit an Opt-out Statement waives and releases all State Law Claims, even if he or she does not cash his or her settlement check(s) in this matter.  A Class Member who submits an Opt-out Statement retains all rights to maintain State Law Claims and FLSA Claims.

2.22    **"Participating Claimant."** "Participating Claimant" means each Class Member who timely submits a Claim Form and Release by the Claim Form Deadline.

2.23    **"Settlement Account."** The Settlement Account shall mean a qualified settlement fund established by the Administrator, pursuant to this Agreement, at a bank reasonably acceptable to the Parties. The Settlement Account shall contain the Settlement Funds.

2.24    **"Settlement Checks."** The Settlement Checks shall mean the checks issued to Class/Collective Members from the Settlement Account by the Administrator as calculated by the Administrator in accordance with this Agreement.

2.25    **"Settlement Payment," "Settlement Amount."**  "Settlement Payment" and/or "Settlement Amount" means the gross amount of monies allocated to a Class Member pursuant to this agreement, exclusive of any Service Payment/Award.

2.26    **"Settlement Fund."** The Settlement Fund shall mean the maximum aggregate amount that can be paid by Defendants pursuant to this Agreement and includes Service Awards, legal fees, costs, and expenses, including the Claims Administrator's fee, but not including employer-side payroll taxes, except as indicated in Paragraph 4.4(C). Under no circumstances shall the Settlement Fund exceed Three Hundred Forty-Five Thousand Dollars ($345,000.00).

2.27    **"State Law Claims."** The State Law Claims shall mean all wage and hour claims that were or could have been asserted under the New York Labor Law and its implementing regulations by the Plaintiffs and the Class Members.  Released New York State Law Claims include, but are not limited to, all claims under New York law for overtime, regular, and minimum wages, including spread of hours, tips or gratuities, Wage Theft Prevention Act ("WTPA") penalties and alleged violations, liquidated damages, and any other related wage and hour claims and/or damages resulting from the alleged failure to pay minimum wages, regular wages, spread of hours, and/or overtime wages, comply with the WTPA, interest on such claims, and attorneys' fees, expenses and costs related to such claims.

## 3.   INITIAL PROCEDURAL ISSUES

3.1     **Binding Agreement.** Subject to Court approval, this Agreement (including the Exhibits attached hereto) embodies the entire agreement and understanding of the Parties hereto, and supersedes all prior or contemporaneous written or oral communications or agreements between Plaintiffs and Defendants regarding the subject matter hereof.

3.2     **Retention of the Administrator.** The Parties shall jointly agree on the engagement of the Administrator to mail Notices and Claim Forms and administer the terms of the Agreement.

3.3     **Responsibilities of the Administrator**. The Administrator shall be responsible for:

(A)     preparing, printing, translating into Spanish, and disseminating the Notice and Claim Form to the Class;

(B)     copying counsel for all Parties on material correspondence and promptly notifying all counsel for the Parties of any material requests or communications made by any Party;

(C)     promptly furnishing to counsel for the Parties copies of any Opt-out Statements, objections, or other written or electronic communications from the Class that the Administrator receives;

(D)     keeping track of Claim Forms, Objections, and Opt-out Statements and maintaining the original mailing envelope in which the request was mailed;

(E)     mailing all required tax forms to Class Members and to Class Counsel as provided herein;

(F)     setting up a Settlement Account to be used for the distribution of all Settlement Checks to Plaintiffs, Class Members, Plaintiffs' Counsel, the Claims Administrator, and Defendants, as may be necessary as described below;

(G)     calculating the amount of each Plaintiff's and Class Member's Settlement Check;

(H)     calculating the employer-side payroll taxes required pursuant to the settlement and advising Defendants of the amounts of such taxes owed to the extent that the reversion does not cover same;

(I)     calculating and paying each Plaintiff's and Class Member's withholding taxes and preparing appropriate W-2 and 1099 tax forms for each Plaintiff and Class Member;

(J)      mailing the Settlement Checks to Plaintiffs and Class Members;

(K)      ascertaining current address and addressee information for each Notice returned as undeliverable, in compliance with the terms of this Agreement, and the mailing of Notice;

(L)      referring to Class Counsel and Defense Counsel all inquiries by the Class regarding matters not within the Administrator's duties specified herein;

(M)      responding to inquiries from Class Counsel and Defense Counsel consistent with the Administrator's duties specified herein;

(N)      promptly apprising Class Counsel and Defense Counsel of the activities of the Administrator;

(O)      maintaining adequate records of its activities, including the dates of the mailing of Notice(s), returned mail and other communications and attempted written or electronic communications with the Class;

(P)      confirming in writing to Class Counsel and Defense Counsel its completion of the administration of the settlement;

(Q)      forwarding to Class Counsel and Defense Counsel copies of all Claim Forms received within seven (7) days following the Claim Form Deadline;

(R)      timely responding to communications from the Parties or their counsel; and

(S)      such other tasks as the Parties mutually agree.

In addition, no later than thirty (30) days prior to the Fairness Hearing, the Administrator shall certify jointly to Plaintiffs' Counsel and to Defense Counsel: (a) a list of all Class Members and Collective Members; (b) a list of all Class Members and Collective Members who filed timely objections; and (c) a list of all Class Members and/or Collective Members who requested to opt out of the settlement at any time during the opt-out period.

3.4      **Notice.** The Notice will inform Class Members and Collective Members about this Agreement and will also advise them of the opportunity to object to it, opt out of it, submit Claim Forms to participate in it, and/or to appear at the Fairness Hearing, either *pro se* or through counsel.  The Notice will also inform Class Members and Collective Members that if they wish to appear at the Fairness Hearing with their own counsel, their counsel must file a notice of appearance by no later than fourteen (14) days before the Fairness Hearing.

3.5     **Notice to the Class.**

(A)     Within fourteen (14) days of the Court's entry of the Implementing Order, Defense Counsel will provide Plaintiffs' Counsel and the Administrator, in electronic form and for all Class Members, an updated version of the Class Member List and/or confirm that the list attached hereto as **Exhibit B** is accurate and up-to-date. All information provided regarding the Class will be treated as confidential information by Plaintiffs' Counsel and the Administrator.

3.6     **Initial Mailing.** Within twenty-eight (28) days of the entry of the Implementing Order by the Court, the Administrator will mail the Notice Packet to all Class Members, via First Class United States Mail, in both English and Spanish languages.  The Administrator will take all reasonable steps to obtain the correct address of any Class Member for whom a Notice is returned by the post office as undeliverable, including by running one skip trace, and shall attempt a re-mailing to any Class Member for whom it obtains a more recent address. If the results of the skip trace do not yield a new address no additional notice will be sent. The Claim Form of any member of the Settlement Class who was resent a Court-authorized Notice Packet as a result of the skip trace process will be considered timely only if it is received by the Claims Administrator within fourteen (14) days after the Claim Form Deadline.

3.7     **Access to the Administrator**. The Parties will have equal access to the Administrator throughout the claims administration period. Plaintiffs' Counsel and Defense Counsel agree to provide the Administrator with all accurate information necessary to reasonably assist the Administrator in locating the Class Members.

3.8     **Approval of the Implementing Order.**

(A)     The proposed Implementing Order will seek a deadline of forty-five (45) days from the initial mailing of Notice to the Class to: (a) submit Claim Forms; (b) file Opt-out Statements; and/or (c) to become Objectors. The Proposed Implementing Order shall also seek a date for the Fairness Hearing for Final Approval of the Settlement that shall be no earlier than ninety (90) days following the date on which the Court enters the proposed Implementing Order.

(B)     The Parties will work together, diligently and in good faith, to expeditiously obtain an Implementing Order, Final Order, and Final Judgment and Dismissal with prejudice.  Any disputes that arise between the Parties related to the Parties' efforts to obtain any of these orders shall be submitted to Mediator, Ronald Kreismann, Esq., for resolution.

3.9     **Opt-outs.**

(A)     Class Members who choose to opt out of the settlement as set forth in this Agreement must mail via First Class United States Mail, postage prepaid, a written, signed

statement to the Administrator that states that he or she is opting out of the settlement, and that includes his or her name, address, and telephone numbers along with a statement clearly indicating his or her intention to opt-out such as: "I elect to exclude myself from the settlement in *Espinal v. Victor's Café 52nd Street, Inc., et al.*, Case No. 16-cv-8057(VEC)." To be effective, an Opt-out Statement must be postmarked or received by the Administrator within forty-five (45) days after the initial mailing of Notice to the Class.

(B)    The end of the time period to opt out of the settlement ("Opt-out Period") shall be forty-five (45) days after the initial mailing of Notice to the Class.

(C)    The Administrator will send a final list of all Opt-out Statements to Plaintiffs' Counsel and Defense Counsel at least twenty-one (21) days before the date that the Court sets as the deadline for submission of the Parties' Motion for Final Approval. The Administrator will retain the stamped originals of all Opt-out Statements and originals of all envelopes accompanying Opt-out Statements in its files until such time as the Administrator is relieved of its duties and responsibilities under this Agreement.

(D)    Any Class Member who does not submit an Opt-out Statement pursuant to this Agreement will be deemed to have accepted the settlement and the terms of this Agreement, will be bound by the Judgment in this case, and will have any and all State Law Claims released and dismissed. Moreover, any Class Member who timely executes and submits his or her Claim Form will thereby become a Collective Member and have all FLSA Claims released and dismissed. Defendants shall have no obligation to pay any Class Member who opts-out of this settlement as set forth in this Agreement.

3.10    **Objections to Settlement.**

(A)    Objectors who wish to present objections to the proposed settlement at the Fairness Hearing must first do so in writing. To be considered, such statement must be mailed to the Administrator via First-Class United States Mail postmarked by forty-five (45) days after the initial mailing of Notice to the Class. The statement must state, in sum and substance, "I object to the settlement in *Espinal v. Victor's Café 52nd Street, Inc., et al.*, Case No. 16-cv-8057(VEC)," and include all reasons for the objection, and any supporting documentation, including citations to any authority on which the Objector may seek to rely, together with the name and address of any attorney representing the Objector therein. The statement must also include the name, address, and telephone number for the Class Member making the objection. The Administrator will stamp the date received on the original and send copies of each objection and supporting documents to Plaintiffs' Counsel and Defendants' Counsel by email delivery no later than three (3) days after receipt of the objection.

(B)    An Objector has the right to appear at the Fairness Hearing, either with or without counsel hired by the Objector at the Objector's expense. An Objector who wishes to

appear at the Fairness Hearing must state his or her intention to do so in writing on his or her written objections at the time he or she submits his or her written objections. An Objector may withdraw his or her objections at any time. Filing an objection does not constitute the filing of an Opt-out Statement or a Claim Form. If an Objector wishes to appear at the Fairness Hearing with counsel hired by the Objector at the Objector's expense, the Objector's attorney must enter a notice of appearance by no later than fourteen (14) days before the date of the Fairness Hearing.

3.11   **Fairness Hearing and Motion for Final Approval and Dismissal**. At the Fairness Hearing, the Parties will jointly request that the Court, among other things: (1) approve the settlement and Agreement as fair, reasonable, adequate, and binding on all Class Members who have not timely opted out of the settlement; (2) order the Administrator to distribute the Settlement Checks to the Class Members; (3) order the attorneys' fees, expenses, and costs to be paid to Plaintiffs' Counsel out of the Settlement Account; (4) order the dismissal with prejudice of all State Law Claims by all Class Members who did not opt out; (5) order the dismissal with prejudice of all FLSA Claims by all Class Members who returned a Claim Form or who affirmatively sign and deposit their Settlement Checks; (6) order entry of Final Judgment in accordance with this Agreement; and (7) retain jurisdiction over the interpretation and implementation of this Agreement.

3.12   **Effect of Failure to Grant Final Approval.** In the event the Court fails to enter Judgment in accordance with this Agreement, or such Judgment does not become Final as defined herein, the Action will proceed as if no settlement had been attempted.

3.13   **Claim Forms; Remailing; Timeliness of Claims.**

(A)   The Claims Administrator shall mail a Notice Packet to any Class Member who contacts the Claims Administrator during the time period between the initial mailing of the Notice Packet and the Claim Form Deadline and requests that a Notice Packet be re-mailed.

(B)   In the event any Class Member submits a Claim Form in a timely manner (i.e., post-marked or received by the Claims Administrator on or before the Claim Form Deadline), but the document is incomplete or otherwise deficient in one or more aspects, the Claims Administrator (no later than seven (7) days following the Claim Form Deadline) shall provide the member of the Settlement Class with a letter requesting the information that was not provided and giving the member of the Settlement Class fourteen (14) days from the date the deficiency letter is mailed to the Class Member to correct the deficiencies and resubmit the document. To be considered timely, the envelope containing the corrected and resubmitted document must be received or postmarked either: within fourteen (14) days of the date the deficiency letter is mailed to the individual; or within sixty (60) days of the original mailing, whichever is later.

(C)     In the event of any dispute over a Class Member's dates of employment and/or the late submission of any Claim Forms, the Parties will meet and confer in good faith in an effort to resolve the dispute, and if the Parties are unable to reach an agreement, Mediator Ronald Kreismann, Esq. shall decide the dispute in the first instance.  If Mr. Kreismann is unavailable or unwilling to resolve the dispute, the Parties shall submit the dispute to the Court. Either Mr. Kreismann's or the Court's decision will be final; however, to the extent a claim is submitted late for which there is a good faith explanation (not simply an excuse that, for example, the Class Member forgot to return the Claim Form in a timely manner) to support the untimely submission, it will be presumed that the Claims Administrator will accept same.

(D)     In order to be a Participating Claimant, Class Members must properly complete and timely return a Claim Form so that it is postmarked or received by the Claims Administrator on or before the Claim Form Deadline.

(E)     The Claims Administrator shall provide to Defendants' counsel and Class Counsel weekly reports between the initial mailing of Notice Packets and the Claim Form Deadline detailing the number of all timely received and completed Claim Forms and the names of said Participating Claimants, and shall also provide a list of Participating Claimants to Defendants' counsel and Class Counsel within five (5) days after the Claim Form Deadline.

(F)     Within thirty (30) days following the Claim Form Deadline, the Claims Administrator shall determine the total amount of the Settlement Payments claimed by the Participating Claimants, and, after the Claims Administrator performs any re-calculations (using the formula discussed in Section 4.1, below), if there is a change in the list of Class Members or other relevant information, the Participating Claimants' Settlement Payments shall be deemed the Settlement Payment amounts. The total of all Settlement Payments shall not exceed the Settlement Fund.

(G)     Within thirty (30) days following the Claim Form Deadline, the Claims Administrator shall certify jointly to Class Counsel and Defendants' counsel: (1) a list of all Participating Claimants; and (2) the total Settlement Payment due to each Participating Claimant, together with the Claims Administrator's calculations of such payments.  Class Counsel shall file any opt-out statements as an exhibit to the Parties' Joint Motion for Final Approval.

## 4.   SETTLEMENT TERMS

### 4.1   Settlement Fund Computation and Allocations.

Individual Class Members' proportionate shares of the Settlement Fund shall be computed pursuant to the formula below:

(A)     Class Members shall receive one (1) point for every week in which they

worked from June 14, 2011 to October 25, 2018.

(B)     The Settlement Fund, after deductions for court-approved attorneys' fees, Service Awards, and all other court-approved fees, expenses and disbursements ("Net Settlement Fund"), will be divided by the aggregate number of points accrued by all of the Class Members ("Total Point Value").

(C)     Each Class Member's individual total points will be divided by the Total Point Value and then multiplied by the Net Settlement Fund to determine his or her "Individual Settlement Amount."

(D)     All Class Members who do not timely opt out under the terms of this Agreement *and* who timely submit a Claim Form on or before the Claim Form Deadline, or whose untimely submission is excused consistent with the terms and conditions outlined above in Paragraph 3.13(c), will receive their Individual Settlement Amount.

(E)     Any Class Members who (a) does not return a Claim Form to the Settlement Administrator in compliance with the preceding paragraph, and (b) does not seek to be excluded from the Parties' settlement prior to the date set forth in the Notice, shall be deemed to release all State Law Claims against the Released Parties and shall be deemed to have waived any right to receive a payment in conjunction with the Parties' settlement.

(F)     Any of the original seven Collective Members who (a) have filed a consent to join the Action prior to the Effective Date, and (b) do not return a Claim Form to the Settlement Administrator shall be deemed to release all FLSA Claims and State Law Claims against the Released Parties and shall be deemed to have waived any right to receive a payment in conjunction with the Parties' settlement.

(G)     Class Members will have 120 days from the date that the checks are mailed to cash their checks. After the expiration of 120 days the checks issued but not cashed shall be voided. Those Class Members who do not cash their checks will be deemed to have waived irrevocably any right or claim to a settlement share, but the Settlement Agreement shall remain binding upon them. After the expiration of the 120-day period, to the extent that any funds remain in the Settlement Fund, the Administrator will distribute 33.33% of the balance to all Class Members who have cashed their checks on a *pro rata* basis, consistent with paragraph (C) of this section.  Of the remaining 66.67% percent, after payment of all employer-side payroll taxes, (33.33%), will revert back to Defendants and 33.34% will be donated to a four-star 501(c)(3) charity or charities of Defendants' choosing, provided that said charities provides no economic gain or benefit to Defendants and/or Defendants' counsel, to be communicated to Plaintiffs' Counsel and the Administrator within fourteen (14) days of entry of the Implementing Order.  Class Members will have an additional 120 days from the date the second checks are mailed to cash their checks. After the expiration of 120 days the checks issued but not cashed

shall be voided. Any remaining funds shall revert 50% to Defendants and 50% to the charity or charities chosen by Defendants.

(H)   **Return of Claim Amounts for Opt-Outs.** For each member of the Settlement Classes who seeks to be excluded from the Parties' settlement prior to the Court order resulting in Final Approval, the entire Claim Amount for that individual shall revert to Defendants.  The Settlement Administrator shall transfer to Defendants one hundred percent (100%) of the aggregate of all Claim Amounts that revert to Defendants pursuant to this paragraph, along with all interest earned on such Claim Amounts while on deposit in the Escrow Account, within fourteen (14) days after Final Approval.

(I)   **Service Awards**. Service Awards, subject to court approval, shall total $22,500.00, payable to the following individuals, subject to court approval, based on certain services provided to the Class and Collective as follows: (i) $5,000.00 to Named Plaintiff Dionny Espinal; (ii) $5,000.00 to opt-in Plaintiff Jose Geyder Ferero Olaya; (iii) $2,500.00 to opt-in Plaintiff Jonathan Gonzalez; (iv) $2,500.00 to opt-in Plaintiff  Juan Manuel Soriano; (v) $2,500.00 to opt-in Plaintiff Francisco Espinal; (vi) $2,500.00 to opt-in Plaintiff Eduardo Garcia; and (vii) $2,500.00 to opt-in Plaintiff Cesar Palacio; all of which will be deducted from the total Settlement Amount. The outcome of the Court's ruling on the application for Service Awards shall not terminate this Agreement or otherwise affect the Court's Final Approval so long as it does not increase the Settlement Fund.  Should the Court in any way reduce any Service Awards, the amount reduced will be reverted to the Defendants.

(J)   **Maximum Payment**. The Parties expressly acknowledge that Defendants shall not be required to pay more than the Settlement Fund of Three Hundred Forty-Five Thousand Dollars ($345,000.00) (excluding the employer's share of payroll taxes due under this Agreement, except as indicated in Paragraph 4.4(C)), regardless of the number of Class Members or Collective Members included in this settlement as Participating Claimants.

(K)   **Funding of the Settlement Fund.** The Settlement Fund will be funded by Defendants within 24 hours after entry of the Final Order by effectuating a wire transfer of the Settlement Fund to the Administrator, plus any fees or costs affiliated with any such wire transfer.  The Administrator will notify Plaintiffs' Counsel within 24 hours of the Settlement Fund being funded.  If Defendants do not timely fund the Settlement Fund, Defendants agree to pay any costs and fees associated with any enforcement action brought thereafter by Plaintiffs necessary to effectuate the funding.

(L)   **Mailing of Settlement Checks.**  The Claims Administrator shall, within ten (10) days after the Final Effective Date, send the Settlement Checks, comprising the Plaintiffs' Individual Settlement Amounts, Plaintiffs' Counsels' approved professional fees and expenses, and any Service Awards for Plaintiffs to the Class Members, Collective Members, and Plaintiffs' Counsel.

4.2     **Professional Fees and Costs.** At the Fairness Hearing, Class Counsel will petition the Court for an award of attorneys' fees of $115,000.00, plus their reimbursable costs and expenses as of the date of said Fairness Hearing. Defendants will not oppose this application, including any appeal or request for reconsideration if the application is denied or modified by the Court, provided that it does not increase the Settlement Fund. If the fees and/or costs are reduced by the Court, any such amount shall revert to the Defendants. The substance of Class Counsel's application for attorneys' fees and costs is not part of this Agreement and is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of the settlement of the Action. The outcome of any proceeding related to Class Counsel's application for attorneys' fees and costs shall not terminate this Agreement or otherwise affect the Court's Final Approval.

4.3     **Claims Administrator's Fees.** As part of the Parties' motion for final approval of the settlement, Plaintiff will submit a declaration from the Claims Administrator detailing the administration process, as well as the costs of administration. Such fees shall be no more than $12,300.00, and paid directly from the Settlement Fund.

4.4     **Tax Characterization.**

(A)     Except as set forth below, settlement payments to the Class Members will be allocated as follows for tax purposes: (i) 50% in consideration for time worked as back-wage payments and/or wage income subject to W-2 reporting; and (ii) 50% in consideration for liquidated damages and interest as non-wage payments subject to 1099 reporting.

(B)     All Wage Payments (*i.e.,* the portion set forth in Section 4.4 (A)(i) above) shall be subject to all applicable employment taxes, including, without limitation, federal, state, and local income tax withholding and the employee share of the FICA tax, and shall be reported to the Internal Revenue Service ("IRS") on an IRS Form W-2. All Non-Wage Payments (*i.e.,* the portion set forth in Section 4.4 (A)(ii) above) shall be made without any tax withholdings and shall be reflected on a Form 1099 issued to each Class Member. Payments of attorneys' fees and costs pursuant to Section 4.2 shall be made without any withholdings. Class Counsel will receive a Form 1099 for this payment. Any Service Award payment shall be made without any withholdings and reported to the IRS via a Form 1099. Defendants and the Claims Administrator shall exchange such information as is necessary for the Claims Administrator to make proper tax withholdings and comply with tax reporting obligations as described in this Section 4.4.

(C)     Defendants shall pay the employer's share of the FICA tax and any federal and state unemployment tax due that are traditionally borne by employers, with respect to the Wage Payments. The Claims Administrator shall be responsible for making all withholdings from employees' settlement payments required pursuant to any federal, state, or local tax law or regulation, with respect to the Wage Payments. The Claims Administrator shall use the

reversion funds not reverted to Plaintiffs to pay the employer-side payroll taxes (i.e. the remaining 66.67%).  In the event that the reverted funds are insufficient to pay the applicable employer-side payroll taxes, Defendants shall pay any additional amount owed separately from the Settlement Fund.

4.5    **Hold Harmless.** With respect to payments received pursuant to this Agreement ***not*** characterized as W-2 wage income, the Plaintiffs and Class Members assume full responsibility for any and all federal, state, and local taxes or contributions that may hereafter be imposed or required to be paid under any federal, state, or local law of any kind.  As such, although the Parties believe, in good faith, that the tax treatment of all payments set forth in this Agreement is proper and in compliance with applicable IRS regulations, if, notwithstanding such belief, the Internal Revenue Service or any other federal, state or local government, administrative agency, or court determines that any individual or entity and/or Defendants are liable for any failure by any Plaintiff, Class Member and/or Defendants to pay federal, state or local income or employment or payroll taxes with respect to any payment received pursuant to this settlement that is not characterized as W-2 wage income, Plaintiffs and the Class agree to hold Defendants harmless, and indemnify Defendants, up to a maximum of each Class Member's Individual Settlement Amount, from any payments the Defendants may be required to make (including any payments for interest and penalties) to any taxing authority resulting from the issuance of an IRS tax form 1099 and any Plaintiff's and/or Class Member's failure to pay any taxes that any such individual or entity owes related to said income, with the exception of the employer's share of the FICA tax and any federal and state unemployment tax traditionally borne by employers associated with any reallocated payment.

5.    **RELEASE**

5.1    **Class Members' Release of State Law Claims and FLSA Claims.**

(A)    <u>Release of State Law Claims</u>: Upon the Court's entry of the Final Order, and except as to such rights or claims as may be specifically created by this Agreement, each Class Member, on his or her own behalf and on behalf of his or her respective current, former and future heirs, spouses, executors, administrators, agents, and attorneys, fully, finally, and forever releases and discharges Defendants, their present and former parent companies, subsidiaries, related or affiliated companies, and their respective shareholders, members, owners, partners, officers, directors, employees, members, managers, fiduciaries, trustees, employee benefit plan administrators, agents, attorneys, insurers, successors, and assigns, and all persons or entities acting by, through, under, or in concert with any of them, for acts taken in their capacities as employees or representatives of Defendants, and any individual or entity which could be jointly liable with any of them (collectively, the "**Releasees**"), from any and all State Law Claims, as defined herein.

(B)    Release of FLSA Claims: In addition to the release of all State Law Claims, any Class Member who timely executes and returns a Claim Form, thereby becoming a Collective Member, shall also release all FLSA Claims, as defined herein, against the Releasees, irrespective of whether the checks are ultimately negotiated  In furtherance of this release, the Settlement Checks shall contain, on the back of the check, the following limited endorsement:

CONSENT TO JOIN AND FINAL RELEASE OF CLAIMS:

By endorsing this check, I consent to join the FLSA collective action titled *Espinal v. Victor's Café 52nd Street, Inc., et al.*, Case No. 16-cv-8057(VEC), and release the defendants in that action, VICTOR'S CAFÉ 52nd STREET, INC., and SONIA ZALDIVAR, individually, and CHRISTIAN BETERE, (including VICTOR'S CAFÉ 52nd STREET, INC.'s related or affiliated companies, officers, directors, employees, managers, agents, etc., for acts taken in their capacities as employees or representatives of VICTOR'S CAFÉ 52nd STREET, INC.), from all wage and hour claims under the Fair Labor Standards Act, the New York Labor Law, and any other applicable wage and hour law, rule, or regulation that were brought (or could have been brought) in the action, including but not limited to claims concerning overtime pay, minimum wage, spread of hours, tips or tip credits, "off-the-clock" work, meal periods, rest breaks, wage statements, or wage notices,  pertaining to any portion of my employment from June 14, 2011 to October 25, 2018.  The foregoing language may not be modified or amended, and will be deemed accepted as originally printed upon cashing/deposit of the Settlement Check.

(C)    Except as provided in this Agreement, upon payment of the attorneys' fees, expenses, and costs approved by the Court, Plaintiffs and the other Class Members irrevocably and unconditionally release, acquit, and forever discharge any claim that he, she, or they may have against Defendants or any other Releasees for attorneys' fees or costs associated with this Action. Plaintiffs and the other Class Members agree that any fee payments approved by the Court will be the full, final, and complete payment of all attorneys' fees, expenses, and costs associated with Class Counsel's representation of the Class in the Action.

5.2    **Plaintiffs' General Release of Other Employment Claims.** In addition to releasing and discharging State Law Claims and FLSA Claims, as set forth above, in exchange for their Service Payments, each of the Plaintiffs who are receiving Service Payments shall execute a General Release of Claims in the form attached to this Agreement as **Exhibit E**.

5.3    **Non-Admission of Liability.** By entering into this Agreement, Defendants in no way admit, and expressly deny, any violation of law or any liability whatsoever to Plaintiffs and all other Class and Collective Members. Likewise, by entering into this Agreement, Defendants in no way admit to the suitability of this case for class or collective action litigation other than

for purposes of settlement. Further, Defendants enter into this Agreement to avoid further protracted litigation and to resolve and settle all disputes with Plaintiffs and the Class. Settlement of the Action, negotiation and execution of this Agreement, and all acts performed or documents executed pursuant to or in furtherance of this Agreement or the settlement: (i) shall not be deemed to be, and may not be used as an admission or evidence of any wrongdoing or liability on the part of Defendants or of the truth of any of the factual allegations filed in the Action; and (ii) shall not be deemed to be, and may not be used as an admission or evidence of fault or omission on the part of Defendants in any civil, criminal, administrative or arbitral proceeding. The Parties understand and agree that this Agreement is a settlement document and shall be inadmissible in evidence in any proceeding, except an action or proceeding to approve, interpret, or enforce the terms of the Agreement.

## 6.    INTERPRETATION AND ENFORCEMENT

(a)    **Cooperation Between the Parties; Further Acts.** The Parties shall reasonably cooperate with each other and shall use their reasonable best efforts to obtain the Court's approval of this Agreement and all of its terms. Each party, upon the request of any other party, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions of this Agreement.

(b)    No Party or counsel for any Party shall disclose, acknowledge or make any statement of any kind about any position or statement made during mediation or settlement discussions, except as may be required to secure Preliminary Approval and Final Approval.

(c)    Notwithstanding the foregoing, nothing herein shall prevent Class Counsel from communicating with members of the Settlement Class about the Parties' settlement or the Agreement, and nothing herein shall prevent Defendant(s) from communicating with its employees on any subject.

(d)    Additionally, Defendants may include in the Notice, and otherwise communicate to settlement class members, the following statement:

Defendant believes that it compensates its bussers and runners and all other employees fairly and in full compliance with all legal requirements.  Defendant has decided to settle this lawsuit solely to avoid the continued distraction that it would create from its ability to operate its business.  Defendant will not take any action against employees who join the Lawsuit or participate in the Settlement.

6.1    **Entire Agreement.** This Agreement constitutes the entire agreement between the Parties with regard to the subject matter contained herein, and all prior and contemporaneous negotiations and understandings between the Parties shall be deemed merged into this Agreement.

6.2     **Binding Effect.** This Agreement shall be binding upon the Parties and, with respect to Plaintiffs and other Class Members, their spouses, children, representatives, heirs, administrators, executors, beneficiaries, conservators, attorneys and assigns.

6.3     **Arms' Length Transaction; Materiality of Terms.** The Parties have negotiated all the terms and conditions of this Agreement at arms' length. All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the Parties in entering into this Agreement, unless otherwise expressly stated.

6.4     **Captions.** The captions or headings of the Sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

6.5     **Construction.** The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties. Each party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any party by virtue of draftsmanship.

6.6     **Blue Penciling.** If any provision of this Agreement is held by a court of competent jurisdiction to be void, voidable, unlawful or unenforceable, the remaining portions of this Agreement will remain in full force and effect.

6.7     **Governing Law.** This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of New York, without regard to choice of law principles, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern.

6.8     **Continuing Jurisdiction.** The Court shall retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the settlement contemplated thereby.

6.9     **Waivers, etc., To Be In Writing**. No waiver, modification or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties and then only to the extent set forth in such written waiver, modification or amendment, subject to any required Court approval. Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such

party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

6.10    **Effective; Counterparts**. This Agreement shall become effective upon its full execution and final approval by the Court. The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if all Parties had signed the same instrument.

6.11    **Facsimile and Email Signatures.** Any party may execute this Agreement by causing its counsel to sign on the designated signature block below and transmitting that signature page via facsimile or email to counsel for the other party. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

**FOR ALL DEFENDANTS:**

By: _____

Print Name: Monica Zaldivar _____

Title: Director of Oper. _____

Dated: 10/25/18 _____

**FOR ALL PLAINTIFFS**

By: _____

Print Name: Dionny Espinal _____

Dated: _____

By: _____

   Michael R. Minkoff, Esq., on behalf of
   Plaintiffs and as Class Counsel

Dated: _____

party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

6.10   **Effective; Counterparts**. This Agreement shall become effective upon its full execution and final approval by the Court. The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if all Parties had signed the same instrument.

6.11   **Facsimile and Email Signatures.** Any party may execute this Agreement by causing its counsel to sign on the designated signature block below and transmitting that signature page via facsimile or email to counsel for the other party. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

**FOR ALL DEFENDANTS:**                **FOR ALL PLAINTIFFS**

By: _____         By: _____

Print Name: _____         Print Name: <u>Dionny Espinal</u>

Title: _____         Dated: 10/25/18

Dated: _____         By: _____

                                      Michael R. Minkoff, Esq., on behalf of
                                      Plaintiffs and as Class Counsel

                                      Dated: 10/25/18

# Exhibit A

Arden Claims Service, LLC
Claims Administrator
P.O. Box 1015
Port Washington, New York 11050

## CLAIM FORM AND RELEASE

---

In order to receive any portion of the settlement funds described in the Notice of Pendency of Class Action Settlement ("Notice") in the case entitled *Espinal v. Victor's Café 52nd Street, Inc., et al.*, 1:16-cv-8057 (VEC), you must sign, date, and return this Claim Form and Release to Arden Claims Service, LLC.  It must be postmarked or received by _____. [Within 45 days following sending of form]

---

### CHANGES OF ADDRESS:

It is **your responsibility** to keep a current address on file with the Settlement Claims Administrator.  Please make sure to notify Arden Claims Service, LLC of any change of address.

---

Arden Claims Service, LLC.

_____ [Date]

### CLAIM FORM AND RELEASE

### *THIS FORM MUST BE POST-MARKED OR RECEIVED NO LATER THAN* [45 DAYS FOLLOWING SENDING OF FORM].

| TO BE FILLED OUT BY CLAIMS ADMIN.: | EMPLOYEE-- FILL IN YOUR PHONE NUMBER AND NOTE ANY CHANGES OR CORRECTIONS TO YOUR NAME OR ADDRESS |
|---|---|
| NAME:_____ ADDRESS:_____ CITY, STATE, ZIP:_____ | _____ _____ _____ (_____) _____ AREA CODE      TELEPHONE NUMBER |

I affirm that I was employed by Victor's Café 52nd Street, Inc., and hereby assert a claim under the Fair Labor Standards Act and the New York Labor Law.

1

I hereby designate the firm of Borrelli & Associates, P.L.L.C. to represent me in this action.

My signature below, on my behalf, and on behalf of my respective current, former and future heirs, spouses, executors, administrators, agents, and attorneys constitutes a full and complete release and discharge of Victor's Café 52nd Street, Inc., and Sonia Zaldivar, and Christian Cardenas ("Defendants"), and my signature therefore fully, finally, and forever releases and discharges Defendants, their present and former parent companies, subsidiaries, related or affiliated companies, and their respective shareholders, members, partners, officers, directors, employees, members, managers, fiduciaries, trustees, employee benefit plan administrators, agents, attorneys, insurers, successors, and assigns, and all persons or entities acting by, through, under, or in concert with any of them, for acts taken in their capacities as employees or representatives of Defendants, and any individual or entity which could be jointly liable with any of them (collectively, the "**Releasees**"), from any all wage and hour claims that were or could have been asserted under the New York Labor Law ("State Law Claims") and its implementing regulations by the Plaintiffs and the Class Members.  Released New York State Law Claims include, but are not limited to, all claims under New York law for overtime, regular, and minimum wages, including spread of hours, Wage Theft Prevention Act ("WTPA") penalties, tip credit withholdings, and alleged violations, liquidated damages, and any other related wage and hour claims and/or damages resulting from the alleged failure to pay minimum wages, regular wages, spread of hours, and/or overtime wages, comply with the WTPA, interest on such claims, and attorneys' fees, expenses and costs related to such claims.  Moreover, by signing this form, in addition to the release of all State Law Claims described above, I also fully, finally, and forever release and discharge Releasees from all Fair Labor Standards Act claims, which is defined as all wage and hour claims that were or that could have been asserted against Defendants pursuant to the Fair Labor Standards Act and/or its implementing regulations by or on behalf of the Plaintiff, Collective Members, Class Members, or myself.

By signing this Consent Form and Release, I hereby consent to become a party in this action and authorize Borrelli and Associates, P.L.L.C. to file this Form with the Court.

I declare under penalty of perjury that the above information is correct.

_____          _____
DATE                                                          SIGNATURE

# Exhibit B

| Last Name | First Name | MI |
|-----------|------------|----|
| | | |











| Employee Address | City | State | Zip Code |
|---|---|---|---|









| Prior Dates of Employment in Busser/Runner Role | Hire Date | Termination Date or Transfer Out of Busser/Runner Role |
|---|---|---|
| | 05/30/74 | 04/09/12 |
| | 10/20/05 | 05/05/13 |
| | 06/14/06 | 04/05/13 |
| | 08/13/07 | 05/04/13 |
| | 08/13/07 | 07/02/11 |
| | 09/12/07 | 04/06/13 |
| | 06/08/09 | 11/09/13 |
| 12/10/09 - 04/01/16 | 02/24/17 | 04/28/17 |
| | 01/01/10 | 02/26/12 |
| | 01/01/10 | 02/24/12 |
| | 01/01/10 | 07/21/11 |
| | 01/01/10 | 08/14/11 |
| | 01/02/10 | 09/25/11 |
| | 02/04/10 | 06/05/11 |
| | 02/05/10 | 12/21/13 |
| | 06/07/10 | 05/01/13 |
| | 06/27/10 | 09/01/15 |
| | 08/04/10 | 07/04/11 |
| | 11/24/10 | 05/07/12 |
| | 12/15/10 | |
| | 06/14/11 | 07/22/11 |
| | 06/14/11 | 03/17/12 |
| | 06/15/11 | 02/15/15 |
| | 06/21/11 | 08/28/11 |
| | 06/21/11 | 04/08/12 |
| | 06/25/11 | 11/30/11 |
| | 06/27/11 | 07/04/11 |
| | 07/16/11 | 02/03/12 |
| | 07/17/11 | 05/09/15 |
| | 07/19/11 | 08/26/11 |
| | 07/20/11 | 08/01/11 |
| | 08/08/11 | 08/19/11 |
| | 08/12/11 | 08/21/11 |
| | 08/23/11 | 01/07/13 |
| | 09/01/11 | |
| | 09/07/11 | 09/11/11 |
| | 09/12/11 | 05/05/16 |
| | 09/16/11 | 11/12/11 |
| | 10/03/11 | 05/01/13 |
| | 10/08/11 | 10/13/11 |
| | 11/10/11 | 11/13/11 |

| | | |
|---|---|---|
| | 11/11/11 | 12/01/11 |
| | 12/01/11 | 05/26/13 |
| | 03/07/12 | 03/25/12 |
| | 03/16/12 | 05/01/14 |
| | 03/16/12 | 06/01/13 |
| | 06/07/12 | 01/09/16 |
| | 06/07/12 | 04/07/16 |
| | 06/11/12 | 07/12/12 |
| | 08/20/12 | 04/01/14 |
| | 09/10/12 | 10/28/12 |
| | 09/17/12 | 02/01/13 |
| | 11/13/12 | 01/27/13 |
| | 11/27/12 | 10/26/14 |
| | 01/10/13 | 02/23/13 |
| | 02/02/13 | 02/03/13 |
| | 02/13/13 | |
| | 04/03/13 | 11/01/13 |
| | 04/05/13 | 04/15/15 |
| | 04/10/13 | 03/01/17 |
| | 04/13/13 | 10/01/15 |
| | 04/20/13 | 05/01/13 |
| | 04/25/13 | 11/20/14 |
| | 04/26/13 | 01/01/14 |
| | 05/08/13 | 05/23/13 |
| | 05/09/13 | 05/26/13 |
| | 05/09/13 | 05/26/13 |
| 5/25/13 - 12/22/14 | 03/15/15 | |
| | 05/17/13 | 06/23/13 |
| | 05/18/13 | 05/23/13 |
| | 05/29/13 | 11/06/14 |
| | 06/02/13 | 06/23/13 |
| | 06/02/13 | 03/16/14 |
| | 06/28/13 | 11/24/13 |
| | 07/11/13 | 09/11/13 |
| | 07/11/13 | 08/25/13 |
| | 07/19/13 | 10/20/13 |
| | 07/23/13 | 08/10/13 |
| | 07/24/13 | 10/30/14 |
| | 07/28/13 | 08/19/13 |
| | 08/25/13 | 04/30/14 |
| | 08/31/13 | 09/17/13 |
| | 09/19/13 | 09/28/13 |
| | 09/19/13 | 07/16/15 |
| | 10/18/13 | 12/31/13 |

| | | |
|---|---|---|
| | 10/25/13 | 02/08/15 |
| | 10/26/13 | 10/30/16 |
| | 11/19/13 | 08/22/14 |
| | 12/13/13 | 03/16/14 |
| | 01/31/14 | 12/31/15 |
| | 02/17/14 | 04/12/14 |
| | 02/18/14 | 03/16/14 |
| | 02/19/14 | 03/16/14 |
| | 02/22/14 | 03/16/14 |
| | 03/04/14 | 04/01/14 |
| | 03/21/14 | 05/04/14 |
| | 05/12/14 | 10/16/15 |
| | 05/12/14 | 03/10/16 |
| | 05/20/14 | 12/21/16 |
| | 05/22/14 | 12/31/14 |
| | 07/01/14 | 10/12/16 |
| | 09/17/14 | 12/09/15 |
| | 11/17/14 | 06/01/17 |
| | 11/18/14 | 11/20/14 |
| | 12/31/14 | 07/30/17 |
| | 03/26/15 | 04/12/15 |
| | 04/09/15 | 06/01/16 |
| | 04/15/15 | 06/04/15 |
| | 04/16/15 | 05/28/15 |
| | 05/06/15 | 06/17/15 |
| | 05/15/15 | 06/17/15 |
| | 05/18/15 | 07/09/15 |
| | 05/25/15 | 06/25/15 |
| | 06/03/15 | 06/17/15 |
| | 06/19/15 | 12/01/16 |
| | 06/29/15 | 01/07/16 |
| | 07/03/15 | 07/23/15 |
| | 07/15/15 | 01/04/17 |
| | 07/24/15 | 02/04/16 |
| 09/08/12 - 01/15/15 | 07/26/15 | 12/03/15 |
| | 09/29/15 | |
| | 10/08/15 | 10/13/16 |
| | 10/26/15 | 04/14/16 |
| | 12/15/15 | 01/02/16 |
| | 02/03/16 | 03/10/16 |
| | 02/08/16 | 03/20/16 |
| | 03/13/16 | 05/12/16 |
| | 03/27/16 | 05/20/18 |
| | 04/01/16 | 04/07/16 |

| | | |
|---|---|---|
| | 04/05/16 | 02/01/18 |
| | 04/09/16 | 04/21/16 |
| | 04/20/16 | 12/19/17 |
| | 04/27/16 | 05/13/18 |
| | 08/06/16 | 09/07/16 |
| | 08/09/16 | 11/26/17 |
| | 08/11/16 | 02/12/17 |
| | 09/14/16 | 11/19/17 |
| | 10/26/2016 | 03/15/17 |
| | 10/27/2016 | 12/14/16 |
| | 11/2/2016 | 05/04/17 |
| | 11/9/2016 | 03/15/17 |
| | 11/9/2016 | 12/26/17 |
| | 12/6/2016 | 04/28/17 |
| | 1/25/2017 | 04/06/17 |
| | 2/1/2017 | 04/16/17 |
| | 2/3/2017 | 05/04/17 |
| | 3/28/2017 | 04/11/17 |
| | 4/30/2017 | 05/01/17 |
| | 5/9/2017 | 05/28/17 |
| | 5/9/2017 | |
| | 5/16/2017 | |
| | 7/1/2017 | |
| | 7/21/2017 | 01/23/18 |
| | 7/23/2017 | 07/26/17 |
| | 8/4/2017 | |
| | 9/6/2017 | 12/24/17 |
| | 9/20/2017 | 09/22/17 |
| | 12/9/2017 | 01/28/18 |
| | 12/22/2017 | 12/24/17 |
| | 12/22/2017 | 12/31/17 |
| | 12/26/2017 | 12/27/17 |
| | 1/17/2018 | 03/11/18 |
| | 1/19/2018 | 01/21/18 |
| | 1/22/2018 | |
| | 1/26/2018 | 08/17/18 |
| | 2/1/2018 | 02/03/18 |
| | 2/1/2018 | |
| | 2/2/2018 | |
| | 2/2/2018 | 02/07/18 |
| | 3/20/2018 | 04/22/18 |
| | 4/10/2018 | |
| | 4/11/2018 | 06/17/18 |
| | 4/23/2018 | 04/24/18 |

| | | |
|---|---|---|
| | 5/10/2018 | 05/20/18 |
| | 5/23/2018 | 05/27/18 |
| | 6/7/2018 | 06/17/18 |
| | 6/9/2018 | 06/10/18 |
| | 6/13/2018 | |
| | 6/23/2018 | 06/24/18 |
| | 6/23/2018 | |
| | 6/27/2018 | |
| | 6/29/2018 | |
| | 7/26/2018 | 04/29/18 |
| | 8/16/2018 | 09/02/18 |
| | 8/27/2018 | |
| | 8/29/2018 | |
| | 9/15/2018 | |

# Exhibit C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DIONNY ESPINAL, on behalf of himself, individually, and on behalf of all others similarly-situated,<br><br>                        Plaintiff,<br><br>            -against-<br><br>VICTOR'S CAFÉ 52nd STREET, INC., and SONIA ZALDIVAR, individually, and CHRISTIAN BETERE, individually,<br><br>                        Defendants. | **Docket No.:**<br>**1:16-cv-8057-VEC-DCF** |

**ORDER GRANTING JOINT MOTION FOR PRELIMINARY APPROVAL OF THE SETTLEMENT, CERTIFICATION OF SETTLEMENT CLASSES, APPOINTMENT OF NAMED PLAINTIFF AS CLASS REPRESENTATIVE, APPOINTMENT OF PLAINTIFFS' COUNSEL AS CLASS COUNSEL, AND APPROVAL OF PROPOSED NOTICE OF SETTLEMENT AND CLASS ACTION SETTLEMENT PROCEDURE**

This matter comes before the Court on the Parties' Joint Motion for Preliminary Approval of the Settlement, Certification of Settlement Classes, Appointment of Named Plaintiff as Class Representative, Appointment of Plaintiffs' Counsel as Class Counsel, and Approval of Proposed Notice of Settlement and Class Action Settlement Procedure ("Joint Motion"), which was filed with the Court on October 25, 2018.

Plaintiff Dionny Espinal initiated this case on October 14, 2016, and both he and opt-in Plaintiff Jose Geyder Ferrero Olaya filed their consent to join forms on that same day.  In his Complaint, which was later joined by five additional Opt-In Plaintiffs beyond Olaya, to wit, Jonathan Gonzalez, Juan Manuel Soriano, Francisco Espinal, Eduardo Garcia, and Cesar Palacios, Plaintiff asserts collective action claims under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA"), and Rule 23 class action claims arising under the New York

Labor Law ("NYLL") and its implementing regulations.  Throughout this litigation, Defendants Victor's Café 52nd Street, Inc., Sonia Zaldivar, and Christian Cardenas (named in the caption as Christian Betere) have denied (and continue to deny) all of Plaintiff's factual allegations and legal claims of wrongdoing.  This Court has not, and by this Order does not, express any view or opinion on any aspect of the merits of the case.

Standing by their respective positions, the parties have exchanged discovery, including detailed time and pay records, and engaged in good faith settlement discussions, including private mediation with an experienced labor and employment law mediator.  Through those discussions, and out of mutual desire to avoid the time, expense, and uncertainty of continued litigation, the Parties have reached a proposed class and collective action settlement, the terms of which are set forth in the Joint Motion and supporting documents.

Having reviewed the Joint Motion, and all documents and exhibits submitted therewith, this Court **GRANTS** preliminary approval of the settlement pursuant to Fed. R. Civ. P. 23(e) and 29 U.S.C. § 216(b).  Accordingly, the Court hereby **ORDERS** as follows:

### <u>PRELIMINARY APPROVAL</u>

(1)     Upon preliminary review, the settlement reached by the parties, as set forth in the Joint Motion and Settlement Agreement and Release ("Settlement Agreement"), including the allocation formula, attorneys' fees, service awards, and other terms, appears to be fair and reasonable to all involved, suffers from no obvious defects, was reached after arms-length negotiations between the parties, and appears to constitute a reasonable compromise of the claims and defenses in this matter.

(2)     The Parties are directed to perform according to the terms of their Settlement Agreement, except as expressly indicated otherwise by this Order or other ruling of this Court.

## <u>CERTIFICATION OF SETTLEMENT CLASSES</u>

(3)     The Court hereby certifies, for settlement purposes only, the settlement classes, defined as:

a.     Under Fed. R. Civ. P. 23(a) and (b)(3), all individuals who worked at least one day as a busser and/or food runner at Victor's Cafe located at 236 West 52nd Street, New York, New York 10019 ("Restaurant"), from June 14, 2011 to October 25, 2018 (the "Relevant Time Period"), and who do not opt out of the settlement ("New York Class"); and

b.     Under 29 U.S.C. § 216(b), all individuals who worked at least one day as a busser and/or food runner at the Restaurant during the Relevant Time Period, and who timely submit a Claim Form, thereby opting in to the settlement of all FLSA claims ("Federal Class").

(4)     Pursuant to the Joint Motion and attachments thereto, upon preliminary review, the Court, for settlement purposes only, finds that:

a.     The New York Class is sufficiently numerous that joinder of all putative Class Members under the circumstances of this litigation and the settlement thereof is impracticable, therefore satisfying the requirements of Rule 23(a)(1);

b.     There are questions of law or fact common to the Class Members, therefore satisfying the requirements of Rule 23(a)(2);

c.     The claims of the Named Plaintiff are typical for settlement purposes of the claims of the Class Members, satisfying the requirements of Rule 23(a)(3);

d.     The Named Plaintiff, Dionny Espinal, as the representative party, will fairly and adequately protect the interests of each Class Member, therefore satisfying the

requirements of Rule 23(a)(4);

      e.      The Named Plaintiff, Dionny Espinal, is hereby appointed as Class Representative;

      f.      Borrelli & Associates, P.L.L.C., is hereby appointed as Class Counsel;

      g.      Questions of law and fact common to the members of the New York Class, considered in the context of and in light of settlement, predominate over questions affecting only individual members, and a class action is superior to other methods available for the fair and efficient settlement of the controversy, satisfying the requirements of Rule 23(b)(3); and

      h.      For similar reasons to those set forth above, certification of the Federal Class for purposes of 29 U.S.C. § 216(b) is appropriate for settlement purposes only.

(5)      Certification of the New York Class and Federal Class is contingent on and for purposes of settlement only.  If this settlement does not become final for any reason, Plaintiffs and Defendants shall be restored to their respective positions as if no settlement had been reached. Moreover, if this settlement does not become final for any reason, Defendants shall not have waived any objections that they may have or may have asserted to the certification of any class or collective under Rule 23 and/or decertification under 29 U.S.C. § 216(b), nor shall this Order be deemed to have any preclusive or precedential value with respect to the appropriateness of certification of any such class or final certification of any such collective for any other purposes or in any other circumstances.

## NOTICE TO SETTLEMENT CLASS MEMBERS

(6)      The Parties' proposed Notice of Pendency of Class Action Settlement ("Notice"), attached as Exhibit 2 to the Declaration of Michael R. Minkoff ("Minkoff Declaration") submitted

with the Joint Motion, and the Claim Form attached as Exhibit 3 to the Minkoff Declaration, are hereby approved, are found to be a reasonable means of providing notice to Class Members under the circumstances, and when completed, shall constitute due and sufficient notice of the settlement to all persons affected by and/or entitled to participate in the settlement, in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure and due process of law.

(7)     Class Counsel has designated, Defendants have consented to, and the Court hereby appoints Arden Claims Service, LLC ("Claims Administrator") to be responsible for communicating with Class Members, disseminating the Notice, accepting and maintaining documents sent by Class Members, including Claim Forms, Opt-out statements, objections, and other documents relating to claims administration, and administering claims for allocation, according to the formula set forth in the Settlement Agreement.

(8)     By no later than _____ (fourteen (14) days after entry of this Order), Defendants are to furnish to the Claims Administrator, in electronic form, a list of all Class Members, identified by: (i) name; (ii) last known address; (iii) dates of employment; and (iv) weekly work hours during the Relevant Time Period.  The list will be contained in a confidential document that Defendants shall provide to the Claims Administrator and Class Counsel.  The list is to be used by the Claims Administrator to effectuate the settlement, and may not be disseminated or used for any other purpose.

(9)     The Parties are directed to require the Claims Administrator to send the Notice and Claim Form referenced in (6) above to putative class members by _____ (twenty-eight (28) days after entry of this Order).

(10)     The Parties may make minor, non-substantive revisions to the Notice and Claim Form following the issuance of this Order as they deem appropriate and necessary and to also

insert deadlines and dates consistent with this Order without requiring further Court involvement.

(11)   The cost of notice and, as incurred, processing of claims and related costs, shall be paid from the Settlement Fund, as provided for in the Settlement Agreement.

## JOINING OR OPTING OUT OF THE SETTLEMENT

(12)   As described in the Notice, any potential Class Member may opt out of the Class by mailing via First Class United States Mail, postage prepaid, a written, signed statement to the Claims Administrator that states that he or she is opting out of the settlement, and that includes his or her name, address, and telephone number, and the following statement: "I elect to exclude myself from the settlement in *Espinal v. Victor's Café 52nd Street, Inc.,*" postmarked or received by on or before _____ (forty-five (45) days after notices are mailed as referenced in (9) above).   Individuals that request exclusion shall not be entitled to share the benefits of the settlement, nor be bound by any judgment in connection with this litigation, whether favorable or adverse.

(13)   Any Class Member who does not properly and timely mail a letter requesting to be excluded as set forth above shall be included in the New York Class, and shall be bound by all of the terms and provisions of the Settlement Agreement pertaining to the released claims as defined in the Settlement Agreement, including the release of such claims, whether or not such Class Member has objected to the Settlement Agreement and whether or not such Class Member participates in the settlement by negotiating his/her check.

(14)   As also described in the Notice, any potential Class Member may object to the settlement by mailing via First Class United States Mail, postage prepaid, a written and signed statement to the Claims Administrator that states he or she is objecting to the settlement, and that includes his or her name, address, and telephone number, and the following statement: "I elect to

object to the settlement in *Espinal v. Victor's Café 52nd Street, Inc.*," with an explanation for his or her objection, postmarked or received by on or before _____ (forty-five (45) days after notices are mailed as referenced in (9) above).  Any individual who wishes to object to the settlement must still submit a Claim Form to receive money as part of the settlement, as described in Paragraph (15), below.

(15)    As described in the Notice, any potential Class Member may participate in the settlement by returning to the Claims Administrator his or her executed Claim Form, which must be postmarked or received by on or before _____ (forty-five (45) days after notices are mailed as referenced in (9) above).

(16)    Any Class Member who timely executes and returns his or her Claim Form shall be included in the New York *and* Federal Class, and shall be bound by all of the terms and provisions of the Settlement Agreement pertaining to the released claims as defined therein, including the release of such claims, whether or not such individual has objected to the Settlement Agreement and whether or not such individual timely negotiates his/her check.

## FAIRNESS HEARING AND FINAL APPROVAL

(17)    Class Counsel shall file their Motion for Final Approval on or before _____ (date no sooner than 30 days after deadline for submission of Claim Forms, opt-out statements, and/or objections as referenced in (12), (13), and (17)-(19)).

(18)    The Court will hold a Fairness Hearing on the above-referenced settlement on _____ (date on or about 30 days after the Motion deadline referenced in (15) above) at _____ (time), in Courtroom 443 at the United States District Court, Southern District of New York, 40 Foley Square, New York, New York 10007.

(19)    Any Class Member who has not filed an Opt-out Statement may appear at the

Fairness Hearing in person or by counsel and may be heard, either in support of or in opposition to the fairness, reasonableness, and adequacy of the Settlement Agreement, the allocation formula, or Class Counsel's request for attorneys' fees and service awards, provided that such person, individually or through counsel, mails his/her written objection(s) to the Administrator, through first class mail, postmarked or received by the Claims Administrator by no later than _____ (forty-five (45) days after the initial mailing of Notice to the Class referenced in (9) above).  Any individual who wishes to appear at the hearing and be heard must affirmatively state so in his/her objection.  Any individual who wishes to appear at the hearing and be heard through counsel must also affirmatively state so in his/her objection, and must have his/her counsel file a notice of appearance by no later than _____ (fourteen (14) days prior to the date of the fairness hearing).

(20)     Any Class Member who does not make his/her objection in the manner and by the time provided herein shall be deemed to have waived such objection and shall be forever foreclosed from making any objection to the fairness or adequacy of the proposed settlement as set forth in the Settlement Agreement or to the award of attorneys' fees to Class Counsel or service payments to any Plaintiff or Opt-in Plaintiffs, unless otherwise ordered by the Court.

(21)     The Claims Administrator will stamp the date received on the original and send copies of each Claim Form, objection, and/or opt-out statement, with supporting documents, to Class Counsel and Defendants' Counsel by email, to be delivered no later than _____ (three (3) business _following_ the forty-five (45) day submission period set forth in paragraph nine (9), and as set forth in paragraphs (12), (14), and (15)).

(22)     The date, time, and location of the Fairness Hearing shall be set forth in the Notice but shall be subject to change by the Court without further notice to the Class Members other than

that which may be posted at the Court or on the Court's website or docket.  The Court may approve the Settlement Agreement, if appropriate, without further notice to the Class Members.

## **TERMINATION OF SETTLEMENT AND FUTURE RELIANCE**

(23)     In the event that the settlement is terminated in accordance with the provisions of the Settlement Agreement, the settlement and all proceedings had in connection therewith shall be null and void, except to the extent such nullification and voidance would be contrary to the Settlement Agreement, and without prejudice to the *status quo ante* rights of Plaintiffs, Defendants, and the members of the Settlement Classes.  In the event that any party terminates the Settlement Agreement, the terminating party shall be responsible for paying all of the Claims Administrator's fees incurred or that are otherwise owed to the Claims Administrator.

(24)     In accordance with the Settlement Agreement, neither the Settlement Agreement itself, nor any of the negotiations, statements, and proceedings in connection therewith, including the Court's entry of this Order as well as any Final Order regarding the settlement, shall be construed or deemed to be evidence of:

      a.     An admission or concession by Defendants, any other Releasees (as that term is defined in the Settlement Agreement) (including, but not limited to, the individuals named in Plaintiff's Complaint), Plaintiffs, any member of the settlement classes, or any other person regarding the truth or falsity of any claim or allegation in this litigation;

      b.     An admission by Defendants or any other Releasees (including, but not limited to, the individuals named in the Complaint) of liability, fault, or wrongdoing; or

    c.  An opinion of this Court as to the appropriateness of class action certification under Fed. R. Civ. P. 23 and/or FLSA final collective action certification under 29 U.S.C. § 216(b) outside the particular circumstances described herein.

**SO ORDERED** this _____ day of _____, 2018.

_____
THE HONORABLE VALERIE E. CAPRONI
UNITED STATES DISTRICT JUDGE

# Exhibit D

## NOTICE OF PENDENCY OF CLASS ACTION SETTLEMENT

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

*A court authorized this notice. This is not a solicitation from a lawyer.*
*This is not a lawsuit against you and you are not being sued.*
*However, your legal rights are affected whether you act or don't act.*

**If you were employed as a busser or food runner by Victor's Café 52nd Street, Inc., or Sonia Zaldivar, or Christian Cardenas, at any time between June 14, 2011 and October 25, 2018, you may be entitled to a monetary payment from a class and collective action settlement.**

***PLEASE READ THIS NOTICE CAREFULLY.*** This notice relates to the proposed settlement of class and collective action litigation. It contains important information as to your right to participate in the settlement and claim a payment from the settlement or to exclude yourself from the litigation and not participate.

## I.      INTRODUCTION

Plaintiff Dionny Espinal ("Plaintiff"), on behalf of himself and other bussers and/or food runners employed by Victor's Café 52nd Street, Inc., has a pending lawsuit in the United States District Court for the Southern District of New York, located in New York, New York, entitled *Espinal, et al. v. Victor's Café 52nd Street, Inc., et al.*, Case No. 1:16-cv-8057-VEC (the "Lawsuit"). Victor's Cafe ("Victor's Cafe"), Sonia Zaldivar, and Christian Cardenas are the Defendants ("Defendants"). In the Lawsuit, Plaintiff asserts claims for alleged unpaid minimum wage and overtime under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL" or "New York law"), as well as unpaid spread-of-hours pay, improper tip credit, violations of the Wage Theft Protection Act ("WTPA"), and other statutory penalties under the NYLL. The bussers / food runners that Plaintiff seeks to represent are referred to herein as the "Class Members." Victor's Cafe believes that it compensates its bussers and runners and all other employees fairly and in full compliance with all legal requirements.

Plaintiff and Defendants have settled and have entered into a Settlement Agreement and Release (the "Settlement Agreement") that is explained in further detail below. Defendants have agreed to create a settlement fund (the "Settlement Fund") that will be used to pay current and former Class Members who qualify. Although Defendants agreed to settle, Defendants decided to do so solely to avoid the continued distraction that it would create from its ability to operate its business. Defendants expressly deny that they did anything wrong. The Court has not decided who is right and who is wrong.

You have been identified as a potential Class Member who may be qualified to participate in the settlement. That is why you are receiving this notice. Please read this notice carefully. Your legal rights may be affected whether you act or don't act.

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **RETURN THE CLAIM FORM** | In order to receive any money from the settlement, you must return the enclosed Claim Form to the Settlement Claims Administrator, **Arden Claims Service, LLC** by **[insert 45 days from date of mailing].** <br><br> If you timely return a Claim Form to the Settlement Administrator, you will release all of your claims against Defendants under the FLSA, the NYLL, as well as any other state or local statute, rule, or ordinance governing the payment of wages.  You will also receive a payment. |
| **DO NOTHING** | If you do not return a timely and valid Claim Form and you do not exclude yourself from the settlement, you will not receive a payment.  Nonetheless, you will be deemed to have released your wage and hour-related claims under the NYLL and any other New York state or local rule, statute, or ordinance governing the payment of wages, though not under the FLSA. |
| **EXCLUDE YOURSELF** | If you make a timely and valid request to exclude yourself from the settlement by sending in a written, signed Opt-out Statement to the Claims Administrator by **[insert 45 days from date of mailing],** you will not receive a settlement payment, but you will not release any claims that you may have under the FLSA or New York law. |
| **OBJECT** | Write to the Claims Administrator about why you disapprove of the settlement.  If you submit a timely and valid objection to the settlement by **[45 days from date of mailing]**, you may also be allowed to appear in Court and present your objection in Court at the final fairness hearing.  Note that to receive a settlement payment you must still return a valid Claim Form even if you submit a timely objection. <br><br> If you object to the settlement, you must submit any documents in your possession supporting your objection to the Settlement Claims Administrator. |

These rights and options – **and the deadlines to exercise them** – are explained in this notice.

Defendants will not take any action against employees who join the Lawsuit or participate in the Settlement.

- As described more fully below in Paragraph H of this Notice, **to be qualified to receive a settlement payment, you must return a properly completed Claim Form to the Claims Administrator, which the Claims Administrator must receive or which must be post-marked by no later than** [45 days after the initial mailing of the Notice to the Class].  If

you fail to submit a timely Claim Form, you will receive no settlement payment, and you will still release all wage and hour claims under New York law.

- Neither Plaintiff's attorneys ("Class Counsel"), nor Defendants or Defendants' attorneys, make any representations concerning the tax consequences of receiving a settlement payment, and you are advised to seek your own personal tax advice prior to acting in response to this Notice.

- This is only a proposed settlement, which means that the Court in charge of this case still has to decide whether to approve the settlement.  Payments will be made only if the Court approves the settlement and after any appeals are resolved.  Please be patient.

## II.     QUESTIONS AND ANSWERS

### A.     Why did I receive this notice?

Defendants' records indicate that you are a Class Member, meaning that you were employed by Victor's Cafe as a busser and/or food runner at some time between June 14, 2011 and October 25, 2018.

The Court ordered that this notice be sent to you because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the settlement.  If the Court approves the settlement and after any objections and/or appeals are heard, payments will be mailed to those class members who submit a timely and valid Claim Form *and* do not exclude themselves.  This notice explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

### B.     What is this Lawsuit about?

Plaintiff brought this lawsuit as a class action and collective action on behalf of himself and other Class Members.  Plaintiff alleges that Defendants did not pay Plaintiff and other Class Members: minimum wage for all hours worked; overtime pay for all of the hours that they worked over forty each week; spread-of-hours pay for all days where their workday exceeded ten hours; improperly took a tip credit; or that Defendants did not provide Plaintiff and the Class Members with accurate notices upon hire and/or wage statements each pay day.

Defendants expressly deny that they did anything wrong and believe their pay practices comply fully with the law.  Defendants maintain that the Plaintiff and all Class Members were properly paid at all times and that their employment practices comport with the law.  The Court has not issued any decision in this case about who is correct.

C. **What is a class and collective action?**

The law provides a way for multiple individuals, or one individual on behalf of others, to sue together for the same relief.  For the FLSA claims, this is called a collective action.  For the NYLL claims, it is called a class action.

In a class and/or collective action, one or more people called "Class Representatives" (in this case, Plaintiff Dionny Espinal, and opt-in Plaintiff Jose Geyder Ferrero Olaya) sue on behalf of people who may have similar claims.  All of these potentially similar people are "Class Members."  In this case, the Class Members are all individuals who performed work as bussers and/or food runners for Victor's Cafe at any time between June 14, 2011 and October 25, 2018.  In a class action, one court resolves the issues for all Class Members, except for those who affirmatively exclude themselves from the class.  Pages 8-10 of this Notice explain how to exclude yourself, or ***"opt-out"*** of the Class.

D. **Why is there a settlement?**

The Court did not decide in favor of either the Plaintiff or the Defendants.  Plaintiff thinks he could have won if he went to trial.  Defendants think that Plaintiff would not have won anything from a trial.  But there was no trial.  Instead, after extensive negotiations and with the help of a neutral mediator, the parties agreed to settle.  That way, both Plaintiff and Defendants avoid the costs of a trial, the risk of losing, and the delay and expenses of litigating the case and of potential appeals.  In addition, by settling, the people allegedly affected have a chance to receive compensation.  Plaintiff and his attorneys believe that the settlement is fair and reasonable, and in the best interests of all Class Members.  The settlement does not mean that Defendants did anything wrong or violated the law.

E. **How do I know if I am part of the settlement?**

You are automatically a member of the Class if you worked for Victor's Cafe as a busser and/or food runner, as defined above in paragraph A, at any time between June 14, 2011 and October 25, 2018.

F. **What does the settlement provide?**

To avoid the burden, expense, inconvenience, and uncertainty of continuing the Lawsuit, Victor's Cafe has agreed to pay up to three hundred forty-five thousand dollars ($345,000.00) (the "Gross Settlement Amount"), which will be used to pay the Class Members who submit timely Claim Forms, Class Counsel, service awards, out-of-pocket costs, and class settlement administration fees.

G. **How will my payment be calculated?**

Based on a formula preliminarily approved by the Court, the settlement payment for each member of the Settlement Class who returns a timely and valid Claim Form will be calculated as follows:

1.      Calculate the class fund by deducting the attorneys' fees and costs, claims administration costs, and service awards from the Gross Settlement Amount.

2.      Each member of the Settlement Class shall be assigned one (1) point for each week worked as a busser and/or food runner between June 14, 2011 and October 25, 2018, according to Defendants' records.

3.      Add all points for each member of the Settlement Class together to obtain the "Total Denominator."

4.      Divide the number of points for each member of the Settlement Class by the Total Denominator to obtain each member of the Settlement Class's allocated percentage of the class fund amount.

5.      Multiply each member of the Settlement Class's percentage against the class fund amount to determine the Settlement Payment of each member of the Settlement Class.

This formula can accurately be represented as follows:

$$\$207,500 - Claims\ Administrator\ Fees\ X\ \frac{Individual\ Class\ Member's\ Point\ Value}{Class\ Members'\ Combined\ Total\ Points} = Individual\ Settlement\ Payment$$

The calculation of all work weeks shall be based on Defendants' business records.

**Note that only Class Members who return timely and valid Claim Forms will be entitled to receive a Settlement Check for their portion of the class fund.**

For those Class Members who return timely and valid Claim Forms, fifty percent (50%) of each Class Member's Individualized Settlement Payment will be reported to the IRS as W-2 wage income and will be subject to applicable withholdings; the remaining fifty percent (50%) will be reported to the IRS as 1099-Misc non-wage income representing liquidated damages and interest. Each Service Award Recipient's Service Award will be reported to the IRS as 1099-Misc non-wage income. Each Class Member who submits a Claim Form (and Service Award Recipient, as applicable) agrees to defend and hold Defendants harmless, up to the amount of his or her Individual Settlement Payment (and Service Award, if applicable), for any unexpected tax obligations and related expenses that Defendants might incur because of this settlement due to the failure of that individual (and Service Award Recipient, as applicable) to pay taxes on any income he or she might receive as a participant in the settlement. Indeed, it will be the responsibility of each Class Member receiving a payment to file and pay any taxes associated with any amounts paid for which he/she receives a Form 1099.

In addition, there may be money left over in the Settlement Fund if fewer than all Class Members choose to return their Claim Forms by the deadline to submit them. This is called a "Residual Fund." If this occurs, the Residual Fund will be distributed as follows:

- 1/3rd (i.e., 33.33%) of the Residual Fund will be distributed *pro rata* to Class Members who timely returned their Claim Forms;

- 1/3rd (i.e., 33.33%) of the Residual Fund will be returned to the Defendants; and

- 1/3rd (i.e., 33.34%) of the Residual Fund will be donated to a 501(c)(3) charitable organization(s) of Defendants choosing, provided that said charity provides no economic gain or benefit to Defendants and/or Defendants' counsel, to be communicated to Plaintiffs' Counsel and the Administrator within fourteen (14) days of entry of the Implementing Order.

### H.    How can I collect my settlement payment?

To receive a payment from the settlement, you must return a properly completed and signed Claim Form to the Claims Administrator, which the Claims Administrator must receive or must be post-marked by [45 days after the initial mailing of the Notice to the Class].

You must return your completed Claim Form to the following address:

> Espinal v. Victor's Cafe Settlement
> Arden Claims Service, LLC
> Claims Administrator
> P.O. Box 1015
> Port Washington, New York 11050

You may also fax the form to the Claims Administrator at: 516-944-1771.

### I.    What am I giving up to get a payment or stay in the Class?

Unless you exclude yourself from the settlement, you will remain in the Class.  You will release all wage and hour claims under New York law governing the payment of wages.  If you submit a timely and valid Claim Form, you will also release all claims under the FLSA.  That means you will not be able to bring a new lawsuit or be part of any other lawsuit against any of the Defendants about the legal issues in this lawsuit or for any other potential claims arising under the released statute or statutes.  It also means that all of the Court's rulings will apply to you and legally bind you.

The Settlement Agreement provides for the following release:

> **Released Class Claims.**  "Released Class Claims" means, upon the Court's entry of the final order approving the Settlement, and except as to such rights or claims as may be specifically created by the Settlement, each Class Member, on his or her own behalf and on behalf of his or her respective current, former and future heirs, spouses, executors, administrators, agents, and attorneys, fully, finally, and forever releases and discharges Defendants, their present and former parent companies, subsidiaries, related or affiliated

6

companies, and their respective shareholders, members, partners, officers, directors, employees, members, managers, fiduciaries, trustees, employee benefit plan administrators, agents, attorneys, insurers, successors, and assigns, and all persons or entities acting by, through, under, or in concert with any of them, for acts taken in their capacities as employees or representatives of Defendants, and any individual or entity which could be jointly liable with any of them (collectively, the "**Releasees**"), from any all wage and hour claims that were or could have been asserted under the New York Labor Law ("State Law Claims") and its implementing regulations by the Plaintiffs and the Class Members.  Released New York State Law Claims include, but are not limited to, all claims under New York law for overtime, regular, and minimum wages, including spread of hours, Wage Theft Prevention Act ("WTPA") penalties and alleged violations, liquidated damages, and any other related wage and hour claims and/or damages resulting from the alleged failure to pay minimum wages, regular wages, spread of hours, and/or overtime wages, comply with the WTPA, properly withhold tip credits, interest on such claims, and attorneys' fees, expenses and costs related to such claims.

**Released Authorized Claimant Claims.**  "Released Authorized Claimant Claims" means that, in addition to the release of all State Law Claims described above, any Class Member who timely executes and returns a Claim Form, shall also release all FLSA Claims, which is defined as all wage and hour claims that were or that could have been asserted pursuant to the Fair Labor Standards Act and/or its implementing regulations by or on behalf of the Plaintiff, Collective Members, or Class Members.

### J.    When will my payment arrive?

The Court will hold a hearing on [date of Fairness Hearing] to decide whether to grant final approval to the settlement.  If the Court approves the settlement, and no appeal is taken, you will receive your payment within five days of the Final Effective Date of the settlement, which is after the deadline to appeal the Court's Final Approval Order has expired.  However, there may be an appeal challenging the Court's decision.  It is impossible to predict if an appeal will be taken and, if there is an appeal, resolving it can take more than a year.  Please be patient.  You can contact the Claims Administrator at any time for an update on the status of the case or the settlement.

### K.    Does the settlement fund include any other payments?

Yes.  Plaintiff's attorneys will ask the Court to approve payment for their attorneys' fees of up to one hundred fifteen thousand dollars ($115,00.00), and costs in the amount of one thousand five hundred twenty-three dollars and ninety-eight cents ($1,523.98), which will come from the Gross Settlement Amount (as defined above) of three hundred forty-five thousand dollars ($345,000.00).  Plaintiffs' attorneys will also ask the Court to approve Service Awards totaling twenty-two thousand five hundred dollars ($22,500.00), amounting to five thousand ($5,000.00) each to Plaintiff Dionny Espinal and opt-in Plaintiff Jose Geyder Ferrero Olaya, and two thousand five hundred ($2,500.00) each to opt-in Plaintiffs Jonathan Gonzalez, Juan Manuel Soriano, Francisco Espinal, Eduardo Garcia, and Cesar Palacios (Plaintiff commenced this action and Plaintiff and the opt-in Plaintiffs participated in the mediation), and Arden Claims Service, LLC ($12,300.00) in claims administration fees, which will also come from the Gross Settlement Amount.

**L.      How do I exclude myself from the settlement?**

If you wish to exclude yourself (or "opt out") from this Lawsuit and not be bound by the settlement, you must submit to the Claims Administrator a written Opt-out Statement that includes your name, address, and telephone number, and a statement indicating your intention to exclude yourself from the settlement, such as "I opt out of the Victor's Cafe wage and hour settlement." The Opt-out Statement must specifically refer to the "Espinal v. Victor's Cafe Settlement" and be sent to the Claims Administrator, Arden Claims Service, LLC, P.O. Box 1015, Port Washington, New York 11050. You must send your Opt-out Statement to the Claims Administrator, and it must be postmarked or received by the Claims Administrator by on or before _____, 2019 [within 45 days after the initial mailing of the Notice to the Class].

If you exclude yourself, you will not receive any money from this settlement and you cannot object to the settlement. You will not be considered to have released any claims asserted in the Lawsuit and will not be legally bound by anything that happens in the Lawsuit. You may, however, pursue other remedies separate and apart from the settlement that may be available to you, such as your own lawsuit based on the same claims as those settled in this lawsuit, bearing in mind that the statute of limitations on your claims may run.

**M.      How do I object to the settlement?**

If you disapprove of any part of the settlement, you may object to it before it is finally approved by the Court. If you choose to object to the settlement, you must send your objections, in writing, to the Claims Administrator, Arden Claims Service, LLC, P.O. Box 1015, Port Washington, New York 11050. Your objection must be postmarked or received by the Claims Administrator by no later than [45 days after the initial mailing of notice to the class]. Your objection must refer to the "Espinal v. Victor's Cafe Settlement," state your reasons for objecting, and include any supporting documentation. Your objection must also state your name, address, and telephone number. Your written statement must include all reasons for the objection. Your written objection must also include the following statement: "The information contained in this statement is truthful and accurate to the best of my knowledge."

If you submit a timely and properly completed objection to the Claims Administrator, you have the right to appear at the Fairness Hearing that the Court will hold to determine whether to finally approve the settlement of this case, which will take place before The Honorable Valerie E. Caproni on [date and time of Fairness Hearing] in Courtroom 443 at the United States District Court, Southern District of New York, 40 Foley Square, New York, New York 10007. The date and time of this hearing is subject to change by the Court without further notice. If you intend to appear at the Fairness Hearing, your objection must state that by including the words "I request leave to appear and present my objection(s) at the Fairness Hearing." If you intend to appear at the Fairness Hearing through an attorney (whom you may retain at your own expense), your objection must state that as well. Your attorney must file a notice of appearance no later than two weeks prior to the date of the Fairness Hearing. If you object, in order to receive your portion of the settlement, you must still submit a timely Claim Form, in the event that your objection is overruled by the Court.

8

Objecting to the settlement is not the same as excluding yourself from the settlement, which is described in the previous section.  If the Court overrules your objection, you will be bound by its ruling.

If you wish to receive your settlement payment in the event that your objection is overruled, you must submit a timely and valid Claim Form.

**N.**     **What's the difference between objecting to the settlement and excluding myself from the settlement?**

Objecting is simply telling the Court that you disapprove of something about the settlement.  To present an objection, you must also participate in the settlement and be eligible to receive a settlement payment.  To be eligible to receive a settlement payment, you must submit a timely and valid Claim Form.

Excluding yourself (opting out) is telling the Court that you don't want to be part of the Class.  If you exclude yourself, you have no basis to object because the case no longer affects you and you will not receive any portion of the proceeds of the settlement.

**O.**     **If I don't exclude myself, can I sue any of the Defendants for the same thing later?**

You cannot sue under the NYLL if you don't exclude yourself, irrespective of whether or not you submit a timely and valid Claim Form to the Claim Administrator.  If you do submit a timely and valid Claim Form to the Claim Administrator, you may not sue Defendants for any claims under the FLSA, NYLL, or any other New York state or local statute, rule, or ordinance, including the Wage Theft Protection Act, governing the payment of wages.

**P.**     **Do I have a lawyer in this case?**

The Court has decided that Plaintiff's lawyers, Borrelli & Associates, P.L.L.C., are qualified to represent you and all Class Members as "Class Counsel."  You do not owe Class Counsel any money for their services relating to the Lawsuit or the settlement.  You do not need to retain your own attorney to participate in the settlement.  If you do not exclude yourself from the settlement and want to be represented by your own lawyer in connection with the settlement, you may hire one at your own expense.

**Q.**     **When and where will the Court decide whether to approve the settlement?**

The Court will hold a final hearing (Fairness Hearing) at _____ [A.M./P.M.] on [date of Fairness Hearing] in Courtroom 443 at the United States District Court, Southern District of New York, 40 Foley Square, New York, New York 10007.  Again, the date and time of this hearing is subject to change by the Court without further notice.

At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate.  If there are objections, the Court will consider them.  The Court may listen to people who have

asked to speak at the hearing.  The Court will also consider Class Counsel's request for Service Awards to the named Plaintiff and opt-in Plaintiffs, and the payment of attorneys' fees and costs. After or at the conclusion of the hearing, the Court will decide whether to approve the settlement and the requested expenses, Service Awards, and fees.  It is impossible to predict how long these decisions will take.

### R. Do I have to attend the final approval hearing?

No.  The Plaintiff and Defendants and their attorneys are responsible for presenting the settlement to the Court at the final approval hearing.  You may choose to attend the hearing at your own expense.  If you submit a timely, valid objection, the Court will consider it.  You do not have to appear at the hearing to support your objection or pay your own lawyer to attend the hearing, but you may do these things.

### S. Can Defendants retaliate against me for participating in the settlement?

No.  Defendants have voluntarily agreed to enter into this proposed settlement.  The FLSA and NYLL prohibit Defendants, or anyone acting on their behalf, from firing you or otherwise retaliating against you because you have participated in this settlement.

### T. Where can I get more information about the settlement?

The above is a summary of the basic terms of the settlement. For the precise terms and conditions of the settlement, you may contact the Settlement Claims Administrator Toll-Free at 877-623-2703, or Plaintiff's counsel, Michael J. Borrelli, Esq. of Borrelli & Associates at 516-248-5550.

**Please contact the Claims Administrator at** 877-623-2703**, AND NOT THE COURT, if you have questions regarding this Notice.**

# Exhibit E

## GENERAL RELEASE OF CLAIMS IN EXCHANGE FOR SERVICE PAYMENT

Dionny Espinal, on behalf of himself and his heirs, representatives, successors, and assigns (collectively, "**Plaintiff**"), and Victor's Café 52nd Street, Inc., and Sonia Zaldivar, and Christian Cardenas ("**Victor's Cafe**") and, together with Plaintiff, (the "**Parties**"), for good and valuable consideration, the receipt of which is hereby acknowledged, and in order to resolve and settle finally, fully, and completely all matters or disputes that now or may exist between them, including the Lawsuit filed by Dionny Espinal on October 14, 2016, in the United States District Court for the Southern District of New York, which was assigned Case No. 16-cv-8057-VEC (the "**Action**"), hereby enters into this General Release of Claims in Exchange for Service Payment ("**General Release**"), agreeing as follows:

1.     **Consideration.** Plaintiff understands and agrees that by signing this General Release and, contingent upon the Court's approval of the Parties' Class and Collective Action Settlement Agreement and Release to which this General Release is incorporated as an exhibit ("**Settlement Agreement**"), Plaintiff will be eligible to receive a Service Payment of $5,000.00, consistent with the provisions of Section 4.1 of the Settlement Agreement.

2.     **Release and Waiver of Rights and Claims.** In exchange for the Service Payment, and to the full extent permitted by law, Plaintiff voluntarily, completely, and irrevocably releases, acquits, and forever discharges Victor's Cafe, including its present and former parent companies, subsidiaries, related or affiliated companies, and their respective shareholders, members, partners, officers, directors, owners, employees, members, managers, fiduciaries, trustees, employee benefit plan administrators, agents, attorneys, insurers, successors, and assigns, and all persons or entities acting by, through, under, or in concert with any of them, and any individual or entity which could be jointly liable with any of them (collectively, the "**Releasees**"), from any and all charges, complaints, actions, causes of action, lawsuits, grievances, controversies, disputes, demands, liabilities, damages (including, but not limited to, actual, compensatory, punitive, and liquidated damages), attorneys' fees, costs, and any other liabilities of any kind, nature, description, or character whatsoever that Plaintiff may have against Victor's Cafe or any other Releasees arising out of Plaintiff's employment with Victor's Cafe, up to and including the date of this General Release, whether known or unknown, suspected or concealed, and whether presently asserted or otherwise, including, but not limited to, all claims that Victor's Cafe and/ or any other Releasees:

        (a)     Retaliated against or discriminated against Plaintiff on the basis of race; age; sex (including sexual harassment); color; national origin; citizenship; ancestry; religion; disability; handicap; sexual orientation; leave status; genetics; medical condition; marital status; parental status; veteran status; source of income; union activity; whistle-blower activity; or on any other basis in violation of any city, local, state, or federal law, statute, ordinance, executive order, regulations, or constitution or otherwise violated any city, local, state, or federal laws, statutes, ordinances, executive orders, regulations, or constitutions, including, but not limited to: Fair Labor Standards Act of 1938,

as amended, 29 U.S.C. § 201 *et seq.*; Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; Civil Rights Act of 1866, 42 U.S.C. § 1981; Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.* including the Older Worker Benefit Protection Act; Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*; Genetic Information Nondiscrimination Act, 29 C.F.R. § 1635; The Rehabilitation Act of 1973 , as amended, 29 U.S.C. § 701 *et seq.*; the Uniformed Services Employment and Reemployment Act of 1994; the Veterans Reemployment Rights Act; The Occupational Safety and Health Act; the Workers Adjustment and Retraining Notification Act; the Consolidated Omnibus Budget Reconciliation Act; the Immigration Control and Reform Act;  Equal Pay Act of 1963, as amended, 29 U.S.C. § 206(d); Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 *et seq.*; National Labor Relations Act, as amended, 29 U.S.C. § 151 *et seq.*; Sarbanes-Oxley Act of 2002, as amended, 18 U.S.C. § 1514A; New York Human Rights Law, N.Y. Exec. Law § 290 *et seq.*; New York City Human Rights Law, N.Y. City Code § 8-107; New York Hours of Labor Law, N.Y. Lab. Law § 160 *et seq.*; New York Wage Payment Law, N.Y. Lab. Law § 190 *et seq.*; New York Minimum Wage Act, N.Y. Lab. Law § 650 *et seq.*; New York Whistleblower Law, N.Y. Lab. Law § 740; New York Discrimination in Child-Care Leave Law, N.Y. Lab. Law § 201-c; New York Off-Duty Conduct Lawful Activities Discrimination Law, N.Y. Lab. Law § 201-d; New York Civil Rights Law, N.Y. Civ. Rights Law §§ 47-a, 48 *et seq.*; New York Enforcement of Judgments Law, N.Y. C.P.L.R. § 5401 *et seq.*; New York Maximum Hours Anti-Retaliation Law, N.Y. Lab. Law § 215 as amended.; New York Military Leave Law, N.Y. Mil. Law. § 317; New York WARN Requirements Law, N.Y. Lab. Law § 860-a *et seq.*, § 598; New York Employee Privacy Protection Law, N.Y. Lab. Law § 203-c.; New York Retaliatory Action by Employers Law (RAEL), N.Y. Lab. Law §§ 740 and 741; New York Nondiscrimination for Legal Actions Law (NLAL), N.Y. Lab. Law § 201-d; New York Equal Pay Law, N.Y. Lab. Law §194; and/or New York Equal Rights Law, N.Y. Civ. Rights §40e;

(b)     Violated public policy or common law including, but not limited to, claims for breach of contract, express or implied; breach of implied covenant of good faith and fair dealing; unjust enrichment; quantum meruit; intentional or tortious interference with contractual or business relations; misrepresentation; fraud; fraudulent inducement; conversion; promissory estoppel; detrimental reliance; wrongful termination; retaliatory discharge; assault; battery; false imprisonment; personal injury; defamation; libel; slander; invasion of privacy; negligence; negligent hiring, retention, or supervision; negligent, reckless, or intentional or unintentional infliction of emotional distress; mental anguish; conspiracy; and/or loss of consortium; or

(c)     Violated Victor's Cafe's or any other Releasees' personnel policies; procedures; or handbooks; any covenant of good faith and fair dealing or any purported contract of employment, express or implied, with Plaintiff; or

(d)     Failed to provide Plaintiff with any benefits pursuant to the terms of any employee benefit plan maintained, administered, sponsored, funded and/or paid, in whole or in part, by Victor's Cafe or any other Releasees; violated the terms of any such employee benefit plan;

breached any fiduciary obligation with respect to such plan; discriminated against Plaintiff for the purpose of preventing Plaintiff from obtaining benefits pursuant to the terms of any such plan; or in any way violated any provision of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq*.; and

   (e) All claims for any compensation, including but not limited to, back wages, front pay, bonuses or awards, commissions, fringe benefits, disability benefits, medical benefits, severance benefits, reinstatement, retroactive seniority, pension benefits, stock options, stock purchase plans, equity or ownership interests, additional contributions to 401(k) plans, or any other form of economic loss, as well as interest, liquidated damages, and punitive damages; and

   (f) All claims for personal injury, including physical injury, mental anguish, emotional distress, pain and suffering, embarrassment, humiliation, and damage to name or reputation.

  3. **Release Exclusions.** The Release and Waiver of Rights and Claims in Section 2 excludes any claims arising after Plaintiff signs this General Release and any claims this General Release cannot legally waive, such as for unemployment or worker's compensation; any right to COBRA benefits or vested retirement benefits; any existing rights of defense and indemnity or liability insurance coverage; the right to enforce this Agreement; and any rights arising out of the Class Action Settlement Agreement in the Action.  Nothing in this Agreement limits Plaintiff's right to file a claim, give information, or participate in an investigation or proceeding with a government agency such as the SEC or OSHA under any law protecting such rights. But Plaintiff does give up, however, the right to recover any money or other personal benefit from Victor's Cafe (not a government agency) for any such claim or litigation, unless prohibited by law.

  4. **Covenant Not to Sue.** Besides waiving and releasing the claims covered by Section 2 above, Plaintiff agrees never to sue Victor's Cafe or any other Releasees or join a lawsuit against any such party, in any forum for any claim encompassed by the release in Section 2 above.  Plaintiff may, however, bring a claim to enforce this General Release, and/or to enforce the terms of the Class Action Settlement Agreement in the Action.

  5. **Neutral Reference.**  In the event that Plaintiff directs a written request for confirmation of prior employment to Victor's Café, Defendant Victor's Café shall provide a neutral reference, confirming only prior title and dates of employment when responding to third parties.  Plaintiff shall direct all such inquiries to Monica Zaldivar, who must be contacted via e-mail at monica@victorscafe.com.

  6. Plaintiff acknowledges that the Service Payment is above and beyond anything that he is otherwise entitled to receive and constitutes sufficient and adequate consideration for the release of any and all claims he may have or claim to have against the Releasees. Plaintiff admits, acknowledges, and concedes that (a) except as provided in this Agreement, neither Victor's Cafe,

nor any other Releasee has any further, other, or outstanding obligation (contractual, statutory or otherwise) to him relating to his employment or the termination of his employment; (b)  is not owed any additional amounts in the form of penalties, liquidated damages, or other sums as a result of or derived from any claims that he has, or may have, asserted against Releasees, other than that he is receiving under his share of the Class and Collective Action Settlement Agreement and Release; and (c), accordingly, Victor's Cafe and the Releasees will owe Plaintiff absolutely nothing else.

7.     **Other Agreements.** Plaintiff also understands and agrees as follows:

(a)     Plaintiff is entering into this General Release, intending to be bound by its terms, knowingly, voluntarily, and with full knowledge of their significance. Plaintiff has not been coerced, threatened, or intimidated into signing this General Release;

(b)     Plaintiff has been advised to consult with a lawyer prior to signing this General Release and agreeing to be bound by its terms;

(c)     Plaintiff has been given a reasonable amount of time to consider this General Release;

(d)     Plaintiff is not otherwise entitled to the consideration described in this General Release;

(e)     Plaintiff has not suffered any on-the-job injury for which Plaintiff has not already filed a workers' compensation claim; and

(f)     This Agreement has been translated in Plaintiff's native language, Spanish, prior to his execution of same.

> **BY MY SIGNATURE BELOW, I AFFIRM AND ACKNOWLEDGE THAT I HAVE READ THE FOREGOING GENERAL RELEASE, THAT I HAVE HAD SUFFICIENT TIME AND OPPORTUNITY TO REVIEW AND DISCUSS IT WITH MY ATTORNEY, THAT I HAVE HAD ANY QUESTIONS ANSWERED TO MY SATISFACTION, THAT I FULLY UNDERSTAND AND APPRECIATE THE MEANING OF ITS TERMS, THAT IT HAS BEEN TRANSLATED INTO SPANISH FOR ME BEFORE I SIGNED, AND THAT I AM VOLUNTARILY SIGNING THE GENERAL RELEASE ON THE DATE INDICATED BELOW, INTENDING TO BE FULLY AND LEGALLY BOUND BY ITS TERMS.**

**FOR VICTOR'S CAFE, INC.**                    **FOR PLAINTIFF**

By _____            By: _____

Print Name: Monica Zaldivar              Print Name: Dionny Espinal

Title: Director of Oper.                 Dated: _____

Dated: 10/25/18

(f)     This Agreement has been translated in Plaintiff's native language, Spanish, prior to his execution of same.

> **BY MY SIGNATURE BELOW, I AFFIRM AND ACKNOWLEDGE THAT I HAVE READ THE FOREGOING GENERAL RELEASE, THAT I HAVE HAD SUFFICIENT TIME AND OPPORTUNITY TO REVIEW AND DISCUSS IT WITH MY ATTORNEY, THAT I HAVE HAD ANY QUESTIONS ANSWERED TO MY SATISFACTION, THAT I FULLY UNDERSTAND AND APPRECIATE THE MEANING OF ITS TERMS, THAT IT HAS BEEN TRANSLATED INTO SPANISH FOR ME BEFORE I SIGNED, AND THAT I AM VOLUNTARILY SIGNING THE GENERAL RELEASE ON THE DATE INDICATED BELOW, INTENDING TO BE FULLY AND LEGALLY BOUND BY ITS TERMS.**

**FOR VICTOR'S CAFE, INC.**

**FOR PLAINTIFF**

By: _____

By: _____

Print Name: _____

Print Name: Dionny Espinal

Title: _____

Dated: 10/25/18

Dated: _____

## <u>GENERAL RELEASE OF CLAIMS IN EXCHANGE FOR SERVICE PAYMENT</u>

<u>Francisco Espinal</u>, on behalf of himself and his heirs, representatives, successors, and assigns (collectively, "**Plaintiff**"), and Victor's Café 52nd Street, Inc., and Sonia Zaldivar, and Christian Cardenas ("**Victor's Cafe**") and, together with Plaintiff, (the "**Parties**"), for good and valuable consideration, the receipt of which is hereby acknowledged, and in order to resolve and settle finally, fully, and completely all matters or disputes that now or may exist between them, including the Lawsuit filed by Dionny Espinal on October 14, 2016, in the United States District Court for the Southern District of New York, which was assigned Case No. 16-cv-8057-VEC (the "**Action**"), hereby enters into this General Release of Claims in Exchange for Service Payment ("**General Release**"), agreeing as follows:

1.      **<u>Consideration.</u>** Plaintiff understands and agrees that by signing this General Release and, contingent upon the Court's approval of the Parties' Class and Collective Action Settlement Agreement and Release to which this General Release is incorporated as an exhibit ("**Settlement Agreement**"), Plaintiff will be eligible to receive a Service Payment of $2,500.00, consistent with the provisions of Section 4.1 of the Settlement Agreement.

2.      **<u>Release and Waiver of Rights and Claims.</u>** In exchange for the Service Payment, and to the full extent permitted by law, Plaintiff voluntarily, completely, and irrevocably releases, acquits, and forever discharges Victor's Cafe, including its present and former parent companies, subsidiaries, related or affiliated companies, and their respective shareholders, members, partners, officers, directors, owners, employees, members, managers, fiduciaries, trustees, employee benefit plan administrators, agents, attorneys, insurers, successors, and assigns, and all persons or entities acting by, through, under, or in concert with any of them, and any individual or entity which could be jointly liable with any of them (collectively, the "**Releasees**"), from any and all charges, complaints, actions, causes of action, lawsuits, grievances, controversies, disputes, demands, liabilities, damages (including, but not limited to, actual, compensatory, punitive, and liquidated damages), attorneys' fees, costs, and any other liabilities of any kind, nature, description, or character whatsoever that Plaintiff may have against Victor's Cafe or any other Releasees arising out of Plaintiff's employment with Victor's Cafe, up to and including the date of this General Release, whether known or unknown, suspected or concealed, and whether presently asserted or otherwise, including, but not limited to, all claims that Victor's Cafe and/ or any other Releasees:

(a)      Retaliated against or discriminated against Plaintiff on the basis of race; age; sex (including sexual harassment); color; national origin; citizenship; ancestry; religion; disability; handicap; sexual orientation; leave status; genetics; medical condition; marital status; parental status; veteran status; source of income; union activity; whistle-blower activity; or on any other basis in violation of any city, local, state, or federal law, statute, ordinance, executive order, regulations, or constitution or otherwise violated any city, local, state, or federal laws, statutes, ordinances, executive orders, regulations, or constitutions, including, but not limited to: Fair Labor Standards Act of 1938,

as amended, 29 U.S.C. § 201 *et seq.*; Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; Civil Rights Act of 1866, 42 U.S.C. § 1981; Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.* including the Older Worker Benefit Protection Act; Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*; Genetic Information Nondiscrimination Act, 29 C.F.R. § 1635; The Rehabilitation Act of 1973 , as amended, 29 U.S.C. § 701 *et seq.*; the Uniformed Services Employment and Reemployment Act of 1994; the Veterans Reemployment Rights Act; The Occupational Safety and Health Act; the Workers Adjustment and Retraining Notification Act; the Consolidated Omnibus Budget Reconciliation Act; the Immigration Control and Reform Act;  Equal Pay Act of 1963, as amended, 29 U.S.C. § 206(d); Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 *et seq.*; National Labor Relations Act, as amended, 29 U.S.C. § 151 *et seq.*; Sarbanes-Oxley Act of 2002, as amended, 18 U.S.C. § 1514A; New York Human Rights Law, N.Y. Exec. Law § 290 *et seq.*; New York City Human Rights Law, N.Y. City Code § 8-107; New York Hours of Labor Law, N.Y. Lab. Law § 160 *et seq.*; New York Wage Payment Law, N.Y. Lab. Law § 190 *et seq.*; New York Minimum Wage Act, N.Y. Lab. Law § 650 *et seq.*; New York Whistleblower Law, N.Y. Lab. Law § 740; New York Discrimination in Child-Care Leave Law, N.Y. Lab. Law § 201-c; New York Off-Duty Conduct Lawful Activities Discrimination Law, N.Y. Lab. Law § 201-d; New York Civil Rights Law, N.Y. Civ. Rights Law §§ 47-a, 48 *et seq.*; New York Enforcement of Judgments Law, N.Y. C.P.L.R. § 5401 *et seq.*; New York Maximum Hours Anti-Retaliation Law, N.Y. Lab. Law § 215 as amended.; New York Military Leave Law, N.Y. Mil. Law. § 317; New York WARN Requirements Law, N.Y. Lab. Law § 860-a *et seq.*, § 598; New York Employee Privacy Protection Law, N.Y. Lab. Law § 203-c.; New York Retaliatory Action by Employers Law (RAEL), N.Y. Lab. Law §§ 740 and 741; New York Nondiscrimination for Legal Actions Law (NLAL), N.Y. Lab. Law § 201-d; New York Equal Pay Law, N.Y. Lab. Law §194; and/or New York Equal Rights Law, N.Y. Civ. Rights §40e;

(b)     Violated public policy or common law including, but not limited to, claims for breach of contract, express or implied; breach of implied covenant of good faith and fair dealing; unjust enrichment; quantum meruit; intentional or tortious interference with contractual or business relations; misrepresentation; fraud; fraudulent inducement; conversion; promissory estoppel; detrimental reliance; wrongful termination; retaliatory discharge; assault; battery; false imprisonment; personal injury; defamation; libel; slander; invasion of privacy; negligence; negligent hiring, retention, or supervision; negligent, reckless, or intentional or unintentional infliction of emotional distress; mental anguish; conspiracy; and/or loss of consortium; or

(c)     Violated Victor's Cafe's or any other Releasees' personnel policies; procedures; or handbooks; any covenant of good faith and fair dealing or any purported contract of employment, express or implied, with Plaintiff; or

(d)     Failed to provide Plaintiff with any benefits pursuant to the terms of any employee benefit plan maintained, administered, sponsored, funded and/or paid, in whole or in part, by Victor's Cafe or any other Releasees; violated the terms of any such employee benefit plan;

breached any fiduciary obligation with respect to such plan; discriminated against Plaintiff for the purpose of preventing Plaintiff from obtaining benefits pursuant to the terms of any such plan; or in any way violated any provision of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.*; and

> (e)     All claims for any compensation, including but not limited to, back wages, front pay, bonuses or awards, commissions, fringe benefits, disability benefits, medical benefits, severance benefits, reinstatement, retroactive seniority, pension benefits, stock options, stock purchase plans, equity or ownership interests, additional contributions to 401(k) plans, or any other form of economic loss, as well as interest, liquidated damages, and punitive damages; and

> (f)     All claims for personal injury, including physical injury, mental anguish, emotional distress, pain and suffering, embarrassment, humiliation, and damage to name or reputation.

3.     **Release Exclusions.** The Release and Waiver of Rights and Claims in Section 2 excludes any claims arising after Plaintiff signs this General Release and any claims this General Release cannot legally waive, such as for unemployment or worker's compensation; any right to COBRA benefits or vested retirement benefits; any existing rights of defense and indemnity or liability insurance coverage; the right to enforce this Agreement; and any rights arising out of the Class Action Settlement Agreement in the Action.  Nothing in this Agreement limits Plaintiff's right to file a claim, give information, or participate in an investigation or proceeding with a government agency such as the SEC or OSHA under any law protecting such rights. But Plaintiff does give up, however, the right to recover any money or other personal benefit from Victor's Cafe (not a government agency) for any such claim or litigation, unless prohibited by law.

4.     **Covenant Not to Sue.** Besides waiving and releasing the claims covered by Section 2 above, Plaintiff agrees never to sue Victor's Cafe or any other Releasees or join a lawsuit against any such party, in any forum for any claim encompassed by the release in Section 2 above.  Plaintiff may, however, bring a claim to enforce this General Release, and/or to enforce the terms of the Class Action Settlement Agreement in the Action.

5.     **Neutral Reference.**   In the event that Plaintiff directs a written request for confirmation of prior employment to Victor's Café, Defendant Victor's Café shall provide a neutral reference, confirming only prior title and dates of employment when responding to third parties. Plaintiff shall direct all such inquiries to Monica Zaldivar, who must be contacted via e-mail at monica@victorscafe.com.

6.     Plaintiff acknowledges that the Service Payment is above and beyond anything that he is otherwise entitled to receive and constitutes sufficient and adequate consideration for the release of any and all claims he may have or claim to have against the Releasees. Plaintiff admits, acknowledges, and concedes that (a) except as provided in this Agreement, neither Victor's Cafe,

nor any other Releasee has any further, other, or outstanding obligation (contractual, statutory or otherwise) to him relating to his employment or the termination of his employment; (b)  is not owed any additional amounts in the form of penalties, liquidated damages, or other sums as a result of or derived from any claims that he has, or may have, asserted against Releasees, other than that he is receiving under his share of the Class and Collective Action Settlement Agreement and Release; and (c), accordingly, Victor's Cafe and the Releasees will owe Plaintiff absolutely nothing else.

7.     **Other Agreements.** Plaintiff also understands and agrees as follows:

(a)     Plaintiff is entering into this General Release, intending to be bound by its terms, knowingly, voluntarily, and with full knowledge of their significance. Plaintiff has not been coerced, threatened, or intimidated into signing this General Release;

(b)     Plaintiff has been advised to consult with a lawyer prior to signing this General Release and agreeing to be bound by its terms;

(c)     Plaintiff has been given a reasonable amount of time to consider this General Release;

(d)     Plaintiff is not otherwise entitled to the consideration described in this General Release;

(e)     Plaintiff has not suffered any on-the-job injury for which Plaintiff has not already filed a workers' compensation claim; and

(f)      This Agreement has been translated in Plaintiff's native language, Spanish, prior to his execution of same.

> **BY MY SIGNATURE BELOW, I AFFIRM AND ACKNOWLEDGE THAT I HAVE READ THE FOREGOING GENERAL RELEASE, THAT I HAVE HAD SUFFICIENT TIME AND OPPORTUNITY TO REVIEW AND DISCUSS IT WITH MY ATTORNEY, THAT I HAVE HAD ANY QUESTIONS ANSWERED TO MY SATISFACTION, THAT I FULLY UNDERSTAND AND APPRECIATE THE MEANING OF ITS TERMS, THAT IT HAS BEEN TRANSLATED INTO SPANISH FOR ME BEFORE I SIGNED, AND THAT I AM VOLUNTARILY SIGNING THE GENERAL RELEASE ON THE DATE INDICATED BELOW, INTENDING TO BE FULLY AND LEGALLY BOUND BY ITS TERMS.**

FOR VICTOR'S CAFE, INC.

By: _____

Print Name: _____

Title: _____

Dated: _____

FOR PLAINTIFF

By: _____

Print Name: Francisco Espinal

Dated: 10/25/18

**GENERAL RELEASE**
**(Exhibit E to Class and Collective Action Settlement Agreement and Release)**
Page 5 of 5

       (f)     This Agreement has been translated in Plaintiff's native language, Spanish, prior to his execution of same.

> **BY MY SIGNATURE BELOW, I AFFIRM AND ACKNOWLEDGE THAT I HAVE READ THE FOREGOING GENERAL RELEASE, THAT I HAVE HAD SUFFICIENT TIME AND OPPORTUNITY TO REVIEW AND DISCUSS IT WITH MY ATTORNEY, THAT I HAVE HAD ANY QUESTIONS ANSWERED TO MY SATISFACTION, THAT I FULLY UNDERSTAND AND APPRECIATE THE MEANING OF ITS TERMS, THAT IT HAS BEEN TRANSLATED INTO SPANISH FOR ME BEFORE I SIGNED, AND THAT I AM VOLUNTARILY SIGNING THE GENERAL RELEASE ON THE DATE INDICATED BELOW, INTENDING TO BE FULLY AND LEGALLY BOUND BY ITS TERMS.**

**FOR VICTOR'S CAFE, INC.**        **FOR PLAINTIFF**

By: _Monica Zaldivar (signature)_      By: _____

Print Name: Monica Zaldivar      Print Name: Francisco Espinal

Title: Director of Oper.      Dated: _____

Dated: 10/25/18

## <u>GENERAL RELEASE OF CLAIMS IN EXCHANGE FOR SERVICE PAYMENT</u>

<u>Eduardo Garcia</u>, on behalf of himself and his heirs, representatives, successors, and assigns (collectively, "**Plaintiff**"), and Victor's Café 52nd Street, Inc., and Sonia Zaldivar, and Christian Cardenas ("**Victor's Cafe**") and, together with Plaintiff, (the "**Parties**"), for good and valuable consideration, the receipt of which is hereby acknowledged, and in order to resolve and settle finally, fully, and completely all matters or disputes that now or may exist between them, including the Lawsuit filed by Dionny Espinal on October 14, 2016, in the United States District Court for the Southern District of New York, which was assigned Case No. 16-cv-8057-VEC (the "**Action**"), hereby enters into this General Release of Claims in Exchange for Service Payment ("**General Release**"), agreeing as follows:

1.      **<u>Consideration.</u>** Plaintiff understands and agrees that by signing this General Release and, contingent upon the Court's approval of the Parties' Class and Collective Action Settlement Agreement and Release to which this General Release is incorporated as an exhibit ("**Settlement Agreement**"), Plaintiff will be eligible to receive a Service Payment of $2,500.00, consistent with the provisions of Section 4.1 of the Settlement Agreement.

2.      **<u>Release and Waiver of Rights and Claims.</u>** In exchange for the Service Payment, and to the full extent permitted by law, Plaintiff voluntarily, completely, and irrevocably releases, acquits, and forever discharges Victor's Cafe, including its present and former parent companies, subsidiaries, related or affiliated companies, and their respective shareholders, members, partners, officers, directors, owners, employees, members, managers, fiduciaries, trustees, employee benefit plan administrators, agents, attorneys, insurers, successors, and assigns, and all persons or entities acting by, through, under, or in concert with any of them, and any individual or entity which could be jointly liable with any of them (collectively, the "**Releasees**"), from any and all charges, complaints, actions, causes of action, lawsuits, grievances, controversies, disputes, demands, liabilities, damages (including, but not limited to, actual, compensatory, punitive, and liquidated damages), attorneys' fees, costs, and any other liabilities of any kind, nature, description, or character whatsoever that Plaintiff may have against Victor's Cafe or any other Releasees arising out of Plaintiff's employment with Victor's Cafe, up to and including the date of this General Release, whether known or unknown, suspected or concealed, and whether presently asserted or otherwise, including, but not limited to, all claims that Victor's Cafe and/ or any other Releasees:

(a)      Retaliated against or discriminated against Plaintiff on the basis of race; age; sex (including sexual harassment); color; national origin; citizenship; ancestry; religion; disability; handicap; sexual orientation; leave status; genetics; medical condition; marital status; parental status; veteran status; source of income; union activity; whistle-blower activity; or on any other basis in violation of any city, local, state, or federal law, statute, ordinance, executive order, regulations, or constitution or otherwise violated any city, local, state, or federal laws, statutes, ordinances, executive orders, regulations, or constitutions, including, but not limited to: Fair Labor Standards Act of 1938,

as amended, 29 U.S.C. § 201 *et seq.*; Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; Civil Rights Act of 1866, 42 U.S.C. § 1981; Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.* including the Older Worker Benefit Protection Act; Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*; Genetic Information Nondiscrimination Act, 29 C.F.R. § 1635; The Rehabilitation Act of 1973 , as amended, 29 U.S.C. § 701 *et seq.*; the Uniformed Services Employment and Reemployment Act of 1994; the Veterans Reemployment Rights Act; The Occupational Safety and Health Act; the Workers Adjustment and Retraining Notification Act; the Consolidated Omnibus Budget Reconciliation Act; the Immigration Control and Reform Act;  Equal Pay Act of 1963, as amended, 29 U.S.C. § 206(d); Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 *et seq.*; National Labor Relations Act, as amended, 29 U.S.C. § 151 *et seq.*; Sarbanes-Oxley Act of 2002, as amended, 18 U.S.C. § 1514A; New York Human Rights Law, N.Y. Exec. Law § 290 *et seq.*; New York City Human Rights Law, N.Y. City Code § 8-107; New York Hours of Labor Law, N.Y. Lab. Law § 160 *et seq.*; New York Wage Payment Law, N.Y. Lab. Law § 190 *et seq.*; New York Minimum Wage Act, N.Y. Lab. Law § 650 *et seq.*; New York Whistleblower Law, N.Y. Lab. Law § 740; New York Discrimination in Child-Care Leave Law, N.Y. Lab. Law § 201-c; New York Off-Duty Conduct Lawful Activities Discrimination Law, N.Y. Lab. Law § 201-d; New York Civil Rights Law, N.Y. Civ. Rights Law §§ 47-a, 48 *et seq.*; New York Enforcement of Judgments Law, N.Y. C.P.L.R. § 5401 *et seq.*; New York Maximum Hours Anti-Retaliation Law, N.Y. Lab. Law § 215 as amended.; New York Military Leave Law, N.Y. Mil. Law. § 317; New York WARN Requirements Law, N.Y. Lab. Law § 860-a *et seq.*, § 598; New York Employee Privacy Protection Law, N.Y. Lab. Law § 203-c.; New York Retaliatory Action by Employers Law (RAEL), N.Y. Lab. Law §§ 740 and 741; New York Nondiscrimination for Legal Actions Law (NLAL), N.Y. Lab. Law § 201-d; New York Equal Pay Law, N.Y. Lab. Law §194; and/or New York Equal Rights Law, N.Y. Civ. Rights §40e;

(b)     Violated public policy or common law including, but not limited to, claims for breach of contract, express or implied; breach of implied covenant of good faith and fair dealing; unjust enrichment; quantum meruit; intentional or tortious interference with contractual or business relations; misrepresentation; fraud; fraudulent inducement; conversion; promissory estoppel; detrimental reliance; wrongful termination; retaliatory discharge; assault; battery; false imprisonment; personal injury; defamation; libel; slander; invasion of privacy; negligence; negligent hiring, retention, or supervision; negligent, reckless, or intentional or unintentional infliction of emotional distress; mental anguish; conspiracy; and/or loss of consortium; or

(c)     Violated Victor's Cafe's or any other Releasees' personnel policies; procedures; or handbooks; any covenant of good faith and fair dealing or any purported contract of employment, express or implied, with Plaintiff; or

(d)     Failed to provide Plaintiff with any benefits pursuant to the terms of any employee benefit plan maintained, administered, sponsored, funded and/or paid, in whole or in part, by Victor's Cafe or any other Releasees; violated the terms of any such employee benefit plan;

breached any fiduciary obligation with respect to such plan; discriminated against Plaintiff for the purpose of preventing Plaintiff from obtaining benefits pursuant to the terms of any such plan; or in any way violated any provision of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq*.; and

       (e)     All claims for any compensation, including but not limited to, back wages, front pay, bonuses or awards, commissions, fringe benefits, disability benefits, medical benefits, severance benefits, reinstatement, retroactive seniority, pension benefits, stock options, stock purchase plans, equity or ownership interests, additional contributions to 401(k) plans, or any other form of economic loss, as well as interest, liquidated damages, and punitive damages; and

       (f)     All claims for personal injury, including physical injury, mental anguish, emotional distress, pain and suffering, embarrassment, humiliation, and damage to name or reputation.

3.      **Release Exclusions.** The Release and Waiver of Rights and Claims in Section 2 excludes any claims arising after Plaintiff signs this General Release and any claims this General Release cannot legally waive, such as for unemployment or worker's compensation; any right to COBRA benefits or vested retirement benefits; any existing rights of defense and indemnity or liability insurance coverage; the right to enforce this Agreement; and any rights arising out of the Class Action Settlement Agreement in the Action.  Nothing in this Agreement limits Plaintiff's right to file a claim, give information, or participate in an investigation or proceeding with a government agency such as the SEC or OSHA under any law protecting such rights. But Plaintiff does give up, however, the right to recover any money or other personal benefit from Victor's Cafe (not a government agency) for any such claim or litigation, unless prohibited by law.

4.      **Covenant Not to Sue.** Besides waiving and releasing the claims covered by Section 2 above, Plaintiff agrees never to sue Victor's Cafe or any other Releasees or join a lawsuit against any such party, in any forum for any claim encompassed by the release in Section 2 above.  Plaintiff may, however, bring a claim to enforce this General Release, and/or to enforce the terms of the Class Action Settlement Agreement in the Action.

5.      **Neutral Reference.**  In the event that Plaintiff directs a written request for confirmation of prior employment to Victor's Café, Defendant Victor's Café shall provide a neutral reference, confirming only prior title and dates of employment when responding to third parties. Plaintiff shall direct all such inquiries to Monica Zaldivar, who must be contacted via e-mail at monica@victorscafe.com.

6.      Plaintiff acknowledges that the Service Payment is above and beyond anything that he is otherwise entitled to receive and constitutes sufficient and adequate consideration for the release of any and all claims he may have or claim to have against the Releasees. Plaintiff admits, acknowledges, and concedes that (a) except as provided in this Agreement, neither Victor's Cafe,

nor any other Releasee has any further, other, or outstanding obligation (contractual, statutory or otherwise) to him relating to his employment or the termination of his employment; (b)  is not owed any additional amounts in the form of penalties, liquidated damages, or other sums as a result of or derived from any claims that he has, or may have, asserted against Releasees, other than that he is receiving under his share of the Class and Collective Action Settlement Agreement and Release; and (c), accordingly, Victor's Cafe and the Releasees will owe Plaintiff absolutely nothing else.

7.     **Other Agreements.** Plaintiff also understands and agrees as follows:

(a)     Plaintiff is entering into this General Release, intending to be bound by its terms, knowingly, voluntarily, and with full knowledge of their significance. Plaintiff has not been coerced, threatened, or intimidated into signing this General Release;

(b)     Plaintiff has been advised to consult with a lawyer prior to signing this General Release and agreeing to be bound by its terms;

(c)     Plaintiff has been given a reasonable amount of time to consider this General Release;

(d)     Plaintiff is not otherwise entitled to the consideration described in this General Release;

(e)     Plaintiff has not suffered any on-the-job injury for which Plaintiff has not already filed a workers' compensation claim; and

(f)     This Agreement has been translated in Plaintiff's native language, Spanish, prior to his execution of same.

> **BY MY SIGNATURE BELOW, I AFFIRM AND ACKNOWLEDGE THAT I HAVE READ THE FOREGOING GENERAL RELEASE, THAT I HAVE HAD SUFFICIENT TIME AND OPPORTUNITY TO REVIEW AND DISCUSS IT WITH MY ATTORNEY, THAT I HAVE HAD ANY QUESTIONS ANSWERED TO MY SATISFACTION, THAT I FULLY UNDERSTAND AND APPRECIATE THE MEANING OF ITS TERMS, THAT IT HAS BEEN TRANSLATED INTO SPANISH FOR ME BEFORE I SIGNED, AND THAT I AM VOLUNTARILY SIGNING THE GENERAL RELEASE ON THE DATE INDICATED BELOW, INTENDING TO BE FULLY AND LEGALLY BOUND BY ITS TERMS.**

**FOR VICTOR'S CAFE, INC.**

By: _(signature)_

Print Name: Monica Zaldivar

Title: Director of Oper.

Dated: 10/25/18

**FOR PLAINTIFF**

By: _____

Print Name: Eduardo Garcia

Dated: _____

**GENERAL RELEASE**
**(Exhibit E to Class and Collective Action Settlement Agreement and Release)**
Page 5 of 5

(f)     This Agreement has been translated in Plaintiff's native language, Spanish, prior to his execution of same.

> **BY MY SIGNATURE BELOW, I AFFIRM AND ACKNOWLEDGE THAT I HAVE READ THE FOREGOING GENERAL RELEASE, THAT I HAVE HAD SUFFICIENT TIME AND OPPORTUNITY TO REVIEW AND DISCUSS IT WITH MY ATTORNEY, THAT I HAVE HAD ANY QUESTIONS ANSWERED TO MY SATISFACTION, THAT I FULLY UNDERSTAND AND APPRECIATE THE MEANING OF ITS TERMS, THAT IT HAS BEEN TRANSLATED INTO SPANISH FOR ME BEFORE I SIGNED, AND THAT I AM VOLUNTARILY SIGNING THE GENERAL RELEASE ON THE DATE INDICATED BELOW, INTENDING TO BE FULLY AND LEGALLY BOUND BY ITS TERMS.**

**FOR VICTOR'S CAFE, INC.**                    **FOR PLAINTIFF**

By: _____          By: _Eduardo Garcia_

Print Name: _____          Print Name: Eduardo Garcia

Title: _____          Dated: _10/25/18_

Dated: _____

## GENERAL RELEASE OF CLAIMS IN EXCHANGE FOR SERVICE PAYMENT

Jonathan Gonzalez, on behalf of himself and his heirs, representatives, successors, and assigns (collectively, "**Plaintiff**"), and Victor's Café 52nd Street, Inc., and Sonia Zaldivar, and Christian Cardenas ("**Victor's Cafe**") and, together with Plaintiff, (the "**Parties**"), for good and valuable consideration, the receipt of which is hereby acknowledged, and in order to resolve and settle finally, fully, and completely all matters or disputes that now or may exist between them, including the Lawsuit filed by Dionny Espinal on October 14, 2016, in the United States District Court for the Southern District of New York, which was assigned Case No. 16-cv-8057-VEC (the "**Action**"), hereby enters into this General Release of Claims in Exchange for Service Payment ("**General Release**"), agreeing as follows:

1.    **Consideration.** Plaintiff understands and agrees that by signing this General Release and, contingent upon the Court's approval of the Parties' Class and Collective Action Settlement Agreement and Release to which this General Release is incorporated as an exhibit ("**Settlement Agreement**"), Plaintiff will be eligible to receive a Service Payment of $2,500.00, consistent with the provisions of Section 4.1 of the Settlement Agreement.

2.    **Release and Waiver of Rights and Claims.** In exchange for the Service Payment, and to the full extent permitted by law, Plaintiff voluntarily, completely, and irrevocably releases, acquits, and forever discharges Victor's Cafe, including its present and former parent companies, subsidiaries, related or affiliated companies, and their respective shareholders, members, partners, officers, directors, owners, employees, members, managers, fiduciaries, trustees, employee benefit plan administrators, agents, attorneys, insurers, successors, and assigns, and all persons or entities acting by, through, under, or in concert with any of them, and any individual or entity which could be jointly liable with any of them (collectively, the "**Releasees**"), from any and all charges, complaints, actions, causes of action, lawsuits, grievances, controversies, disputes, demands, liabilities, damages (including, but not limited to, actual, compensatory, punitive, and liquidated damages), attorneys' fees, costs, and any other liabilities of any kind, nature, description, or character whatsoever that Plaintiff may have against Victor's Cafe or any other Releasees arising out of Plaintiff's employment with Victor's Cafe, up to and including the date of this General Release, whether known or unknown, suspected or concealed, and whether presently asserted or otherwise, including, but not limited to, all claims that Victor's Cafe and/ or any other Releasees:

        (a)    Retaliated against or discriminated against Plaintiff on the basis of race; age; sex (including sexual harassment); color; national origin; citizenship; ancestry; religion; disability; handicap; sexual orientation; leave status; genetics; medical condition; marital status; parental status; veteran status; source of income; union activity; whistle-blower activity; or on any other basis in violation of any city, local, state, or federal law, statute, ordinance, executive order, regulations, or constitution or otherwise violated any city, local, state, or federal laws, statutes, ordinances, executive orders, regulations, or constitutions, including, but not limited to: Fair Labor Standards Act of 1938,

as amended, 29 U.S.C. § 201 *et seq.*; Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; Civil Rights Act of 1866, 42 U.S.C. § 1981; Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.* including the Older Worker Benefit Protection Act; Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*; Genetic Information Nondiscrimination Act, 29 C.F.R. § 1635; The Rehabilitation Act of 1973 , as amended, 29 U.S.C. § 701 *et seq.*; the Uniformed Services Employment and Reemployment Act of 1994; the Veterans Reemployment Rights Act; The Occupational Safety and Health Act; the Workers Adjustment and Retraining Notification Act; the Consolidated Omnibus Budget Reconciliation Act; the Immigration Control and Reform Act;  Equal Pay Act of 1963, as amended, 29 U.S.C. § 206(d); Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 *et seq.*; National Labor Relations Act, as amended, 29 U.S.C. § 151 *et seq.*; Sarbanes-Oxley Act of 2002, as amended, 18 U.S.C. § 1514A; New York Human Rights Law, N.Y. Exec. Law § 290 *et seq.*; New York City Human Rights Law, N.Y. City Code § 8-107; New York Hours of Labor Law, N.Y. Lab. Law § 160 *et seq.*; New York Wage Payment Law, N.Y. Lab. Law § 190 *et seq.*; New York Minimum Wage Act, N.Y. Lab. Law § 650 *et seq.*; New York Whistleblower Law, N.Y. Lab. Law § 740; New York Discrimination in Child-Care Leave Law, N.Y. Lab. Law § 201-c; New York Off-Duty Conduct Lawful Activities Discrimination Law, N.Y. Lab. Law § 201-d; New York Civil Rights Law, N.Y. Civ. Rights Law §§ 47-a, 48 *et seq.*; New York Enforcement of Judgments Law, N.Y. C.P.L.R. § 5401 *et seq.*; New York Maximum Hours Anti-Retaliation Law, N.Y. Lab. Law § 215 as amended.; New York Military Leave Law, N.Y. Mil. Law. § 317; New York WARN Requirements Law, N.Y. Lab. Law § 860-a *et seq.*, § 598; New York Employee Privacy Protection Law, N.Y. Lab. Law § 203-c.; New York Retaliatory Action by Employers Law (RAEL), N.Y. Lab. Law §§ 740 and 741; New York Nondiscrimination for Legal Actions Law (NLAL), N.Y. Lab. Law § 201-d; New York Equal Pay Law, N.Y. Lab. Law §194; and/or New York Equal Rights Law, N.Y. Civ. Rights §40e;

(b)     Violated public policy or common law including, but not limited to, claims for breach of contract, express or implied; breach of implied covenant of good faith and fair dealing; unjust enrichment; quantum meruit; intentional or tortious interference with contractual or business relations; misrepresentation; fraud; fraudulent inducement; conversion; promissory estoppel; detrimental reliance; wrongful termination; retaliatory discharge; assault; battery; false imprisonment; personal injury; defamation; libel; slander; invasion of privacy; negligence; negligent hiring, retention, or supervision; negligent, reckless, or intentional or unintentional infliction of emotional distress; mental anguish; conspiracy; and/or loss of consortium; or

(c)     Violated Victor's Cafe's or any other Releasees' personnel policies; procedures; or handbooks; any covenant of good faith and fair dealing or any purported contract of employment, express or implied, with Plaintiff; or

(d)     Failed to provide Plaintiff with any benefits pursuant to the terms of any employee benefit plan maintained, administered, sponsored, funded and/or paid, in whole or in part, by Victor's Cafe or any other Releasees; violated the terms of any such employee benefit plan;

breached any fiduciary obligation with respect to such plan; discriminated against Plaintiff for the purpose of preventing Plaintiff from obtaining benefits pursuant to the terms of any such plan; or in any way violated any provision of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq*.; and

(e)     All claims for any compensation, including but not limited to, back wages, front pay, bonuses or awards, commissions, fringe benefits, disability benefits, medical benefits, severance benefits, reinstatement, retroactive seniority, pension benefits, stock options, stock purchase plans, equity or ownership interests, additional contributions to 401(k) plans, or any other form of economic loss, as well as interest, liquidated damages, and punitive damages; and

(f)     All claims for personal injury, including physical injury, mental anguish, emotional distress, pain and suffering, embarrassment, humiliation, and damage to name or reputation.

3.     **Release Exclusions.** The Release and Waiver of Rights and Claims in Section 2 excludes any claims arising after Plaintiff signs this General Release and any claims this General Release cannot legally waive, such as for unemployment or worker's compensation; any right to COBRA benefits or vested retirement benefits; any existing rights of defense and indemnity or liability insurance coverage; the right to enforce this Agreement; and any rights arising out of the Class Action Settlement Agreement in the Action.  Nothing in this Agreement limits Plaintiff's right to file a claim, give information, or participate in an investigation or proceeding with a government agency such as the SEC or OSHA under any law protecting such rights. But Plaintiff does give up, however, the right to recover any money or other personal benefit from Victor's Cafe (not a government agency) for any such claim or litigation, unless prohibited by law.

4.     **Covenant Not to Sue.** Besides waiving and releasing the claims covered by Section 2 above, Plaintiff agrees never to sue Victor's Cafe or any other Releasees or join a lawsuit against any such party, in any forum for any claim encompassed by the release in Section 2 above.  Plaintiff may, however, bring a claim to enforce this General Release, and/or to enforce the terms of the Class Action Settlement Agreement in the Action.

5.     **Neutral Reference.**   In the event that Plaintiff directs a written request for confirmation of prior employment to Victor's Café, Defendant Victor's Café shall provide a neutral reference, confirming only prior title and dates of employment when responding to third parties. Plaintiff shall direct all such inquiries to Monica Zaldivar, who must be contacted via e-mail at monica@victorscafe.com.

6.     Plaintiff acknowledges that the Service Payment is above and beyond anything that he is otherwise entitled to receive and constitutes sufficient and adequate consideration for the release of any and all claims he may have or claim to have against the Releasees. Plaintiff admits, acknowledges, and concedes that (a) except as provided in this Agreement, neither Victor's Cafe,

nor any other Releasee has any further, other, or outstanding obligation (contractual, statutory or otherwise) to him relating to his employment or the termination of his employment; (b)  is not owed any additional amounts in the form of penalties, liquidated damages, or other sums as a result of or derived from any claims that he has, or may have, asserted against Releasees, other than that he is receiving under his share of the Class and Collective Action Settlement Agreement and Release; and (c), accordingly, Victor's Cafe and the Releasees will owe Plaintiff absolutely nothing else.

7. **Other Agreements.** Plaintiff also understands and agrees as follows:

(a)  Plaintiff is entering into this General Release, intending to be bound by its terms, knowingly, voluntarily, and with full knowledge of their significance. Plaintiff has not been coerced, threatened, or intimidated into signing this General Release;

(b)  Plaintiff has been advised to consult with a lawyer prior to signing this General Release and agreeing to be bound by its terms;

(c)  Plaintiff has been given a reasonable amount of time to consider this General Release;

(d)  Plaintiff is not otherwise entitled to the consideration described in this General Release;

(e)  Plaintiff has not suffered any on-the-job injury for which Plaintiff has not already filed a workers' compensation claim; and

(f)     This Agreement has been translated in Plaintiff's native language, Spanish, prior to his execution of same.

---

**BY MY SIGNATURE BELOW, I AFFIRM AND ACKNOWLEDGE THAT I HAVE READ THE FOREGOING GENERAL RELEASE, THAT I HAVE HAD SUFFICIENT TIME AND OPPORTUNITY TO REVIEW AND DISCUSS IT WITH MY ATTORNEY, THAT I HAVE HAD ANY QUESTIONS ANSWERED TO MY SATISFACTION, THAT I FULLY UNDERSTAND AND APPRECIATE THE MEANING OF ITS TERMS, THAT IT HAS BEEN TRANSLATED INTO SPANISH FOR ME BEFORE I SIGNED, AND THAT I AM VOLUNTARILY SIGNING THE GENERAL RELEASE ON THE DATE INDICATED BELOW, INTENDING TO BE FULLY AND LEGALLY BOUND BY ITS TERMS.**

---

**FOR VICTOR'S CAFE, INC.**

By: _(signature)_

Print Name: Monica Zaldivar

Title: Director of Oper

Dated: 10/25/18

**FOR PLAINTIFF**

By: _____

Print Name: Jonathan Gonzalez

Dated: _____

(f)     This Agreement has been translated in Plaintiff's native language, Spanish, prior to his execution of same.

> **BY MY SIGNATURE BELOW, I AFFIRM AND ACKNOWLEDGE THAT I HAVE READ THE FOREGOING GENERAL RELEASE, THAT I HAVE HAD SUFFICIENT TIME AND OPPORTUNITY TO REVIEW AND DISCUSS IT WITH MY ATTORNEY, THAT I HAVE HAD ANY QUESTIONS ANSWERED TO MY SATISFACTION, THAT I FULLY UNDERSTAND AND APPRECIATE THE MEANING OF ITS TERMS, THAT IT HAS BEEN TRANSLATED INTO SPANISH FOR ME BEFORE I SIGNED, AND THAT I AM VOLUNTARILY SIGNING THE GENERAL RELEASE ON THE DATE INDICATED BELOW, INTENDING TO BE FULLY AND LEGALLY BOUND BY ITS TERMS.**

**FOR VICTOR'S CAFE, INC.**

By: _____

Print Name: _JONATHAN GONZALEZ_

Title: _____

Dated: _10/25/2018_

**FOR PLAINTIFF**

By: _____

Print Name: _Jonathan Gonzalez_

Dated: _10/25/2018_

## <u>GENERAL RELEASE OF CLAIMS IN EXCHANGE FOR SERVICE PAYMENT</u>

<u>Jose Geyder Forero Olaya</u>, on behalf of himself and his heirs, representatives, successors, and assigns (collectively, "**Plaintiff**"), and Victor's Café 52nd Street, Inc., and Sonia Zaldivar, and Christian Cardenas ("**Victor's Cafe**") and, together with Plaintiff, (the "**Parties**"), for good and valuable consideration, the receipt of which is hereby acknowledged, and in order to resolve and settle finally, fully, and completely all matters or disputes that now or may exist between them, including the Lawsuit filed by Dionny Espinal on October 14, 2016, in the United States District Court for the Southern District of New York, which was assigned Case No. 16-cv-8057-VEC (the "**Action**"), hereby enters into this General Release of Claims in Exchange for Service Payment ("**General Release**"), agreeing as follows:

1. **<u>Consideration.</u>** Plaintiff understands and agrees that by signing this General Release and, contingent upon the Court's approval of the Parties' Class and Collective Action Settlement Agreement and Release to which this General Release is incorporated as an exhibit ("**Settlement Agreement**"), Plaintiff will be eligible to receive a Service Payment of $5,000.00, consistent with the provisions of Section 4.1 of the Settlement Agreement.

2. **<u>Release and Waiver of Rights and Claims.</u>** In exchange for the Service Payment, and to the full extent permitted by law, Plaintiff voluntarily, completely, and irrevocably releases, acquits, and forever discharges Victor's Cafe, including its present and former parent companies, subsidiaries, related or affiliated companies, and their respective shareholders, members, partners, officers, directors, owners, employees, members, managers, fiduciaries, trustees, employee benefit plan administrators, agents, attorneys, insurers, successors, and assigns, and all persons or entities acting by, through, under, or in concert with any of them, and any individual or entity which could be jointly liable with any of them (collectively, the "**Releasees**"), from any and all charges, complaints, actions, causes of action, lawsuits, grievances, controversies, disputes, demands, liabilities, damages (including, but not limited to, actual, compensatory, punitive, and liquidated damages), attorneys' fees, costs, and any other liabilities of any kind, nature, description, or character whatsoever that Plaintiff may have against Victor's Cafe or any other Releasees arising out of Plaintiff's employment with Victor's Cafe, up to and including the date of this General Release, whether known or unknown, suspected or concealed, and whether presently asserted or otherwise, including, but not limited to, all claims that Victor's Cafe and/ or any other Releasees:

        (a)      Retaliated against or discriminated against Plaintiff on the basis of race; age; sex (including sexual harassment); color; national origin; citizenship; ancestry; religion; disability; handicap; sexual orientation; leave status; genetics; medical condition; marital status; parental status; veteran status; source of income; union activity; whistle-blower activity; or on any other basis in violation of any city, local, state, or federal law, statute, ordinance, executive order, regulations, or constitution or otherwise violated any city, local, state, or federal laws, statutes, ordinances, executive orders, regulations, or constitutions, including, but not limited to: Fair Labor Standards Act of 1938,

as amended, 29 U.S.C. § 201 *et seq.*; Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; Civil Rights Act of 1866, 42 U.S.C. § 1981; Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.* including the Older Worker Benefit Protection Act; Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*; Genetic Information Nondiscrimination Act, 29 C.F.R. § 1635; The Rehabilitation Act of 1973 , as amended, 29 U.S.C. § 701 *et seq.*; the Uniformed Services Employment and Reemployment Act of 1994; the Veterans Reemployment Rights Act; The Occupational Safety and Health Act; the Workers Adjustment and Retraining Notification Act; the Consolidated Omnibus Budget Reconciliation Act; the Immigration Control and Reform Act;  Equal Pay Act of 1963, as amended, 29 U.S.C. § 206(d); Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 *et seq.*; National Labor Relations Act, as amended, 29 U.S.C. § 151 *et seq.*; Sarbanes-Oxley Act of 2002, as amended, 18 U.S.C. § 1514A; New York Human Rights Law, N.Y. Exec. Law § 290 *et seq.*; New York City Human Rights Law, N.Y. City Code § 8-107; New York Hours of Labor Law, N.Y. Lab. Law § 160 *et seq.*; New York Wage Payment Law, N.Y. Lab. Law § 190 *et seq.*; New York Minimum Wage Act, N.Y. Lab. Law § 650 *et seq.*; New York Whistleblower Law, N.Y. Lab. Law § 740; New York Discrimination in Child-Care Leave Law, N.Y. Lab. Law § 201-c; New York Off-Duty Conduct Lawful Activities Discrimination Law, N.Y. Lab. Law § 201-d; New York Civil Rights Law, N.Y. Civ. Rights Law §§ 47-a, 48 *et seq.*; New York Enforcement of Judgments Law, N.Y. C.P.L.R. § 5401 *et seq.*; New York Maximum Hours Anti-Retaliation Law, N.Y. Lab. Law § 215 as amended.; New York Military Leave Law, N.Y. Mil. Law. § 317; New York WARN Requirements Law, N.Y. Lab. Law § 860-a *et seq.*, § 598; New York Employee Privacy Protection Law, N.Y. Lab. Law § 203-c.; New York Retaliatory Action by Employers Law (RAEL), N.Y. Lab. Law §§ 740 and 741; New York Nondiscrimination for Legal Actions Law (NLAL), N.Y. Lab. Law § 201-d; New York Equal Pay Law, N.Y. Lab. Law §194; and/or New York Equal Rights Law, N.Y. Civ. Rights §40e;

       (b)    Violated public policy or common law including, but not limited to, claims for breach of contract, express or implied; breach of implied covenant of good faith and fair dealing; unjust enrichment; quantum meruit; intentional or tortious interference with contractual or business relations; misrepresentation; fraud; fraudulent inducement; conversion; promissory estoppel; detrimental reliance; wrongful termination; retaliatory discharge; assault; battery; false imprisonment; personal injury; defamation; libel; slander; invasion of privacy; negligence; negligent hiring, retention, or supervision; negligent, reckless, or intentional or unintentional infliction of emotional distress; mental anguish; conspiracy; and/or loss of consortium; or

       (c)    Violated Victor's Cafe's or any other Releasees' personnel policies; procedures; or handbooks; any covenant of good faith and fair dealing or any purported contract of employment, express or implied, with Plaintiff; or

       (d)    Failed to provide Plaintiff with any benefits pursuant to the terms of any employee benefit plan maintained, administered, sponsored, funded and/or paid, in whole or in part, by Victor's Cafe or any other Releasees; violated the terms of any such employee benefit plan;

breached any fiduciary obligation with respect to such plan; discriminated against Plaintiff for the purpose of preventing Plaintiff from obtaining benefits pursuant to the terms of any such plan; or in any way violated any provision of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq*.; and

       (e)    All claims for any compensation, including but not limited to, back wages, front pay, bonuses or awards, commissions, fringe benefits, disability benefits, medical benefits, severance benefits, reinstatement, retroactive seniority, pension benefits, stock options, stock purchase plans, equity or ownership interests, additional contributions to 401(k) plans, or any other form of economic loss, as well as interest, liquidated damages, and punitive damages; and

       (f)    All claims for personal injury, including physical injury, mental anguish, emotional distress, pain and suffering, embarrassment, humiliation, and damage to name or reputation.

3.    **Release Exclusions.** The Release and Waiver of Rights and Claims in Section 2 excludes any claims arising after Plaintiff signs this General Release and any claims this General Release cannot legally waive, such as for unemployment or worker's compensation; any right to COBRA benefits or vested retirement benefits; any existing rights of defense and indemnity or liability insurance coverage; the right to enforce this Agreement; and any rights arising out of the Class Action Settlement Agreement in the Action.  Nothing in this Agreement limits Plaintiff's right to file a claim, give information, or participate in an investigation or proceeding with a government agency such as the SEC or OSHA under any law protecting such rights. But Plaintiff does give up, however, the right to recover any money or other personal benefit from Victor's Cafe (not a government agency) for any such claim or litigation, unless prohibited by law.

4.    **Covenant Not to Sue.** Besides waiving and releasing the claims covered by Section 2 above, Plaintiff agrees never to sue Victor's Cafe or any other Releasees or join a lawsuit against any such party, in any forum for any claim encompassed by the release in Section 2 above.  Plaintiff may, however, bring a claim to enforce this General Release, and/or to enforce the terms of the Class Action Settlement Agreement in the Action.

5.    **Neutral Reference.**  In the event that Plaintiff directs a written request for confirmation of prior employment to Victor's Café, Defendant Victor's Café shall provide a neutral reference, confirming only prior title and dates of employment when responding to third parties. Plaintiff shall direct all such inquiries to Monica Zaldivar, who must be contacted via e-mail at monica@victorscafe.com.

6.    Plaintiff acknowledges that the Service Payment is above and beyond anything that he is otherwise entitled to receive and constitutes sufficient and adequate consideration for the release of any and all claims he may have or claim to have against the Releasees. Plaintiff admits, acknowledges, and concedes that (a) except as provided in this Agreement, neither Victor's Cafe,

nor any other Releasee has any further, other, or outstanding obligation (contractual, statutory or otherwise) to him relating to his employment or the termination of his employment; (b)  is not owed any additional amounts in the form of penalties, liquidated damages, or other sums as a result of or derived from any claims that he has, or may have, asserted against Releasees, other than that he is receiving under his share of the Class and Collective Action Settlement Agreement and Release; and (c), accordingly, Victor's Cafe and the Releasees will owe Plaintiff absolutely nothing else.

7.     **Other Agreements.** Plaintiff also understands and agrees as follows:

(a)     Plaintiff is entering into this General Release, intending to be bound by its terms, knowingly, voluntarily, and with full knowledge of their significance. Plaintiff has not been coerced, threatened, or intimidated into signing this General Release;

(b)     Plaintiff has been advised to consult with a lawyer prior to signing this General Release and agreeing to be bound by its terms;

(c)     Plaintiff has been given a reasonable amount of time to consider this General Release;

(d)     Plaintiff is not otherwise entitled to the consideration described in this General Release;

(e)     Plaintiff has not suffered any on-the-job injury for which Plaintiff has not already filed a workers' compensation claim; and

(f)     This Agreement has been translated in Plaintiff's native language, Spanish, prior to his execution of same.

**BY MY SIGNATURE BELOW, I AFFIRM AND ACKNOWLEDGE THAT I HAVE READ THE FOREGOING GENERAL RELEASE, THAT I HAVE HAD SUFFICIENT TIME AND OPPORTUNITY TO REVIEW AND DISCUSS IT WITH MY ATTORNEY, THAT I HAVE HAD ANY QUESTIONS ANSWERED TO MY SATISFACTION, THAT I FULLY UNDERSTAND AND APPRECIATE THE MEANING OF ITS TERMS, THAT IT HAS BEEN TRANSLATED INTO SPANISH FOR ME BEFORE I SIGNED, AND THAT I AM VOLUNTARILY SIGNING THE GENERAL RELEASE ON THE DATE INDICATED BELOW, INTENDING TO BE FULLY AND LEGALLY BOUND BY ITS TERMS.**

**FOR VICTOR'S CAFE, INC.**

By: _M Zaldivar_

Print Name: Monica Zaldivar

Title: Director of Oper.

Dated: 10/25/18

**FOR PLAINTIFF**

By: _____

Print Name: Jose Geyder Forero Olaya

Dated: _____

(f)      This Agreement has been translated in Plaintiff's native language, Spanish, prior to his execution of same.

**BY MY SIGNATURE BELOW, I AFFIRM AND ACKNOWLEDGE THAT I HAVE READ THE FOREGOING GENERAL RELEASE, THAT I HAVE HAD SUFFICIENT TIME AND OPPORTUNITY TO REVIEW AND DISCUSS IT WITH MY ATTORNEY, THAT I HAVE HAD ANY QUESTIONS ANSWERED TO MY SATISFACTION, THAT I FULLY UNDERSTAND AND APPRECIATE THE MEANING OF ITS TERMS, THAT IT HAS BEEN TRANSLATED INTO SPANISH FOR ME BEFORE I SIGNED, AND THAT I AM VOLUNTARILY SIGNING THE GENERAL RELEASE ON THE DATE INDICATED BELOW, INTENDING TO BE FULLY AND LEGALLY BOUND BY ITS TERMS.**

**FOR VICTOR'S CAFE, INC.**

By: _____

Print Name: _____

Title: _____

Dated: _____

**FOR PLAINTIFF**

By: _Jose Geyder Forero olaya_

Print Name: Jose Geyder Forero Olaya

Dated: _10 / 25 / 2018_

## GENERAL RELEASE OF CLAIMS IN EXCHANGE FOR SERVICE PAYMENT

Cesar Palacios, on behalf of himself and his heirs, representatives, successors, and assigns (collectively, "**Plaintiff**"), and Victor's Café 52nd Street, Inc., and Sonia Zaldivar, and Christian Cardenas ("**Victor's Cafe**") and, together with Plaintiff, (the "**Parties**"), for good and valuable consideration, the receipt of which is hereby acknowledged, and in order to resolve and settle finally, fully, and completely all matters or disputes that now or may exist between them, including the Lawsuit filed by Dionny Espinal on October 14, 2016, in the United States District Court for the Southern District of New York, which was assigned Case No. 16-cv-8057-VEC (the "**Action**"), hereby enters into this General Release of Claims in Exchange for Service Payment ("**General Release**"), agreeing as follows:

1.     **Consideration.** Plaintiff understands and agrees that by signing this General Release and, contingent upon the Court's approval of the Parties' Class and Collective Action Settlement Agreement and Release to which this General Release is incorporated as an exhibit ("**Settlement Agreement**"), Plaintiff will be eligible to receive a Service Payment of $2,500.00, consistent with the provisions of Section 4.1 of the Settlement Agreement.

2.     **Release and Waiver of Rights and Claims.** In exchange for the Service Payment, and to the full extent permitted by law, Plaintiff voluntarily, completely, and irrevocably releases, acquits, and forever discharges Victor's Cafe, including its present and former parent companies, subsidiaries, related or affiliated companies, and their respective shareholders, members, partners, officers, directors, owners, employees, members, managers, fiduciaries, trustees, employee benefit plan administrators, agents, attorneys, insurers, successors, and assigns, and all persons or entities acting by, through, under, or in concert with any of them, and any individual or entity which could be jointly liable with any of them (collectively, the "**Releasees**"), from any and all charges, complaints, actions, causes of action, lawsuits, grievances, controversies, disputes, demands, liabilities, damages (including, but not limited to, actual, compensatory, punitive, and liquidated damages), attorneys' fees, costs, and any other liabilities of any kind, nature, description, or character whatsoever that Plaintiff may have against Victor's Cafe or any other Releasees arising out of Plaintiff's employment with Victor's Cafe, up to and including the date of this General Release, whether known or unknown, suspected or concealed, and whether presently asserted or otherwise, including, but not limited to, all claims that Victor's Cafe and/ or any other Releasees:

    (a)     Retaliated against or discriminated against Plaintiff on the basis of race; age; sex (including sexual harassment); color; national origin; citizenship; ancestry; religion; disability; handicap; sexual orientation; leave status; genetics; medical condition; marital status; parental status; veteran status; source of income; union activity; whistle-blower activity; or on any other basis in violation of any city, local, state, or federal law, statute, ordinance, executive order, regulations, or constitution or otherwise violated any city, local, state, or federal laws, statutes, ordinances, executive orders, regulations, or constitutions, including, but not limited to: Fair Labor Standards Act of 1938,

as amended, 29 U.S.C. § 201 *et seq.*; Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; Civil Rights Act of 1866, 42 U.S.C. § 1981; Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.* including the Older Worker Benefit Protection Act; Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*; Genetic Information Nondiscrimination Act, 29 C.F.R. § 1635; The Rehabilitation Act of 1973 , as amended, 29 U.S.C. § 701 *et seq.*; the Uniformed Services Employment and Reemployment Act of 1994; the Veterans Reemployment Rights Act; The Occupational Safety and Health Act; the Workers Adjustment and Retraining Notification Act; the Consolidated Omnibus Budget Reconciliation Act; the Immigration Control and Reform Act;  Equal Pay Act of 1963, as amended, 29 U.S.C. § 206(d); Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 *et seq.*; National Labor Relations Act, as amended, 29 U.S.C. § 151 *et seq.*; Sarbanes-Oxley Act of 2002, as amended, 18 U.S.C. § 1514A; New York Human Rights Law, N.Y. Exec. Law § 290 *et seq.*; New York City Human Rights Law, N.Y. City Code § 8-107; New York Hours of Labor Law, N.Y. Lab. Law § 160 *et seq.*; New York Wage Payment Law, N.Y. Lab. Law § 190 *et seq.*; New York Minimum Wage Act, N.Y. Lab. Law § 650 *et seq.*; New York Whistleblower Law, N.Y. Lab. Law § 740; New York Discrimination in Child-Care Leave Law, N.Y. Lab. Law § 201-c; New York Off-Duty Conduct Lawful Activities Discrimination Law, N.Y. Lab. Law § 201-d; New York Civil Rights Law, N.Y. Civ. Rights Law §§ 47-a, 48 *et seq.*; New York Enforcement of Judgments Law, N.Y. C.P.L.R. § 5401 *et seq.*; New York Maximum Hours Anti-Retaliation Law, N.Y. Lab. Law § 215 as amended.; New York Military Leave Law, N.Y. Mil. Law. § 317; New York WARN Requirements Law, N.Y. Lab. Law § 860-a *et seq.*, § 598; New York Employee Privacy Protection Law, N.Y. Lab. Law § 203-c.; New York Retaliatory Action by Employers Law (RAEL), N.Y. Lab. Law §§ 740 and 741; New York Nondiscrimination for Legal Actions Law (NLAL), N.Y. Lab. Law § 201-d; New York Equal Pay Law, N.Y. Lab. Law §194; and/or New York Equal Rights Law, N.Y. Civ. Rights §40e;

(b)     Violated public policy or common law including, but not limited to, claims for breach of contract, express or implied; breach of implied covenant of good faith and fair dealing; unjust enrichment; quantum meruit; intentional or tortious interference with contractual or business relations; misrepresentation; fraud; fraudulent inducement; conversion; promissory estoppel; detrimental reliance; wrongful termination; retaliatory discharge; assault; battery; false imprisonment; personal injury; defamation; libel; slander; invasion of privacy; negligence; negligent hiring, retention, or supervision; negligent, reckless, or intentional or unintentional infliction of emotional distress; mental anguish; conspiracy; and/or loss of consortium; or

(c)     Violated Victor's Cafe's or any other Releasees' personnel policies; procedures; or handbooks; any covenant of good faith and fair dealing or any purported contract of employment, express or implied, with Plaintiff; or

(d)     Failed to provide Plaintiff with any benefits pursuant to the terms of any employee benefit plan maintained, administered, sponsored, funded and/or paid, in whole or in part, by Victor's Cafe or any other Releasees; violated the terms of any such employee benefit plan;

breached any fiduciary obligation with respect to such plan; discriminated against Plaintiff for the purpose of preventing Plaintiff from obtaining benefits pursuant to the terms of any such plan; or in any way violated any provision of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.*; and

      (e)    All claims for any compensation, including but not limited to, back wages, front pay, bonuses or awards, commissions, fringe benefits, disability benefits, medical benefits, severance benefits, reinstatement, retroactive seniority, pension benefits, stock options, stock purchase plans, equity or ownership interests, additional contributions to 401(k) plans, or any other form of economic loss, as well as interest, liquidated damages, and punitive damages; and

      (f)    All claims for personal injury, including physical injury, mental anguish, emotional distress, pain and suffering, embarrassment, humiliation, and damage to name or reputation.

3.    **Release Exclusions.** The Release and Waiver of Rights and Claims in Section 2 excludes any claims arising after Plaintiff signs this General Release and any claims this General Release cannot legally waive, such as for unemployment or worker's compensation; any right to COBRA benefits or vested retirement benefits; any existing rights of defense and indemnity or liability insurance coverage; the right to enforce this Agreement; and any rights arising out of the Class Action Settlement Agreement in the Action. Nothing in this Agreement limits Plaintiff's right to file a claim, give information, or participate in an investigation or proceeding with a government agency such as the SEC or OSHA under any law protecting such rights. But Plaintiff does give up, however, the right to recover any money or other personal benefit from Victor's Cafe (not a government agency) for any such claim or litigation, unless prohibited by law.

4.    **Covenant Not to Sue.** Besides waiving and releasing the claims covered by Section 2 above, Plaintiff agrees never to sue Victor's Cafe or any other Releasees or join a lawsuit against any such party, in any forum for any claim encompassed by the release in Section 2 above. Plaintiff may, however, bring a claim to enforce this General Release, and/or to enforce the terms of the Class Action Settlement Agreement in the Action.

5.    **Neutral Reference.** In the event that Plaintiff directs a written request for confirmation of prior employment to Victor's Café, Defendant Victor's Café shall provide a neutral reference, confirming only prior title and dates of employment when responding to third parties. Plaintiff shall direct all such inquiries to Monica Zaldivar, who must be contacted via e-mail at monica@victorscafe.com.

6.    Plaintiff acknowledges that the Service Payment is above and beyond anything that he is otherwise entitled to receive and constitutes sufficient and adequate consideration for the release of any and all claims he may have or claim to have against the Releasees. Plaintiff admits, acknowledges, and concedes that (a) except as provided in this Agreement, neither Victor's Cafe,

nor any other Releasee has any further, other, or outstanding obligation (contractual, statutory or otherwise) to him relating to his employment or the termination of his employment; (b)  is not owed any additional amounts in the form of penalties, liquidated damages, or other sums as a result of or derived from any claims that he has, or may have, asserted against Releasees, other than that he is receiving under his share of the Class and Collective Action Settlement Agreement and Release; and (c), accordingly, Victor's Cafe and the Releasees will owe Plaintiff absolutely nothing else.

7.    **Other Agreements.** Plaintiff also understands and agrees as follows:

(a)    Plaintiff is entering into this General Release, intending to be bound by its terms, knowingly, voluntarily, and with full knowledge of their significance. Plaintiff has not been coerced, threatened, or intimidated into signing this General Release;

(b)    Plaintiff has been advised to consult with a lawyer prior to signing this General Release and agreeing to be bound by its terms;

(c)    Plaintiff has been given a reasonable amount of time to consider this General Release;

(d)    Plaintiff is not otherwise entitled to the consideration described in this General Release;

(e)    Plaintiff has not suffered any on-the-job injury for which Plaintiff has not already filed a workers' compensation claim; and

(f)     This Agreement has been translated in Plaintiff's native language, Spanish, prior to his execution of same.

> **BY MY SIGNATURE BELOW, I AFFIRM AND ACKNOWLEDGE THAT I HAVE READ THE FOREGOING GENERAL RELEASE, THAT I HAVE HAD SUFFICIENT TIME AND OPPORTUNITY TO REVIEW AND DISCUSS IT WITH MY ATTORNEY, THAT I HAVE HAD ANY QUESTIONS ANSWERED TO MY SATISFACTION, THAT I FULLY UNDERSTAND AND APPRECIATE THE MEANING OF ITS TERMS, THAT IT HAS BEEN TRANSLATED INTO SPANISH FOR ME BEFORE I SIGNED, AND THAT I AM VOLUNTARILY SIGNING THE GENERAL RELEASE ON THE DATE INDICATED BELOW, INTENDING TO BE FULLY AND LEGALLY BOUND BY ITS TERMS.**

FOR VICTOR'S CAFE, INC.                    FOR PLAINTIFF

By: _____               By: _____

Print Name: Monica Zaldivar               Print Name: Cesar Palacios

Title: Director of Oper                    Dated: _____

Dated: 10/25/18

(f)     This Agreement has been translated in Plaintiff's native language, Spanish, prior to his execution of same.

**BY MY SIGNATURE BELOW, I AFFIRM AND ACKNOWLEDGE THAT I HAVE READ THE FOREGOING GENERAL RELEASE, THAT I HAVE HAD SUFFICIENT TIME AND OPPORTUNITY TO REVIEW AND DISCUSS IT WITH MY ATTORNEY, THAT I HAVE HAD ANY QUESTIONS ANSWERED TO MY SATISFACTION, THAT I FULLY UNDERSTAND AND APPRECIATE THE MEANING OF ITS TERMS, THAT IT HAS BEEN TRANSLATED INTO SPANISH FOR ME BEFORE I SIGNED, AND THAT I AM VOLUNTARILY SIGNING THE GENERAL RELEASE ON THE DATE INDICATED BELOW, INTENDING TO BE FULLY AND LEGALLY BOUND BY ITS TERMS.**

**FOR VICTOR'S CAFE, INC.**

By: _____

Print Name: _Cesar Palacios_

Title: _____

Dated: _10/25/18_

**FOR PLAINTIFF**

By: _____

Print Name: _Cesar Palacios_

Dated: _10/25/18_

## <u>GENERAL RELEASE OF CLAIMS IN EXCHANGE FOR SERVICE PAYMENT</u>

<u>Juan Manuel Soriano</u>, on behalf of himself and his heirs, representatives, successors, and assigns (collectively, "**Plaintiff**"), and Victor's Café 52nd Street, Inc., and Sonia Zaldivar, and Christian Cardenas ("**Victor's Cafe**") and, together with Plaintiff, (the "**Parties**"), for good and valuable consideration, the receipt of which is hereby acknowledged, and in order to resolve and settle finally, fully, and completely all matters or disputes that now or may exist between them, including the Lawsuit filed by Dionny Espinal on October 14, 2016, in the United States District Court for the Southern District of New York, which was assigned Case No. 16-cv-8057-VEC (the "**Action**"), hereby enters into this General Release of Claims in Exchange for Service Payment ("**General Release**"), agreeing as follows:

1.      **<u>Consideration.</u>** Plaintiff understands and agrees that by signing this General Release and, contingent upon the Court's approval of the Parties' Class and Collective Action Settlement Agreement and Release to which this General Release is incorporated as an exhibit ("**Settlement Agreement**"), Plaintiff will be eligible to receive a Service Payment of $2,500.00, consistent with the provisions of Section 4.1 of the Settlement Agreement.

2.      **<u>Release and Waiver of Rights and Claims.</u>** In exchange for the Service Payment, and to the full extent permitted by law, Plaintiff voluntarily, completely, and irrevocably releases, acquits, and forever discharges Victor's Cafe, including its present and former parent companies, subsidiaries, related or affiliated companies, and their respective shareholders, members, partners, officers, directors, owners, employees, members, managers, fiduciaries, trustees, employee benefit plan administrators, agents, attorneys, insurers, successors, and assigns, and all persons or entities acting by, through, under, or in concert with any of them, and any individual or entity which could be jointly liable with any of them (collectively, the "**Releasees**"), from any and all charges, complaints, actions, causes of action, lawsuits, grievances, controversies, disputes, demands, liabilities, damages (including, but not limited to, actual, compensatory, punitive, and liquidated damages), attorneys' fees, costs, and any other liabilities of any kind, nature, description, or character whatsoever that Plaintiff may have against Victor's Cafe or any other Releasees arising out of Plaintiff's employment with Victor's Cafe, up to and including the date of this General Release, whether known or unknown, suspected or concealed, and whether presently asserted or otherwise, including, but not limited to, all claims that Victor's Cafe and/ or any other Releasees:

          (a)      Retaliated against or discriminated against Plaintiff on the basis of race; age; sex (including sexual harassment); color; national origin; citizenship; ancestry; religion; disability; handicap; sexual orientation; leave status; genetics; medical condition; marital status; parental status; veteran status; source of income; union activity; whistle-blower activity; or on any other basis in violation of any city, local, state, or federal law, statute, ordinance, executive order, regulations, or constitution or otherwise violated any city, local, state, or federal laws, statutes, ordinances, executive orders, regulations, or constitutions, including, but not limited to: Fair Labor Standards Act of 1938,

as amended, 29 U.S.C. § 201 *et seq.*; Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; Civil Rights Act of 1866, 42 U.S.C. § 1981; Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.* including the Older Worker Benefit Protection Act; Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*; Genetic Information Nondiscrimination Act, 29 C.F.R. § 1635; The Rehabilitation Act of 1973 , as amended, 29 U.S.C. § 701 *et seq.*; the Uniformed Services Employment and Reemployment Act of 1994; the Veterans Reemployment Rights Act; The Occupational Safety and Health Act; the Workers Adjustment and Retraining Notification Act; the Consolidated Omnibus Budget Reconciliation Act; the Immigration Control and Reform Act;  Equal Pay Act of 1963, as amended, 29 U.S.C. § 206(d); Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 *et seq.*; National Labor Relations Act, as amended, 29 U.S.C. § 151 *et seq.*; Sarbanes-Oxley Act of 2002, as amended, 18 U.S.C. § 1514A; New York Human Rights Law, N.Y. Exec. Law § 290 *et seq.*; New York City Human Rights Law, N.Y. City Code § 8-107; New York Hours of Labor Law, N.Y. Lab. Law § 160 *et seq.*; New York Wage Payment Law, N.Y. Lab. Law § 190 *et seq.*; New York Minimum Wage Act, N.Y. Lab. Law § 650 *et seq.*; New York Whistleblower Law, N.Y. Lab. Law § 740; New York Discrimination in Child-Care Leave Law, N.Y. Lab. Law § 201-c; New York Off-Duty Conduct Lawful Activities Discrimination Law, N.Y. Lab. Law § 201-d; New York Civil Rights Law, N.Y. Civ. Rights Law §§ 47-a, 48 *et seq.*; New York Enforcement of Judgments Law, N.Y. C.P.L.R. § 5401 *et seq.*; New York Maximum Hours Anti-Retaliation Law, N.Y. Lab. Law § 215 as amended.; New York Military Leave Law, N.Y. Mil. Law. § 317; New York WARN Requirements Law, N.Y. Lab. Law § 860-a *et seq.*, § 598; New York Employee Privacy Protection Law, N.Y. Lab. Law § 203-c.; New York Retaliatory Action by Employers Law (RAEL), N.Y. Lab. Law §§ 740 and 741; New York Nondiscrimination for Legal Actions Law (NLAL), N.Y. Lab. Law § 201-d; New York Equal Pay Law, N.Y. Lab. Law §194; and/or New York Equal Rights Law, N.Y. Civ. Rights §40e;

(b)     Violated public policy or common law including, but not limited to, claims for breach of contract, express or implied; breach of implied covenant of good faith and fair dealing; unjust enrichment; quantum meruit; intentional or tortious interference with contractual or business relations; misrepresentation; fraud; fraudulent inducement; conversion; promissory estoppel; detrimental reliance; wrongful termination; retaliatory discharge; assault; battery; false imprisonment; personal injury; defamation; libel; slander; invasion of privacy; negligence; negligent hiring, retention, or supervision; negligent, reckless, or intentional or unintentional infliction of emotional distress; mental anguish; conspiracy; and/or loss of consortium; or

(c)     Violated Victor's Cafe's or any other Releasees' personnel policies; procedures; or handbooks; any covenant of good faith and fair dealing or any purported contract of employment, express or implied, with Plaintiff; or

(d)     Failed to provide Plaintiff with any benefits pursuant to the terms of any employee benefit plan maintained, administered, sponsored, funded and/or paid, in whole or in part, by Victor's Cafe or any other Releasees; violated the terms of any such employee benefit plan;

breached any fiduciary obligation with respect to such plan; discriminated against Plaintiff for the purpose of preventing Plaintiff from obtaining benefits pursuant to the terms of any such plan; or in any way violated any provision of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.*; and

(e)     All claims for any compensation, including but not limited to, back wages, front pay, bonuses or awards, commissions, fringe benefits, disability benefits, medical benefits, severance benefits, reinstatement, retroactive seniority, pension benefits, stock options, stock purchase plans, equity or ownership interests, additional contributions to 401(k) plans, or any other form of economic loss, as well as interest, liquidated damages, and punitive damages; and

(f)     All claims for personal injury, including physical injury, mental anguish, emotional distress, pain and suffering, embarrassment, humiliation, and damage to name or reputation.

3.     **Release Exclusions.** The Release and Waiver of Rights and Claims in Section 2 excludes any claims arising after Plaintiff signs this General Release and any claims this General Release cannot legally waive, such as for unemployment or worker's compensation; any right to COBRA benefits or vested retirement benefits; any existing rights of defense and indemnity or liability insurance coverage; the right to enforce this Agreement; and any rights arising out of the Class Action Settlement Agreement in the Action.  Nothing in this Agreement limits Plaintiff's right to file a claim, give information, or participate in an investigation or proceeding with a government agency such as the SEC or OSHA under any law protecting such rights. But Plaintiff does give up, however, the right to recover any money or other personal benefit from Victor's Cafe (not a government agency) for any such claim or litigation, unless prohibited by law.

4.     **Covenant Not to Sue.** Besides waiving and releasing the claims covered by Section 2 above, Plaintiff agrees never to sue Victor's Cafe or any other Releasees or join a lawsuit against any such party, in any forum for any claim encompassed by the release in Section 2 above.  Plaintiff may, however, bring a claim to enforce this General Release, and/or to enforce the terms of the Class Action Settlement Agreement in the Action.

5.     **Neutral Reference.**   In the event that Plaintiff directs a written request for confirmation of prior employment to Victor's Café, Defendant Victor's Café shall provide a neutral reference, confirming only prior title and dates of employment when responding to third parties. Plaintiff shall direct all such inquiries to Monica Zaldivar, who must be contacted via e-mail at monica@victorscafe.com.

6.     Plaintiff acknowledges that the Service Payment is above and beyond anything that he is otherwise entitled to receive and constitutes sufficient and adequate consideration for the release of any and all claims he may have or claim to have against the Releasees. Plaintiff admits, acknowledges, and concedes that (a) except as provided in this Agreement, neither Victor's Cafe,

nor any other Releasee has any further, other, or outstanding obligation (contractual, statutory or otherwise) to him relating to his employment or the termination of his employment; (b) is not owed any additional amounts in the form of penalties, liquidated damages, or other sums as a result of or derived from any claims that he has, or may have, asserted against Releasees, other than that he is receiving under his share of the Class and Collective Action Settlement Agreement and Release; and (c), accordingly, Victor's Cafe and the Releasees will owe Plaintiff absolutely nothing else.

7.    **Other Agreements.** Plaintiff also understands and agrees as follows:

(a)    Plaintiff is entering into this General Release, intending to be bound by its terms, knowingly, voluntarily, and with full knowledge of their significance. Plaintiff has not been coerced, threatened, or intimidated into signing this General Release;

(b)    Plaintiff has been advised to consult with a lawyer prior to signing this General Release and agreeing to be bound by its terms;

(c)    Plaintiff has been given a reasonable amount of time to consider this General Release;

(d)    Plaintiff is not otherwise entitled to the consideration described in this General Release;

(e)    Plaintiff has not suffered any on-the-job injury for which Plaintiff has not already filed a workers' compensation claim; and

(f)    This Agreement has been translated in Plaintiff's native language, Spanish, prior to his execution of same.

> **BY MY SIGNATURE BELOW, I AFFIRM AND ACKNOWLEDGE THAT I HAVE READ THE FOREGOING GENERAL RELEASE, THAT I HAVE HAD SUFFICIENT TIME AND OPPORTUNITY TO REVIEW AND DISCUSS IT WITH MY ATTORNEY, THAT I HAVE HAD ANY QUESTIONS ANSWERED TO MY SATISFACTION, THAT I FULLY UNDERSTAND AND APPRECIATE THE MEANING OF ITS TERMS, THAT IT HAS BEEN TRANSLATED INTO SPANISH FOR ME BEFORE I SIGNED, AND THAT I AM VOLUNTARILY SIGNING THE GENERAL RELEASE ON THE DATE INDICATED BELOW, INTENDING TO BE FULLY AND LEGALLY BOUND BY ITS TERMS.**

**FOR VICTOR'S CAFE, INC.**

By: _____

Print Name: _____

Title: _____

Dated: _____

**FOR PLAINTIFF**

By: _____

Print Name: Juan Manuel Soriano

Dated: 10/25/2018

(f)     This Agreement has been translated in Plaintiff's native language, Spanish, prior to his execution of same.

---

**BY MY SIGNATURE BELOW, I AFFIRM AND ACKNOWLEDGE THAT I HAVE READ THE FOREGOING GENERAL RELEASE, THAT I HAVE HAD SUFFICIENT TIME AND OPPORTUNITY TO REVIEW AND DISCUSS IT WITH MY ATTORNEY, THAT I HAVE HAD ANY QUESTIONS ANSWERED TO MY SATISFACTION, THAT I FULLY UNDERSTAND AND APPRECIATE THE MEANING OF ITS TERMS, THAT IT HAS BEEN TRANSLATED INTO SPANISH FOR ME BEFORE I SIGNED, AND THAT I AM VOLUNTARILY SIGNING THE GENERAL RELEASE ON THE DATE INDICATED BELOW, INTENDING TO BE FULLY AND LEGALLY BOUND BY ITS TERMS.**

---

**FOR VICTOR'S CAFE, INC.**

By: _____

Print Name: Monica Zaldivar

Title: Director of Oper.

Dated: 10/25/18

**FOR PLAINTIFF**

By: _____

Print Name: Juan Manuel Soriano

Dated: _____

**GENERAL RELEASE**
**(Exhibit E to Class and Collective Action Settlement Agreement and Release)**
Page 5 of 5